New York State Unified Court System

WebCriminal

## Case Details - Appearances

**CASE INFORMATION**

Court: **Kings Supreme Court - Criminal Term**
Case #: **02539-2011**
Defendant: **Bonaparte, Maxine**

| Date/ Time | Judge/ Part | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 03/24/2020 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | | |
| 01/07/2020 | Shillingford, R 22 | VIOLATION OF PROBATION | Violation of Probation | Marin, M | Adjourned Released on Recognizance |
| 11/12/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Isaacs, S | Adjourned Released on Recognizance |
| 10/15/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Manning, D | Adjourned Released on Recognizance |
| 08/20/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Cardillo, | Adjourned Released on Recognizance |
| 07/23/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Neri, E | Adjourned Released on Recognizance |
| 06/11/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Monaco, V | Adjourned Released on Recognizance |
| 04/09/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Monaco, V | Adjourned Released on Recognizance |
| 03/26/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Lynch, S | Adjourned Released on Recognizance |
| 01/15/2019 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Buccheri, J | Adjourned Released on Recognizance |
| 12/11/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Russo, D | Adjourned Released on Recognizance |
| 11/13/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Russo, M | Adjourned Released on Recognizance |
| 10/16/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Lee, N | Adjourned Released on Recognizance |
| 08/28/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | Violation of Probation | Cassidy, M | Adjourned Released on Recognizance |
| 07/24/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | No Type | Santilli, T | Adjourned Released on Recognizance |
| 04/24/2018 | Goldberg, J 22 | VIOLATION OF PROBATION | No Type | Buccheri, J | Adjourned Released on Recognizance |

New York State Unified Court System

WebCriminal

## Case Details - Charges

**CASE INFORMATION**

Court: **Kings Supreme Court - Criminal Term**
Case #: **02539-2011**
Defendant: **Bonaparte, Maxine**

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 155.40 01 **TOP CHARGE** | **C Felony, 2 counts, Arrest charge, Not an arraignment charge**<br>Description: *Gr Lar 2nd:property Val>$50000*<br>Indictment Count: *5* | Pled Guilty, Probation For 5 Years, Restitution |
| PL 155.40 01 | **C Felony, 2 counts, Arrest charge, Not an arraignment charge**<br>Description: *Gr Lar 2nd:property Val>$50000*<br>Indictment Count: *6* | Pled Guilty, Probation For 5 Years |

New York State Unified Court System

WebCriminal

## Case Details - Summary

**CASE INFORMATION**

Court: **Kings Supreme Court - Criminal Term**
Case #: **02539-2011**
Defendant: **Bonaparte, Maxine**

### Defendant

Name: **Bonaparte, Maxine**
Birth Year: **1960**

### Incident and Arrest

**Incident**
Date: **October 28, 2009**
CJTN: **65028339Q**

**Arrest**
Date & Time: **September 8, 2011 10:30**
Arrest #: **K11686999**

**Officer**
No Officer Information on File

### Attorney Information

**Defense Attorney**
Name: **Salaway, M**
Type: **18B (Assigned)**
Court Date: **October 30, 2014**
Court Part: **32**
Phone: **000 - 000 - 0000**

**Assistant District Attorney**
Name: **Farrell,**
Assigned: **May 2, 2013**

### Next Appearance

Date: **March 24, 2020**
Court: **Kings Supreme Court - Criminal Term**
Judge: **Goldberg, J**
Part: **22**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:
Date Purchased:

-------------------------------------------------------------X

Jason Fellows as administrator of the ESTATE OF TINA FELLOWS,

Plaintiff,

-against-

MAXINE BONAPARTE,

Defendants.

-------------------------------------------------------------X

SUMMONS

Plaintiff designates Nassau County as place of venue

Plaintiff resides in Nassau, New York

To the above-named Defendants:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys a verified answer to the verified complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. Incase of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Farmingdale, New York
June 18, 2022

LAW OFFICES OF CLARKE & FELLOWS P.C.

_____________________________
Jonathan C. Clarke, Esq.
*Attorneys for Plaintiff*
140 Gazza Boulevard
Farmingdale, New York 11735
Tel: 631-532-0221
Facsimile: 631-777-7312

TO: Maxine Bonaparte

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------X
Jason Fellows as administrator of the ESTATE OF
TINA FELLOWS,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

MAXINE BONAPARTE,

Defendant,
---------------------------------------------X

Plaintiff, by their attorneys, Law Offices of Clarke & Fellows P.C., complaining of the Defendant respectfully alleges, upon information and belief:

1. At all times hereinafter mentioned, Plaintiff was a resident of the County of Nassau, State of New York.

2. At all times hereinafter mentioned, Plaintiff was a resident of the County of Yonkers, State of New York.

3. This action concerns the deliberate efforts of Defendant to cheat a sickly Plaintiff of the benefit of her bargain in the sale of the subject property with addresses at 442 Park Hill Ave, Yonkers, New York.

