# DAHIYA LAW OFFICES LLC

*Attorneys*

75 Maiden Lane Suite 606
New York, New York 10038
Tel: 212-766 8000
karam@dahiya.law

March 23, 2023

To,
Hon. Judge J. Mazer-Marino
United States Bankruptcy Court
Eastern District of New York
271 C Cadman Plaza East
Brooklyn, New York 11201

> ***Stephens v. Bonaparte et al***
> **case 22-01037 [Mr. Mester's Motion to Dismiss section 487 claim]**

Dear Judge Mazer-Marino:

I am the counsel for Ms. Evis Neverlane Stephens, plaintiff-debtor in the aforesaid proceeding. To the plaintiff's commenced action, defendant Charles Mester had moved to dismiss the case against him including the claim under New York NY Judiciary Law § 487. In his moving papers regarding count [Sixth Cause of Action of Amended Complaint] related to section 487 liability, he had claimed that he did not represent the plaintiff in the Queens County Supreme Court foreclosure proceedings, challenging the application of section 487 to the alleged misconduct as briefed in the complaint. Mr. Mester statement was false.

On March 23, 2023, the undersigned received some files sent by Mr. Mester. In his email to the plaintiff's home foreclosing attorneys, Mr. Mester made the following statement:

> "I am the attorney for defendant Evis Stephens in the above
> referenced foreclosure action (see attached Notice of Pendency)."

**Ex. A.** Yes, he had not filed any formal notice of appearance in the state court, yet he was in fact representing the debtor regarding the foreclosure action pending in the court. He was short-selling the plaintiff's home to satisfy the mortgagee foreclosure claim—satisfaction of the mortgage

1

amount. The email and the bank's letter response are a clear indicator as to the relationship and representation.  Your Honor, the law is clear,

> The act of deceit need not occur during a *physical appearance in court*; the statute applies to any oral or written statement related to a proceeding and communicated to a court *or party* with the intent to deceive. *Id.* at 544, 1 Misc.2d at 681, 147 N.Y.S.2d 542.

*Amalfitano v. Rosenberg,* 533 F.3d 117, 123 (2d Cir.), *certified question accepted,* 11 N.Y.3d 728, 894 N.E.2d 643 (2008), and *certified question answered,* 12 N.Y.3d 8, 903 N.E.2d 265 (2009). Further, Your Honor, I request the Court to treat this letter motion as a supplemental objection to Mr. Mester's motion to dismiss the case/the claim under section 487 of NY Judiciary Law. *MacNeil v. Whittemore,* 254 F.2d 820 (2d Cir. 1958)(permitting application of Rule 15 allowance of amendment of pleadings to motions etc.). If motion to amend motions could be permitted, *Caceres v. Scottsdale Ins. Co.,* No. 19-CV-24163, 2020 WL 977840, at *2 (S.D. Fla. Feb. 28, 2020), *a fortiori*, a response to the motion could be amended.

*/s/karamvirdahiya*
Karamvir Dahiya for Ms. Evis Stephens

| | |
|---|---|
| **From:** | orangeblue456@aol.com |
| **Sent:** | Thursday, March 21, 2019 11:24 PM |
| **To:** | Charles Mester |
| **Subject:** | Re: Borrower: Evis Stephens; mechanic lien |
| **Attachments:** | scan1319.pdf |

attach the signed mechanic lien

-----Original Message-----
From: Charles Mester <cmester@ltattorneys.com>
To: nydiscontinuance@mwc-law.com <nydiscontinuance@mwc-law.com>
Sent: Thu, Mar 21, 2019 3:29 pm
Subject: Borrower: Evis Stephens; Deutsche Bank v. Stephens, Supreme - Queens, Index No. 704762/2015

Dear Martha Taggart:

I am the attorney for defendant Evis Stephens in the above referenced foreclosure action (see attached Notice of Pendency). Ms. Stephens has been approved for a discounted payoff through Ocwen (see attached) and a closing is scheduled for tomorrow afternoon or this upcoming Monday morning. The title company requires a letter from your firm, as the attorney for the lender/Plaintiff, undertaking to cancel the action and the Notice of Pendency and vacate the judgment of foreclosure upon receipt of the payoff funds. Please email to me by tomorrow morning. Thank you for your assistance..

**Charles L. Mester, Esq.**
**Senior Counsel**
WENIG SALTIEL LLP
26 Court Street - Suite 1200
Brooklyn, NY 11242
718-797-5700 Ext. 172
718-522-0356 Fax
917-608-6462 Cell
E-mail: CMester@LTAttorneys.com
Website: www.LTAttorneys.com

New Jersey Office:
33 Wood Avenue South - Suite 600
Iselin, New Jersey 08830
732-777-9580
732-777-9589 Fax

LAW OFFICES
# McCABE, WEISBERG & CONWAY, LLC

SUITE 210
145 HUGUENOT STREET
NEW ROCHELLE, NY 10801
(914)-636-8900
GENERAL FAX (914) 636-8901
MEDIATION ONLY FAX (855) 427-1278

Melissa A. Sposato, NY Managing Attorney
NY ID 4098323

SUITE 2S09
1 HUNTINGTON QUADRANGLE
MELVILLE, NY 11747
(631) 812-4084
FAX: (855) 845-2584

March 21, 2019

Charles L. Mester, Esq.
Senior Counsel
WENIG SALTIEL LLP
26 Court Street - Suite 1200
Brooklyn, NY 11242
718-797-5700 Ext. 172
718-522-0356 Fax
917-608-6462 Cell
E-mail: CMester@LTAttorneys.com

RE:     **Borrower:**     **Evis Stephens**
          **Index No.:**     **704762/2015**
          **Premises:**     **12706 177th Street, Jamaica, New York 11434 ( Queens County)**

To Whom It May Concern:

Upon confirmation of receipt of satisfactory funds from our client, in accordance with the APPROVED SHORT SALE AGREEMENT, our office will prepare the requisite consent(s) to discontinue the action, cancel the notice of pendency and vacate the judgment of foreclosure (if necessary).

If your remittance represents payoff funds, please note that our client will issue a discharge in accordance with applicable law.

The law firm of McCabe, Weisberg & Conway, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will used for that purpose.

Should you have any further questions or revisions needed, please feel free to call (631)812-4084.

Very truly yours,

Gillian Brown, Esq.