**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X   Case No. 21-42857-206
**In re:**
**Evis Neverlane Stephens,**
              **Debtor.**
                                                    **Chapter 13**
-------------------------------------------------------X
**Evis Neverlane Stephens,**

              **Plaintiff,**   **Adversary Proceeding No. 22-01037**
**v.**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc.,**
**Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

              **Defendants.**
-------------------------------------------------------X

**Plaintiff Request to file Surresponse to the Wilminton Savings Fund Society (WSF) and Verus Securitization Trust 2020-NPL1(Verus) or Continuation pursuant to Rule 56(f) and an opportunity to Amend the Complaint**

Evis Neverlane Stephens, through the undersigned respectfully submit this Note regarding the Reply filed by WSF and Verus and requesting the Court to consider the following relief:

   1. *Your Honor,* WSF and Verus in their filed Memorandum of Reply in support of their Reply, the Defendants raised several issues for the first time, relying on issues of facts and law raised first time. We seek an opportunity to file our Surresponse. The general principle is that supplemental filings require leave of the court. See *Guadagni v. N.Y.C. Transit Auth.,* 387 F. App'x 124, 126 (2d Cir. 2010) ("[T]here is no evidence that [the plaintiff] moved the district court for

leave to file a sur-reply."); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (finding that the plaintiff could have "sought to file a responsive sur-reply" in district court). The courts have discretion to decide whether to strike or permit a litigant's sur-reply. See *Endo Pharm. Inc.,* 2016 WL 1732751, at *9 ("It is beyond dispute that the decision to permit a litigant to submit a [sur-reply] is a matter left to the court's discretion" (citing *Kapiti v. Kelly,* No. 07-CV-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008)));

2. *Second,* we have requested continuation of discovery, rather the necessity of discovery. from movants, for they alone control facts and documents, especially regarding meeting or complying with rule 9(b) requirement of particularity. Please treat our request in the objection as a motion pursuant to Rule 56(f). We had our first Rule 26(f) informal telephonic meeting and reached a broad conclusion regarding discovery cut-off dates. I have not even received the initial disclosures from the parties. We have not had any opportunity of discovery from the Defendants. See *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 301-07 (2d Cir.2003) (holding that grant of defendants' summary judgment motion was "premature" where district court denied Rule 56(f) relief and did not afford plaintiff "any opportunity" to conduct discovery to oppose defendants' motion). Cf. *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511-12 (2d Cir.1989) (affirming denial of request under Rule 56(f) for further discovery where "appellants had ample time to conduct discovery").

3. *Third,* if the Court feels that an amendment to the Complaint is necessary, I would like this opportunity to request the Court to permit amendment to the Complaint. For the moving Defendants, it is a first complaint. Under the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend...." *Gurary v. Winehouse,* 235

F.3d 792, 801 (2d Cir. 2000). A motion to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Here, the Court is aware that plaintiff Ms. Stephens had brain stroke and not all the papers were given to her, she is a victim of fraud. And now to expect her to challenge the banks, who have not shared a single document, would be a travesty of justice. Wherefore, if the Court feels that the complaint is wanting, we will like to amend it. Or,

4. Lastly, the Court could just grant continuation of hearing on these motions until the closure of the discovery, which has not even begun.

Wherefore, I respectfully request the Court to consider my foregoing response and requests in interest of justice.

Dated: New York New York
        April 17, 2023

*/s/karamvirdahiya*
Karamvir Dahiya for the Plaintiff
Dahiya Law Offices, LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000