UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>EVIS NEVERLANE STEPHENS,<br><br>Debtor. | 21-42857-jmm<br><br>Chapter 13 |
| EVIS NEVERLANE STEPHENS,<br><br>Plaintiff,<br>v.<br><br>MAXINE BONAPARTE,<br>LEZANTONIO WOODBURN,<br>12706 HOLDINGS, INC.,<br>CHARLES L. MESTER, ESQ.<br>PLANET MANAGEMENT GROUP, LLC,<br>PLANET HOME LENDING, LLC d/b/a<br>PLANET HOME SERVICING,<br>WILMINGTON SAVINGS FUND SOCIETY, FSB (WSF),<br>VERUS SECURITIZATION TRUST 2020-NPL1<br><br>Defendants. | Adversary Proceeding No. 22-01037(jmm)<br><br>PRETRIAL SCHEDULING ORDER |

**THIS ADVERSARY PROCEEDING** having come before the Court for a conference among the parties on April 18, 2023; and the parties to this Adversary Proceeding having held their conference pursuant to Fed. R. Civ. P. 26(f) on April 11, 2023; and the parties having submitted their Fed. R. Civ. P. 26(f) Report to the Court on April 24, 2023; and for good cause:

IT IS, hereby ORDERED pursuant to Fed. R. Civ. P. 16(b)(1)(A) and (B):

## INITIAL DISCLOSURES

Defendants shall serve their respective initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within **fourteen (14) days** after the entry of this Order.

# DEADLINES FOR DISCOVERY

1. <u>Fact Discovery</u>: Fact discovery shall remain open for nine months beginning April 18, 2023, through **January 18, 2024** (the "Fact Discovery Deadline").

2. <u>Written Discovery</u>: Requests for production of documents, interrogatories, and requests for admission shall be served within **thirty (30) days** after the mediator, appointed in accordance with the Court's Order Assigning Matter to Mediation [ECF No. 65], files a report on the disposition of the mediation, in accordance with the same, on the docket of this Adversary Proceeding. Discovery requests shall be served so that the party's time to respond (as determined by the Fed. R. Civ. P.) is by the Fact Discovery Deadline.

3. <u>Medical Authorizations / Releases</u>: The Debtor shall provide properly executed medical authorizations and releases within **forty-five (45) days** after the Court's disposition of the pending motions to dismiss, which are filed on the docket of this Adversary Proceeding at ECF Nos. 48, 51.

4. <u>Depositions</u>: Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 18, 2024**. Consistent with Fed. R. Civ. P. 32(d)(3)(A), no objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. No instruction not to answer shall be given unless a privilege is implicated.

5. <u>Expert Witness Reports and Depositions</u>: With the exception of Debtor's claims for emotional distress, the parties shall complete expert discovery, if necessary, by **May 6, 2024**. Debtor shall serve expert report(s), if any, by **February 19, 2024**. Defendants shall serve respective and/or collective expert report(s), if any, by **March 20, 2024**. Depositions of the parties' expert witnesses, if any, shall be completed by **May 6, 2024**. Any such expert report is to be in the form and provide the content required by Fed. R. Civ. P. 26(a)(2)(B).

Respecting Debtor's claims of emotional, psychological, psychiatric, and physical harm, if Debtor serves an expert report of an expert opining on Debtor's emotional distress claims, then Defendants shall have the right (but not the obligation) to recall and conduct further depositions of witnesses.

No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his or her report.

6. <u>Discovery Disputes</u>: Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. *See* L. Bank. R. 7007-1, 7026-2(a). If such effort fails to resolve the dispute, then the dispute shall be brought to the Court's attention via a letter that is electronically filed and emailed to Chambers at jmm_hearings@nyeb.uscourts.gov. The letter shall set forth: (a) the specific discovery requested; (b) the response; (c) the efforts to resolve the dispute; and (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient, including citations to appropriate law. With **two (2) business days** of the letter being filed, the responding party shall respond via a letter that is electronically filed and emailed to Chambers at

jmm_hearings@nyeb.uscourts.gov. The response letter shall set forth why the responding party believes the response is sufficient, including all citations to appropriate law. No further submissions regarding the dispute may be submitted without leave of Court. Thereafter, the Court may, in its discretion, schedule a conference to resolve the dispute.

Failure by any party to meet and confer in good faith, use best efforts to timely resolve a discovery dispute, or to comply with the procedures set forth above for resolving discovery disputes, may result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

Pursuant to L. Bank. R. 7007-1, no discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in the preceding paragraphs without prior leave of Court.

## MOTIONS

7. <u>Summary Judgment Motions Generally</u>: Pursuant to L. Bank. R. 7056-1, motions for summary judgment shall not be filed prior to a pre-motion conference. Discovery must be completed before a party files a motion for summary judgment. Parties shall not be required to respond to a motion for summary judgment filed by a party that does not comply with this paragraph. The Court will not hear or determine a motion for summary judgment absent compliance with this paragraph. Requests for a pre-motion conference shall be made within **sixty (60) days** after the close of expert discovery.

8. <u>Judgment on the Pleadings</u>: Pursuant to Fed. R. Civ. P. 12(c), motions for judgment on the pleadings shall be made no later than **sixty (60) days** after the date all defendants (who have not been dismissed from the action or defaulted) have answered.

## EXTENSIONS OF DEADLINES

9. Deadlines in this order may not be extended without further Court order. Any party may seek an extension of any deadline by electronically filing a letter on the docket of this Adversary Proceeding and emailing a copy of the letter to jmm_hearings@nyeb.uscourts.gov. The Court may, in its discretion, schedule a conference to consider the request.

## FUTURE CONFERENCES

10.   <u>Future Conferences</u>:  There shall be a status conference before the Court on **June 29, 2023, at 11:30A.M.**  The conference shall be conducted telephonically or by videoconference. Parties shall consult the Court's website **three (3) days** prior to the conference for instructions regarding telephonic or virtual appearances.

The Court may, from time to time, schedule conferences as may be required either *sua sponte* or at the request of a party.

Dated: May 5, 2023
  Brooklyn, New York



_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**