UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                          :
                                                :    Case No.: 1-21-42857-jmm
Evis Neverlane Stephens,                        :
                                                :    Chapter 13
                Debtor.                         :
-------------------------------------------------------X
Evis Neverlane Stephens,                        :
                                                :
                Plaintiff,                      :    Adv. Proc. No.: 1-22-01037-jmm
                                                :
        -against-                               :
                                                :
Maxine Bonaparte,                               :
Lezantonio Woodburn,                            :
12706 Holdings Inc.,                            :
Charles L Mester, Esq.,                         :
Planet Management Group, LLC,                   :
Planet Home Lending LLC dba Planet              :
Home Servicing,                                 :
Wilmington Savings Fund Society, FSB            :
(WSF) &                                         :
Verus Securitization Trust 2020-NPL1,           :
                                                :
                Defendants.                     :
-------------------------------------------------------X

## STIPULATION AND MEDIATION ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept_____to provide mediation

services to them (the "Mediators").

3. The Mediation shall be non-binding.

4. The Mediators shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediators may meet in private conference with less than all of the parties.

8. Information obtained by the Mediators, either in written or oral form, shall be confidential and shall not be revealed by the Mediators unless and until the party who provided that information agrees to its disclosure.

9. The Mediators shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to them by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediators and their agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediators as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediators may have about the parties in the Mediation; (ii) shall not subpoena any notes,

documents or other material prepared by the Mediators in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediators.

13. The Mediators' compensation shall be on such terms as are satisfactory to the Mediators and the parties and, subject to Court order, shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediators' compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated:_____, 2023

_____          _____
Attorney for:                                                    Attorney for:
Address:                                                           Address

_____          _____
Party:                                                                Party:
Address:                                                           Address:

_____          _____
Attorney for:                                                    Mediator:
Address:

_____
Mediator:

**SO ORDERED:**