UNITED STATES BANKRUPTY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x     Chapter 13

In Re:

EVIS NEVERLANE STEPHENS                                    Case No. 21-42857 (JMM)

                               Debtor
----------------------------------------------------------------------x

EVIS NEVERLANE STEPHENS,                                   Adv. Case No. 22-01037 (JMM)

                               Plaintiff,

          -against-

MAXINE BONAPARTE, LEZANTONIO WOODBURN,
12706 HOLDINGS INC., CHARLES L. MESTER, ESQ.,
PLANET MANAGEMENT GROUP, LLC,
PLANET HOME LENDING LLC dba PLANET HOME
SERVICING, WILMINGTON SAVING FUND SOCIETY,
FSB (WSF) and VERUS SECURITIZATION TRUST
2020-NPL1,

                               Defendants
----------------------------------------------------------------------x

## STIPULATION AND MEDIATION ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned parties:

1.      The parties shall participate in mediation, whereby two neutral and impartial persons will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2.      The parties jointly accept Sean Southard and Carlos Cuevas (each a "Mediator" and collectively, the "Mediators") to provide mediation services to them.

3.      The Mediation shall be non-binding.

4.      The Mediators shall not have authority to render a decision that shall bind the parties.

5.      The parties are not obligated to agree to any proposals which are made during the Mediation.

6.      No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7.   The Mediators may meet in private conference with less than all of the parties.

8.   Information obtained by the Mediators, either in written or oral form, shall be confidential and shall not be revealed by the Mediators unless and until the party who provided that information agrees to its disclosure.

9.   The Mediators shall not, without the prior written consent of each affected party, disclose to the Court any matters which are disclosed to him or her by any such party or any matters which otherwise relate to the Mediation.

10.  The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11.  The Mediators and their agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12.  The parties (i) shall not call or subpoena the Mediators as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediators may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediators in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediators.

13.  As a courtesy to the parties and the Court, each Mediator shall be compensated at a reduced hourly rate of $500 per hour.  Each of the nine (9) parties to the Mediation shall pay equal shares of the Mediators' compensation.  Each Mediator will issue a single invoice to all parties for services rendered through July 24, 2023.  Each Mediator shall receive advance retainer funds from the parties in the aggregate amount of $5,000 on or before July 14, 2023.  Each party to the Mediation therefore owes $555.56 to each Mediator in the form of an advance retainer.

14.  An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

15.     The parties agree to begin an in-person Mediation at 10 a.m. on July 24, 2023 at the U.S. Bankruptcy Court for the Eastern District of New York (Brooklyn) and to provide mediation statements to the Mediators and the other parties no later than July 9, 2023.  Counsel to each party and/or pro-se litigants further agree to attend a virtual pre-mediation conference to be hosted by the Mediators on July 10, 2023 at 10 a.m.  Parties may submit confidential information to the Mediators at or before the Mediation provided that the same should be clearly designated as confidential.

| | |
|---|---|
| Dated: _6/30/2023<br>/s/karamvirdahiya | Dated: June 30, 2023<br>/s/Ryan P. Mulvaney |
| Attorney for: Evis Neverlane Stephens<br>Address: Karamvir Dahiya, 75 Maiden Lane Suite 606 NY NY 10038 Tel: 212 766 8000<br>Karam@kahiya.law | Attorney for: Defendants Planet Management Group LLC and Planet Home Lending d/b/a Planet Home Servicing<br>Address:669 River Drive, Suite 201, Elmwood Park, New Jersey 07102<br>Telephone: (201) 857-6777<br>Email: Ryan.Mulvaney@stevcenslee.com |
| Dated: June 30, 2023<br>/s/Charles L. Mester | Dated: July 3, 2023<br>/s/ Edward Rugino |
| Attorney for: Charles L. Mester, Esq.<br>Address: 321 Broadway, 2nd Floor<br>New York, NY 10007 | Attorney for: Wilmington Saving Fund Society, FSB (WSF) and Verus Securitization Trust 2020-NPL1<br>Address:6851 Jericho Tpke, Suite 185<br>Syosset, NY 11791; (516) 938-3100;<br>Edward.Rugino@roachlin.com |
| Dated: June 30, 2023<br><br>/s/Charles Wertman | Dated: June 29, 2023<br><br>/s/Carlos J. Cuevas |
| Charles Wertman, Esq.<br>Attorney for: Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.<br>Address: Law Offices of Charles Wertman, P.C.<br>100 Merrick Road, Suite 304W<br>Rockville Centre, New York 11570<br>(516) 284-0900<br>**charles@wertmanlaw.com** | CARLOS J. CUEVAS, ESQ., as Mediator<br>1250 Central Park Avenue<br>Yonkers, NY 10704<br>Tel  914-964-7060<br>E-mail: CCuevas576@aol.com |

Dated: June 29, 2023

_/s/Sean C. Southard_____

Sean C. Southard, as Mediator

Klestadt Winters Jureller Southard & Stevens, LLP

One Old Country Road, Suite 237
Carle Place, NY 11514
Tel: (212) 679-5320
E-Mail: ssouthard@klestadt.com

**SO ORDERED:**

Dated: July 6, 2023

      Brooklyn, New York



Jil Mazer-Marino
United States Bankruptcy Judge