# DAHIYA LAW OFFICES LLC

*Attorneys*
75 Maiden Lane Suite 606
New York, New York 10038
Tel: 212-766 8000
karam@dahiya.law

*VIA ECF*                                                        February 8, 2024
Hon. Judge Jil Mazer-Marino
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re: *Stephens v Bonaparte* et al, Adv. No. 1-22-01037-jmm

Dear Judge Mazer-Marino

Rule 16(b) of the Federal Rules of Civil Procedure provides that "the district judge, or a magistrate judge when authorized by district court rule, shall[ ] ... enter a scheduling order that limits the time ... to complete discovery." FRCP 16(b)(3). Pursuant to FRBP 7026, Rule 16 FRCP applies in adversary proceedings. Such scheduling orders "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." FRCP 16(b).

On May 5, 2023, the Court entered the Rule 16 order and provided a discovery cut off date i.e. January 18, 2024. No discovery request was made or sought by Mr. Charles Mester or Mr. Charles Wertman before the said date. Even initial Rule 26 discovery had its problems.

In the last conference on January 11, 2024 the Court was gravely concerned about lack of discovery and expressed displeasure to the parties for not having complied with the discovery order. Your Honor very kindly allowed a final leeway and directed that all parties to furnish discovery request within two weeks, i.e. January 25, 2024. January 25, 2024, was second opportunity with a second deadline. Everyone complied barring Mr. Wertman and Mr. Chester.

On February 6, 2024, Mr. Mester sends an email to the undersigned,

On 2/6/2024 4:28 PM, Charles Mester wrote:

*Folks: See attached Mester discovery demands to Plaintiff.*

CHARLES L. MESTER, ESQ.

The undersigned responded,

On Feb 6, 2024, at 6:53 PM, Karamvir Dahiya <karam@dahiya.law> wrote:

*Charles, respectfully your discovery demands are rejected. They are not timely, pursuant to the Court order.*

Mr. Mester replied:

> *Mr. Dahiya: Stop playing games. I am getting discovery from your client. The court will get a letter tomorrow if you maintain this position.*
> CHARLES L. MESTER, ESQ.

Similar exchange with Mr. Wertman, who also emailed his discovery request on February 6, 2024.

Your Honor, dealing with Mr. Wertman and Mr. Mester has not been easy. Lack of compliance with the cutoff date is decisive. *Ghawanmeh v. Islamic Saudi Academy,* 274 F.R.D. 329, 333 (D.D.C. 2011) (court struck request for production of documents served after discovery cut-off date). Here it is the second time that the cutoff date was not complied with. It is also sanctionable. *Lutwin v. New York,* 106 F.R.D. 502 (S.D.N.Y. 1985), aff'd mem., 795 F.2d 1004 (2d Cir. 1986) (failure to file answer pursuant to scheduling order); *Machleder v. Diaz,* 538 F. Supp. 1364 (S.D.N.Y. 1982) (failure to exchange exhibits in accordance with pretrial order).

Wherefore it is respectfully requested that the Court deny discovery request of both Mr. Wertman and Mr. Mester.

Respectfully,

Yours sincerely,

/s/karamvirdahiya
Karamvir Dahiya