**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

Evis Neverlane Stephens,

     Debtor.

Evis Neverlane Stephens,

     Plaintiff,

v.

Maxine Bonaparte,
Lezantonio Woodburn,
12706 Holdings Inc.,
Charles L Mester, Esq.,
Planet Management Group, LLC,
Planet Home Lending LLC dba Planet Home Servicing,
Wilmington Savings Fund Society, FSB (WSF),
Verus Securitization Trust 2020-NPL1,

     Defendants.

Case No.: 21-42857-JMM

Chapter 13

Adversary Proceeding No.
22-01037-JMM

**ANSWER**
**TO REVISED SECOND**
**AMENDED COMPLAINT**
**with CROSS-CLAIM AND**
**COUNTERCLAIM**

Defendants Wilmington Savings Fund Society, FSB (WSF) (**Wilmington**) and Verus

Securitization Trust 2020-NPL1[1], by their attorneys, Akerman LLP, in answer to plaintiff's

Revised Second Amended Complaint (**SAC**) dated February 22, 2024, which was filed on

February 22, 2024 (ECF Doc. No. 93) hereby alleges:

     1.     Admits the allegations set forth in paragraphs 11, 12, 86, 193 of plaintiff's SAC.

     2.     Denies the allegations set forth in paragraphs 18, 88, 89, 195, 215, 216, 217, 218,

229, 230, of plaintiff's SAC.

---

[1] Wilmington defendants respectfully submit they are improperly named as two separate entities, particularly in light of the Court's order dated January 5, 2024, which held that the only viable claims against Wilmington or Verus concern the validity of the mortgage dated March 27, 2019. However, the mortgagee of record is neither Wilmington in its individual capacity nor Verus, but "Wilmington Savings Fund Society, FSB not its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1." That single entity is the appropriate defendant to this action and any reference to Wilmington herein shall be deemed to be a reference to Wilmington Savings Fund Society, FSB not its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraphs 4, 5, 6, 7, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 61, 62, 63, 65, 66, 67, 72, 73, 75, 78, 79, 80, 83, 123, 171, 173, 175, 176, 177, 182, 184, 186, 187, 188, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 206, 207, 208, 211, 212, 216, 220, 222, 223, 224, 225, 226, 227, 231, and 232 of plaintiff's SAC.

4.      With respect to the allegations set forth in paragraph 1 of plaintiff's SAC, admits that the parcel of real property which is the subject of this action is a single two family house located at 127-06 177th Street, Jamaica NY 11434 (hereinafter referred to as the "subject premises"), more particularly described as Lot 0093; Block 12527 as per map recorded in book of/in the Office of the County Clerk of Queens County and denies that said parcel of real property is plaintiff's "home."

5.      With respect to for the allegations set forth in the Brief Introduction and paragraphs 2 and 3 of plaintiff's SAC, as said paragraphs contain only legal conclusions, no response is required.

6.      With respect to the allegations set forth in paragraph 8 of plaintiff's SAC, admit that defendant Charles L Mester is an attorney licensed to practice law in the State of New York and denies knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

7.      With respect to the allegations set forth in paragraph 9 of plaintiff's SAC, admit that defendant Planet Management Group, LLC is a New York based company and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

8.      With respect to the allegations set forth in paragraph 13 of plaintiff's SAC, deny that answering defendants were part of the alleged "Planet Enterprise" or any "enterprise" with any of the defendants herein.

9.      With respect to the allegations set forth in paragraph 17 of plaintiff's SAC, deny that answering defendants engaged in conduct that violated any Federal laws, including mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, the Currency and Foreign Transactions Reporting Act (31 U.S.C. § 5313), the interstate transportation of persons and of property obtained by fraud (18 U.S.C. § 2314) and the Hobbs act extortion (18 U.S.C. §1951) and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

10.     With respect to the allegations set forth in paragraph 42 of plaintiff's SAC, admit that Ms. Stephens sought bankruptcy protection in November 2021 and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

11.     With respect to the allegations set forth in paragraph 46 of plaintiff's SAC, admit that some exhibits were attached to the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

12.     With respect to the allegations set forth in paragraph 52 of plaintiff's SAC, deny that answering defendants aided and abetted the alleged loan modification or funding the transfer of the subject premises from the Debtor to 12706 Holdings Inc. and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

