UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>Evis Neverlane Stephens<br><br>                                  Debtor. | Chapter 13<br><br>Bankruptcy Case No.<br>21-42857-jmm |
| Evis Neverlane Stephens<br><br>                                  Plaintiff,<br><br>Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Charles L. Mester, Esq., Planet Management Group, LLC, Planet Home Lending LLC dba Planet Home Servicing, Wilmington Savings Fund Society, FSB (WSF), Verus Securitization Trust 2020-NPLI,<br><br>                                  Defendants. | Adversary Proceeding No.<br>22-01037-jmm<br><br>**ANSWER TO REVISED<br>SECOND AMENDED<br>COMPLAINT** |

*Pro Se* Defendant CHARLES L. MESTER, ESQ. ("**Mester**"), following the Memorandum Decision, dated March 23, 2023 (Doc Seq. 54) ("**Decision**") and the Memorandum Decision, dated January 5, 2024 (Doc Seq. 81) and corresponding Order, dated January 12, 2024 (Doc Seq. 83), answers the Revised Second Amended Complaint by Plaintiff Evis Neverlane Stephens, dated February 22, 2024 (Doc Seq. 93), as follows:

**Brief Introduction**

1.      Mester declines to plead to the conclusory arguments pled in the Paragraphs captioned Brief Introduction. These statements do not plead plain and concise statements of fact under F.R. Civ. Pr. § 8(a), as incorporated. Notwithstanding, Mester denies knowledge or information sufficient to form a belief as to the allegations set forth in the Paragraphs captioned Brief Introduction.

### Subject Real Property

2. Mester admits the allegations contained in paragraph "1", except denies the reference to "Plaintiff's home", or "Home".

### Jurisdiction

3. Insofar as the allegations contained in paragraph "2" states legal conclusions, no response is required; insofar a response is required, the allegations are denied.

### Personal Jurisdiction, and Venue

4. Insofar as the allegations contained in paragraph "3" states legal conclusions, no response is required; insofar a response is required, the allegations are denied.

### Parties

5. Paragraphs "4" through "7": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Paragraph "8": Mester denies the allegations, except admits he "is an attorney engaged in the legal profession".

7. Paragraphs "9" through "14": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### The Pattern of Unlawful Racketeering Activity

8. Paragraphs "15" through "18": Insofar as the allegations state legal conclusions, no response is required; insofar a response is required, the allegations are denied.

### Factual Background

9. Paragraph "19": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### Mortgage broker Osmond Decoteau

10. Paragraphs "20" through "22": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### John Clark, Herkimer Realty One and Maxine Bonaparte

11. Paragraphs "23" through "25": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### Charles Mester, Attorney at Law

12. Paragraph "26": Admits that Maxine and Plaintiff came to Mester's office on September 18, 2018 to discuss legal representation and that a Legal Engagement Agreement ("**Retainer**") was executed by and between Mester, Plaintiff, and Maxine on that day. The court is referred to the original document for the true terms thereof. Mester denies all other allegations set forth therein.

13. Paragraph "27": Admits Mester met Plaintiff "only twice", once during the meeting on September 18, 2018 and then again at the sale of the Subject Real Property, and admits that Mester did not undertake any litigation on behalf of Plaintiff. Mester denies the characterization of the sale as a "Deed transfer" and denies that he made any "promises" to litigate.

14. Paragraph "28": Admits Mester met Plaintiff at the real estate closing on March 2019 (the "**Closing**") in relation to the sale of the Subject Real Property, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of how she arrived at the Closing. Further, admits that Mester and Stephens sat next to each other at a conference table during the Closing and affirmatively states that Mester performed all standard and regular duties and obligations required to complete the sale of the Subject Real Property on behalf of Plaintiff. Mester denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations as to other people or parties present at the Closing or Plaintiff's activity once she left the Closing. Further, Mester denies Plaintiff's characterizations that Mester failed to explain the reason Plaintiff was at the Closing, the contents of what Plaintiff signed at the Closing, and the alleged failure to provide Plaintiff with copies of paperwork from the Closing.

15. Paragraph "29": Mester denies the allegations, except admits that there was no money paid to Mester by Plaintiff.

16. Paragraph "30": Mester denies the allegations, except admits that Mester prepared some of the paperwork connected to the sale of the Subject Real Property, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties.

17. Paragraph "31": Mester denies the allegations in relation to the referenced phone call and alleged conversation between Mester and Plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties.