4. On 1/14/2021 Plaintiff and Defendant entered into a written agreement. The agreement was entered into because decedent was too sickly to prepare the property for sale. Pursuant thereto, the terms of the contract were to begin on 1/20/2021 with the completion within six (6) months.

5. As part of the terms of the contract, the Defendant was obligated to keep current with property taxes and sell the subject property by 6/19/2016. The Defendant was allowed to keep any of the sale proceeds over $440,000.

6. After entering into the contract, Plaintiff became gravely ill and Defendant sought to deprive Plaintiff of the benefit of her bargain and caused severe damage to the subject property by not adhering to the obligations in the contract.

7. On 11/18/2016 the decedent was terminally ill and not able to manage the property on her own. The Plaintiff Jason Fellows, son of decedent and decedents brother Hal Skopicki assisted in the management in the property during that period.

8. The Plaintiff Jason Fellows contacted Defendant on 11/18/2016 who refused to comply with requests for updated property status relating to tax compliance, sale of property, and transfer of ownership (Defendant had locks on property that did not allow the Plaintiff to access said property). Defendant had no ownership rights in the property and illegally locked out the rightful owner.

9. On 02/03/2017, the contract Plaintiff passed away.

10. On 04/28/2017 Plaintiff had arranged to meet the Defendant at the subject property with (2) real estate advisors Nicholas Tuccillo and Michael Tuccillo, to review property conditions and status of sale. Upon arrival of the property, trash and overgrown weeds encompassed the exterior of the property. Upon entry to the property, it was noted that the interior of the property was completely gutted down to the studs. All interior framing, drywall, doors, kitchen tile, kitchen cabinet, kitchen sink, bathroom tub and accessories, toilets, hot water heater, most plumbing piping, were completely removed from the property. The property as seen was completely uninhabitable. The Defendant stated that everything was removed from the property to allow for renovation of the property although at this point the Plaintiff was in breach of the agreement by nearly ten (10) months.

11. Upon further investigation, the neighbors of subject property stated that they saw the

Defendant arrive at the property with another individual on multiple occasions in a U-Haul box truck removing various items from the subject property.

12. On 05/03/2017, due to property conditions Plaintiff had the property appraised at a value of $282,000.00, which is significantly less than what it has been appraised at in years prior where the property was assessed over $450,000.

13. The Defendant also failed to comply with keeping property taxes in good standing as agreed upon costing the Plaintiff over $8,000.00 in interest damages as well as over $32,000.00 in past due property taxes.

FIRST CLAIM FOR RELIEF
(Breach of Contract)

14. Plaintiff repeats and realleges all proceeding paragraphs as if full set forth herein.

15. The Contract was a valid and blinding agreement between the decedent and the Defendant.

16. Plaintiff performed by allowing the Defendant access to the property so the Defendant could prepare the property for sale.

17. As alleged hereinabove, the Defendant did not abide by the term of the contract through material breaches.

18. Due to the material breaches, the Plaintiff incurred significant costs and losses.

19. As a result of the material breaches, Plaintiff was damaged in a sum that exceeds the jurisdictional limits of all lower courts.

SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

20. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

21. The Defendant was enriched at the expense of the Plaintiff.

22. That the Defendant was enriched and it would be against equity and good conscience to permit them to retain what is sought to be recovered.

23. As a result of being unjustly enriched, Plaintiff was damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

THIRD CLAIM FOR RELIEF
(Fraud)

24. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

25. Defendant materially misrepresented that she would prepare the property for sale and pay taxes.

26. The Defendant had no intention of selling the property but intended to steal the fixtures and other attachments to the property to enrich herself:

27. The Defendant had the intent to defraud Plaintiff of property rights and the the fixtures and attachment to the property.

28. The Plaintiff relied on the Defendant selling the property and paying the property taxes but Defendant took the opportunity to access the property to commit theft of the fixtures and other attachments to the property.

29. As a result of the aforementioned, the property sold for significantly less and the property taxes accrued.

30. By reason of the facts and circumstances stated above, Plaintiff has been damaged in the sum of $300,000.

Dated: Farmingdale, New York
June 18, 2022

LAW OFFICES OF CLARKE & FELLOWS P.C.

Jonathan C. Clarke, Esq.
*Attorneys for Plaintiff*
140 Gazza Boulevard
Farmingdale, New York 11735
Tel: 631-532-0221
Facsimile: 631-777-7312

# VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

I, the undersigned being duly sworn deposes and says:

I am the Plaintiff in the within action. I have read the foregoing Summons and Complaint and agree with the contents thereof. The content is true to my own knowledge as to those matters I believe them to be true.

Jason Fellows

Sworn to before me this
18th day of June 2022

Notary Public

ANNETTE PENNELL
Notary Public - State of New York
No. 01PE6146293
Qualified in Suffolk County
My Commission Expires May 15, 20 26