13.     With respect to the allegations set forth in paragraph 58 of plaintiff's SAC, admit that defendant 12706 Holdings Inc. filed a Proof of Claim in the amount of $55,000 in the

bankruptcy proceeding on April 14, 2022 and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

14.     With respect to the allegations set forth in paragraph 59 of plaintiff's SAC, admit that defendant 12706 Holdings Inc. filed a motion with this Court seeking the vacatur of the automatic stay with prejudice, which included a contract of sale and a "HUD Statement" as exhibits, and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

15.     With respect to the allegations set forth in paragraph 60 of plaintiff's SAC, admit that an Affidavit of Arm's Length Transactions was filed with the motion and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

16.     With respect to the allegations set forth in paragraph 68 of plaintiff's SAC, deny that plaintiff's intent that service of the summons and complaint in this action serves as a notice of cancellation of the "subject grant deed."

17.     With respect to the allegations set forth in paragraph 69 of plaintiff's SAC, admit that "Plaintiff now seeks to cancel the subject grant deed" but deny that the cancelation of the "subject grant deed" is warranted in this action and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

18.     With respect to the allegations set forth in paragraph 74 of plaintiff's SAC, deny that answering defendants are "equity purchaser[s]" or the "representative[s]" of an "equity purchaser" within the meaning of Section 265-a and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

19.     With respect to the allegations set forth in paragraph 76 of plaintiff's SAC, deny that answering defendants are/were Holdings representatives, the transaction related to the Real Property was facilitated by answering defendants, answering defendants are liable for any damages regarding 12907 Holdings Inc.'s acquisition of the subject premises pursuant to section 265-a and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

20.     With respect to the allegations set forth in paragraph 77 of plaintiff's SAC, deny that answering defendants took unconscionable advantage of plaintiff in violation of section 265-a and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

21.     With respect to the allegations set forth in paragraph 81 of plaintiff's SAC, deny that answering defendants were equity purchasers or violated of section 265-a and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

22.     With respect to the allegations set forth in paragraph 82 of plaintiff's SAC, deny that answering defendants were equity purchasers or that equity purchase contract, if one exists, should be declared void *ab initio* and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

23.     With respect to the allegations set forth in paragraph 84 of plaintiff's SAC, deny that the conduct of answering defendants was and continues to be willful, malicious, oppressive and constitutes an intentional scheme to defraud plaintiff with the intention of depriving her of her home and legal rights and further deny Defendants' actions constitute despicable conduct in conscious disregard of plaintiff's rights or that an award of punitive damages from answering

defendants is justified and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

24.     With respect to the allegations set forth in paragraph 87 of plaintiff's SAC, deny that answering defendants claim that they have invested monies on the property in terms of repairs and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

25.     With respect to the allegations set forth in paragraph 90 of plaintiff's SAC, admit that plaintiff seeks to quiet title as of March 27, 2019, the date the subject grant deed was purportedly signed by plaintiff, but denied that plaintiff is entitled to such relief.

26.     With respect to the allegations set forth in paragraph 120 of plaintiff's SAC, admit that plaintiff purports to proceed as stated therein but deny that the subject premise is plaintiff's "home" and that plaintiff is entitled to such relief.

27.     With respect to the allegations set forth in paragraph 121 of plaintiff's SAC, admit that plaintiff was the sole owner of the Real Property prior to March 27, 2019, plaintiff bought the subject premises in 2006 and that the public records show that defendant 12907 Holdings Inc. and answering defendants now hold interests in the subject premises and deny the remaining matters alleged in said paragraph.

28.     With respect to the allegations set forth in paragraph 122 of plaintiff's SAC, admit that answering defendants are not infants, mentally retarded, mentally ill or alcohol abusers and admit, upon information and belief, that the other defendants are also not infants, mentally retarded, mentally ill or an alcohol abusers.

29.     With respect to the allegations set forth in paragraph 124 of plaintiff's SAC, admit that plaintiff seeks the relief requested therein but deny that plaintiff is entitled to such relief.

30. With respect to the allegations set forth in paragraph 169, 179, and 190 of plaintiff's SAC, admit that debtor-plaintiff sought bankruptcy protection but deny that said bankruptcy protection was sought on November 11, 2021, as debtor-plaintiff's bankruptcy petition was not filed until November 15, 2021.

31. With respect to the allegations set forth in paragraphs 170, 180, 181, 188 (second), 191, 192, and 210 of plaintiff's SAC, no response is required as said paragraphs contain only statements of law.