18. Paragraphs "32" through "46": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations. Further, as to any documents referenced therein, the court is referred to the originals for the true terms thereof.

**Unraveling of the Fraud, Mail and Wire Scheme**

19. Paragraph "47": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties.

20. Paragraph "48": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

21. Paragraphs "49" through "52": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties.

22. Paragraph "53" through "55": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Paragraphs "56" through "63": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, as to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## FIRST CAUSE OF ACTION

24. Paragraph "64": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 23 of this Answer.

25. Paragraphs "65" through "66": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties.

26. Paragraphs "67" through "69": Insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied.

## SECOND CAUSE OF ACTION

27. Paragraph "70": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 26 of this Answer.

28. Paragraphs "71" through "84": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions,

no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

**THIRD CAUSE OF ACTION**

29. Paragraphs "85" through "90": Cause of Action DISMISSED pursuant to Decision.

**FOURTH CAUSE OF ACTION**

30. Paragraphs "91" through "95": Cause of Action DISMISSED pursuant to Decision.

**FIFTH CAUSE OF ACTION**

31. Paragraph "96": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 30 of this Answer.

32. Paragraphs "97" through "102": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

**SIXTH CAUSE OF ACTION**

33. Paragraphs "103" through "107": Cause of Action DISMISSED pursuant to Decision.

**SEVENTH CAUSE OF ACTION**

34. Paragraph "108": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 33 of this Answer.

35. Paragraphs "109" through "111": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions,

no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## EIGHTH CAUSE OF ACTION

36. Paragraph "112": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 35 of this Answer.

37. Paragraphs "113" through "115": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## NINTH CAUSE OF ACTION

38. Paragraphs "116" through "118": Cause of Action DISMISSED pursuant to Decision.

## TENTH CAUSE OF ACTION

39. Paragraphs "119" through "124": Cause of Action DISMISSED pursuant to Decision.

## ELEVENTH CAUSE OF ACTION

40. Paragraph "125": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 39 of this Answer.

41. Paragraphs "126" through "142": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions,

no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## TWELFTH CAUSE OF ACTION

42. Paragraph "143": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 41 of this Answer.

43. Paragraphs "144" through "152": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## THIRTEENTH CAUSE OF ACTION

44. Paragraphs "153" through "155": Cause of Action DISMISSED pursuant to Decision.

## FOURTEENTH CAUSE OF ACTION

45. Paragraphs "156" through "167": Cause of Action DISMISSED pursuant to Decision.

## FIFTEENTH CAUSE OF ACTION - A

46. Paragraphs "168" through "177": Cause of Action DISMISSED pursuant to Decision.

## FIFTEENTH CAUSE OF ACTION - B

47. Paragraphs "178" through "188": Cause of Action DISMISSED pursuant to Decision.

# FIFTEENTH CAUSE OF ACTION – C

48. Paragraph "189": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 47 of this Answer.

49. Paragraphs "190" through "193": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

50. Paragraphs "194" through "195": Mester denies the allegations.

51. Paragraphs "196" through "203": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

52. Paragraph "204": Mester denies the allegations.

53. Paragraph "205": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies there was anything "fraudulent".

54. Paragraphs "206" through "208": Mester denies any allegation involving Mester, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other people or parties. Further, insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied. As to any documents referenced therein, the court is referred to the originals for the true terms thereof.

## SIXTEENTH CAUSE OF ACTION

55. Paragraphs "209" through "212": Cause of Action DISMISSED pursuant to Decision.

## SEVENTEENTH CAUSE OF ACTION

56. Paragraph "213": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 55 of this Answer.

57. Paragraphs "214" through "218": Mester denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## EIGHTEENTH CAUSE OF ACTION

58. Paragraphs "219" through "220": Cause of Action DISMISSED pursuant to Decision.

## NINETEENTH CAUSE OF ACTION

59. Paragraph "221": In response to the allegations set forth therein, Mester repeats and realleges Paragraphs 1 through 58 of this Answer.

60. Paragraph "222": Mester admits that the Subject Real Property was in foreclosure and that Mester and Plaintiff had an attorney-client relationship, but denies she was referred to Mester to represent her in the foreclosure proceeding or was retained to represent her in the foreclosure proceeding, and denies the balance of the allegations set forth therein.

61. Paragraphs "223" through "225": insofar as the allegations state legal conclusions, no response is required; insofar as a response is required, they are denied.