32. With respect to the allegations set forth in paragraphs 172 and 183 of plaintiff's SAC, admit that plaintiff owned the subject premises until March 27, 2019 and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

33. With respect to the allegations set forth in paragraphs 174, 185, and 205 of plaintiff's SAC, deny that answering defendants designed, or participated in the design of, the fraudulent parting of the house as a short sale for a sum of $350,000 and deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph.

34. With respect to the allegations set forth in paragraph 214 of plaintiff's SAC, deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in said paragraph, except admit Wilmington Savings Fund Society, FSB not its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1 claims a security interest in the property. See footnote 1, *supra*.

## Affirmative Defenses
## Answering Defendants Were Bona Fide Incumbrancers For Value

35.     Plaintiff's SAC should be dismissed as against answering defendants because answering defendants were and are bona fide incumbrancers for value

36.     Answering defendants were not involved in the conveyance of the subject premises to defendant 12706 Holdings Inc., which occurred on or about March 27, 2019.

37.     Answering defendants did not attend the closing of the conveyance of the subject premises to defendant 12706 Holdings Inc., which occurred on or about March 27, 2019.

38.     The mortgage loan that defendant 12706 Holdings Inc. obtained from Planet Management Group, LLC on March 27, 2019 was not assigned to the answering defendants until April 22, 2022, which was 3 years, 27 days after the closing of the conveyance of the subject premises to defendant 12706 Holdings Inc.

39.     At the time that the mortgage loan that defendant 12706 Holdings Inc. obtained from Planet Management Group, LLC was assigned to the answering defendants on April 22, 2022, answering defendants had no knowledge of any of the claims that plaintiff asserts in this proceeding.

40.     At the time that the mortgage loan that defendant 12706 Holdings Inc. obtained from Planet Management Group, LLC was assigned to the answering defendants on April 22, 2022, answering defendants had no knowledge of any facts that would lead a reasonably prudent purchaser to make inquiry.

41.     Plaintiff did not commence this adversary proceeding until May 9, 2022, which was after answering the mortgage loan documents were transferred to answering defendants.

42.     Answering defendants paid fair and valuable consideration to Planet Management Group, LLC for the mortgage loan documents.

43.     As answering defendants purchased the mortgage loan documents for valuable

consideration and without knowledge of facts that would lead a reasonably prudent purchaser to

make inquiry, answering defendants are bona fide purchasers for value.

**Answering Defendants' Rights As
Incumbrancers For Valuable Consideration Are Protected**

44.     As was set forth immediately above, answering defendants purchased the mortgage

loan documents approximately three years after the mortgage loan originated for valuable

consideration and without knowledge of any of the claims that plaintiff asserts in this proceeding.

45.     At that time answering defendants purchased the mortgage loan documents, New

York Real Property Law § 266 read as follows:

> This article does not in any manner affect or impair the title of a
> purchaser or incumbrancer for a valuable consideration, unless it
> appears that he had previous notice of the fraudulent intent of his
> immediate grantor, or of the fraud rendering void the title of such
> grantor.

46.     Consequently, answering defendants interest in the subject premises is protected by

New York Real Property Law § 266.

**Cross Claim Against Defendant Planet Management Group, LLC**

47.     Answering defendant Verus[2] paid to defendant Planet Management Group, LLC

the sum of $535,000 for the purchase of the mortgage loan documents involved in this proceeding.

48.     In the event the mortgage loan involved in this proceeding, or its associated lien, is

avoided, extinguished or otherwise rendered unenforceable, Verus requests that judgment issue in

their favor as against defendant Planet Management Group, LLC for the sums paid by answering

---

[2] Verus notes that this cross-claim would be made by Wilmington Savings Fund Society, FSB not its individual
capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1 were the entity correctly identified.

defendants to defendant Planet Management Group, LLC for the assignment of the mortgage loan involved herein, plus interest.

## Counterclaim Against Plaintiff Stephens

49.     Defendants repeat and reallege each of the foregoing allegations as if fully set forth herein.

50.     This cause of action is brought by Verus[3] in equity and under the provisions of Article 15 of the Real Property and Proceedings Law for a determination of defendants' lien interest and claims in and to the premises in Queens County, New York, known as and by a Queens County tax map designation of Block 12527, Lot 93 (**the Property**) and commonly known as 127-06 177th Street in Jamaica, New York 11434.