62. Paragraphs "226" through "227": Mester denies the allegations.

## TWENTIETH CAUSE OF ACTION

63. Paragraphs "228" through "232": Cause of Action DISMISSED pursuant to Decision.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

64. Plaintiff fails to plead the elements of fraud with the necessary particularity.

### Second Affirmative Defense

65. Plaintiff's claims are barred by the doctrines of unclean hands and inequitable conduct as to all dealings related to the acquisition and financing of the Subject Real Property.

### Third Affirmative Defense

66. Prior to engaging Mester, Plaintiff had extensively litigated the foreclosure action related to the Subject Real Property with the assistance of separate litigation counsel.

### Fourth Affirmative Defense

67. Prior to engaging Mester, Plaintiff had failed to abide by one or more mortgage modifications in relation to the Subject Real Property and had no option other than to proceed with a short sale prior to losing the Subject Real Property in a foreclosure auction.

### Fifth Affirmative Defense

68. Prior to engaging Mester, Plaintiff had already provided Maxine with authorization to obtain short sale approval from her lender in relation to the Subject Real Property.

69. Prior to engaging Mester, Plaintiff had already received one or more approvals from her lender to short sell the Subject Real Property.

70. As such, Plaintiff is estopped from denying she was not proceeding with any short sale in relation to the Subject Real Property.

### Sixth Affirmative Defense

71. Prior to the Closing, Plaintiff had numerous experiences with real estate transactions in New York and other jurisdictions.

72. As a result of these real estate transactions, Plaintiff had executed all necessary paperwork.

73. Plaintiff speaks, reads, writes, and understands the English language.

74. At the Closing, Plaintiff voluntarily signed all paperwork related to the sale of the Subject Real Property.

75. As a result, Plaintiff has waived any right to question the sale that occurred at Closing.

### Seventh Affirmative Defense

76. The Closing directly resulted in the beneficial discontinuance of the mortgage foreclosure action and satisfaction of mortgage prior to Plaintiff's lender's auction of the Subject Real Property.

77. Upon information and relief, as part of the short sale approval, Plaintiff's lender released Plaintiff from any personal liability or obligation in relation to the mortgage debt over and above the approved payoff.

78. Therefore, the financial benefit from completing a short sale was greater than if Plaintiff had allowed the Subject Real Property to be sold at a foreclosure auction.

### Eighth Affirmative Defense

79. At the time Mester was engaged, Plaintiff had no options to avoid a foreclosure auction but for the approved short sale.

80. Plaintiff agreed, permitted, and authorized Maxine to negotiate the short sale of the Subject Real Property and to review other legal work related to other real properties involving Plaintiff.

81. Plaintiff knew that Maxine found and arranged for the Buyer to purchase and renovate the Subject Real Property and agreed to allow Maxine to assist her in this manner to prevent the auction of the Subject Real Property.

82. Part of Maxine's assistance was to recommend the legal services of Mester to Plaintiff.

83. Mester agreed to perform litigation and transactional services in accordance with the terms of the Retainer.

84. Mester's performance of legal services for Plaintiff was consistent with what was previously discussed between Plaintiff and Maxine before Plaintiff retained Mester.

85. Mester never drafted, presented Plaintiff with any litigation papers to sign, or filed any litigation documentation after his engagement by Plaintiff as there ultimately was no payment made to Mester to perform litigation services once Maxine completed her due diligence and informed Mester and Plaintiff.

86. Upon information and belief, at all times prior to and after Mester was engaged by Plaintiff, all communication with Plaintiff was through Maxine, who was the agent and always the sole intermediary between Plaintiff and Mester.

87. Plaintiff is guilty of laches for never raising any objection with Mester prior to Closing as to the short sale strategy discussed at their initial meeting and enumerated within the Retainer.

88. Plaintiff initially executed the Retainer and later fully cooperated with the sale of the Subject Real Property at Closing without concern or objection.

89. Plaintiff is estopped from now claiming she did not know or understand the terms of the Retainer or the paperwork that she eventually signed at Closing.

**Ninth Affirmative Defense**

90. Since Mester never had and currently has no ownership of the Subject Real Property, it would be impossible for Plaintiff to obtain the relief sought against Mester in the First Cause of Action.

**Tenth Affirmative Defense**

91. At the time Mester was engaged by Plaintiff, Plaintiff, Maxine, and Mester were united in that Mester's representation of Plaintiff in the proposed litigation and transactional strategy set forth in the Retainer would have been financially beneficial to everyone.

92. There is no conflict between Plaintiff, Maxine, and Mester because Plaintiff had no other option to maintain possession and/or future ownership of the Subject Real Property but for the strategy discussed during the initial meeting with Plaintiff, Maxine, and Mester and ultimately performed at the Closing.