51.     This claim for equitable subrogation and/or an equitable lien is made in the alternative and only if the mortgage dated March 27, 2019, in the original principal amount of $535,000.00 of which defendants are the recorded mortgagee is held to be invalid and unenforceable.

52.     Plaintiff Evis Neverlane Stephens claims to have an ownership interest in the Property.

53.     On August 29, 2006, Plaintiff executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc, as nominee for Novastar Mortgage, Inc., its successors and assigns, encumbering the Property as security for a loan and debt in the principal sum of $630,000 (**2006 Mortgage**).  The 2006 Mortgage was recorded in the Office of the City Register of the City of New York on August 14, 2007, under CRFN 2007000419551.

---

[3] Verus notes that this counterclaim would be made by Wilmington Savings Fund Society, FSB not its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1 were that entity correctly identified. Insofar as Wilmington or Verus individually are named due to an interest in the 2019 Mortgage, this counterclaim is appropriate.

54.     Plaintiff executed and delivered the 2006 Mortgage with the full intent to encumber the Property as set forth in Plaintiff's Mortgage and as security for the corresponding note.

55.     The funds from the loan made by defendants' predecessor-in-interest to 12706 Holdings, Inc., secured by the 2019 Mortgage which is at issue in the SAC, were used to pay off and satisfy, in full, the outstanding obligations under the 2006 Mortgage.

56.     The mortgagee of record of the 2006 Mortgage, Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5, recorded a satisfaction of the 2006 Mortgage in the Office of the City Register of the City of New York on June 10, 2019, under CRFN 2019000180780.

57.     The payoff of the 2006 Mortgage benefited Plaintiff, who is no longer obligated under that loan.

58.     Were Plaintiff to succeed in her claims in the SAC, she may be restored to title to the Property free and clear of the satisfied 2006 Mortgage.

59.     Wilmington, Verus, and their predecessors in interest (through the loan servicer) have paid taxes and other carrying charges to the benefit of the Property and which payments have had the effect of benefitting Plaintiff.

60.     Wilmington and Verus's mortgage, *i.e.*, the 2019 Mortgage, is a valid, first priority mortgage and lien encumbering the Property.

61.     Wilmington and Verus are entitled to be subrogated to the position of the 2006 Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of 2019 loan by virtue of the doctrine of assignment by equitable subrogation and the

doctrine of unjust enrichment and to have a corresponding equitable lien on the Premises with interest thereon from March 27, 2019, and continuing.

62. Wilmington and Verus are entitled to be subrogated to the position of the taxes and other carrying charges affecting the Property by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment with interest thereon from the dates of payment of the 2006 Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of defendants' mortgage by virtue of the doctrine of assignment by equitable subrogation and to have a corresponding equitable lien on the Premises with interest thereon from March 27, 2019, and continuing.

63. If defendants' Mortgage and lien interest in the Property is not established superior to Plaintiff herein, then Plaintiff may reap a windfall and become unjustly enriched all to the detriment, damage and hardship of defendants.

WHEREFORE, defendants Wilmington Savings Fund Society, FSB and Verus Securitization Trust 2020-NPL1 seek judgment (**1**) dismissing plaintiff's SAC or, (**2**) in the event that the mortgage loan involved in this proceeding, or its associated lien, is rendered unenforceable, answering defendants be granted judgment against defendant Planet Management Group, LLC in the sum of $535,000 plus interest, or (3) in the event that the mortgage loan involved in this proceeding, i.e., the 2019 Mortgage, is declared unenforceable, that the Court declare defendants to be equitably subrogated to the position of the 2006 Mortgage with all applicable interest from the date of payment and continuing and that defendants be equitably subrogated to the position of all liens, obligations, and mortgages that encumbered the Premises that defendants' predecessors in interest paid off and satisfied or reduced in amount with applicable interest thereon from the dates of payment and continuing, and declaring defendants to be equitably subrogated to the

position of all real estate taxes and other carrying charges paid by defendants and by defendants' predecessors in interest with applicable interest thereon from the dates of payment and continuing, along with such other and further relief as to this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: March 6, 2024
      New York, New York

**AKERMAN LLP**

/s/ *Jordan M. Smith*
Jordan M. Smith, Esq.
Jason St. John, Esq.
*Attorneys for Defendants Wilmington Savings Fund Society, FSB and Verus Securitization Trust 2020-NPL1*
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel. (212) 880-3800
Jordan.smith@akerman.com
Jason.stjohn@akerman.com