**Eleventh Affirmative Defense**

93. All services performed by Mester on Plaintiff's behalf were exercised by Mester with the reasonable skill and knowledge commonly possessed by an experienced real estate attorney.

**Twelfth Affirmative Defense**

94. Any statements or actions made by Mester towards Plaintiff were based upon Mester's legal knowledge, advise, and opinion connected to the sale of the Subject Real Property.

95. The agreement set forth in the Retainer relating to the short sale and leaseback of the Subject Real Property was a reasonable course of action under the factual circumstances and instructions from Plaintiff that was present at the time the Retainer was executed.

### Thirteenth Affirmative Defense

96. The Second Cause of Action for violation of the Home Equity Theft Prevention Act (NY Real Property Law §265-a *et seq*) must be dismissed since: (i) Plaintiff had no equity in the Subject Real Property at the time Plaintiff retained Mester and then later when she sold the Subject Real Property in an approved short sale; or (ii) Mester is not an "equity purchaser" or a "representative" of an "equity purchaser" as defined in the statute.

### Fourteenth Affirmative Defense

97. The Fifth Cause of Action must be dismissed as it does not allege any specific acts or practices by Mester that specifically was directed or had a broad impact on consumers at large.

### Fifteenth Affirmative Defense

98. The Seventh Cause of Action for fraud must be dismissed as it is duplicative of the legal malpractice claim alleged in the Nineteenth Cause of Action since it arises from the same alleged facts and involve no separate and distinct additional damages.

### Sixteenth Affirmative Defense

99. The Eighth Cause of Action for breach of fiduciary duty must be dismissed as it is duplicative of the legal malpractice claim alleged in the Nineteenth Cause of Action since it arises from the same alleged facts and involve no separate and distinct additional damages.

### Seventeenth Affirmative Defense

100. Plaintiff's claims are barred by the defense of unjust enrichment since her mortgage was in foreclosure, her lender had already obtained a judgment of foreclosure and sale, and there was no stay preventing lender from auctioning the Subject Real Property.

### Eighteenth Affirmative Defense

101. Plaintiff fails to state a claim of RICO upon which relief against Mester can be granted.

### Nineteenth Affirmative Defense

102. Plaintiff fails to state a claim of Conspiracy to Violate RICO upon which relief against Mester can be granted.

### Twentieth Affirmative Defense

103. Plaintiff fails to state a claim of Legal Malpractice upon which relief against Mester can be granted.

### Twenty-First Affirmative Defense

104. Mester is not liable for legal malpractice due to an alleged ethical violation.

### Twenty-Second Affirmative Defense

105. Mester is not liable for legal malpractice due to an alleged error in judgment.

### Twenty-Third Affirmative Defense

106. Mester is not liable for legal malpractice since he acted in good faith.

### Twenty-Fourth Affirmative Defense

107. Any injury or damages sustained by Plaintiff, as alleged in Plaintiff's Revised Second Amended Complaint, were caused in whole or in part by the contributory or comparative

negligence and/or culpable or willful conduct of said Plaintiff and not as a result of any negligence and/or culpable conduct on the part of Mester.

### Twenty-Fifth Affirmative Defense

108. If Plaintiff sustained any damages as alleged in Plaintiff's Revised Second Amended Complaint, which allegations are expressly denied, the same were sustained because of the negligence and/or culpable conduct of a third party over whom Mester did not and was not obligated to exercise supervision or control.

### Twenty-Sixth Affirmative Defense

109. Upon information and belief, no acts or omissions by Mester was an actual cause, legal cause, contributing cause, substantial factor or proximate cause with respect to the damages if any, sustained by Plaintiff.

### Twenty-Seventh Affirmative Defense

110. Mester reserves his right to plead additional affirmative defenses based on disclosures and information obtained during discovery.

WHEREFORE, for the foregoing reasons, Mester respectfully requests judgment dismissing the Revised Second Amended Complaint in this Adversary Proceeding, for attorney's fees and costs as authorized under the Bankruptcy Act, and for such other and further relief as the court deems just, proper, and equitable.

Dated: New York, New York
March 6, 2024

CHARLES L. MESTER, ESQ.
Defendant *Pro Se*
225 West 34th Street – Ninth Floor
New York, New York 10122
917-608-6462

/s/ Charles L. Mester
Charles L. Mester, Esq.
E-Mail: CMester@CharlesMester.com