**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X    Case No.  21-42857-206
**In re:**
**Evis Neverlane Stephens,**
                         **Debtor.**

                                                          **Chapter 13**
--------------------------------------------------------X
**Evis Neverlane Stephens,**

                         **Plaintiff,**                    **Adversary Proceeding No. 22-01037**
**v.**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc.,**
**Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

                         **Defendants.**
--------------------------------------------------------X

### EVIS NEVERLANE STEPHENS'S REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff/Counterclaim defendant Evis Neverlane Stephens (Ms. Stephens) by her attorneys Dahiya Law Offices, LLC, makes this Reply and Affirmative Defenses to the Answer and Counterclaims (the "Counterclaims") of Defendant/Counterclaimant Wilmington Savings Fund Society, FSB (WSF) and Verus Securitization Trust 2020-NPLI (Verus) (collectively "Counterclaimants") as follows:

### AS AND FOR A RESPONSE TO FSB/Verus COUNTERCLAIMS

49.    Paragraph 49 contains allegations to which no response is required. To the extent a response is required, Ms. Stephens denies the allegations contained in paragraph 49 of the Counterclaims.

50.     Paragraph 50 contains a legal conclusion to which no response is required.

51.     Paragraph 51 contains a legal conclusion to which no response is required.

52.     Ms. Stephens admits the allegations contained in paragraph 52 of the Counterclaims.

53.     Ms. Stephens denies knowledge or information sufficient form an opinion as to the truth of the allegations contained in paragraph 53 of the Counterclaims. And to the extent a response is needed to the truth of the allegations, she denies allegations contained in paragraph 53 of the Counterclaims.

54.     Ms. Stephens denies the allegations contained in paragraph 54 of the Counterclaims.

55.     Ms. Stephens denies knowledge or information sufficient form an opinion as to the truth of the allegations contained in paragraph 55 of the Counterclaims.

56.     Ms. Stephens denies knowledge or information sufficient form an opinion as to the truth of the allegations contained in paragraph 56 of the Counterclaims.

57.     Ms. Stephens denies the allegations contained in paragraph 57 of the Counterclaims.

58.     Paragraph 58 contains a legal conclusion to which no response is required.

59.     Ms. Stephens denies the allegations contained in paragraph 59 of the Counterclaims.

60.     Paragraph 60 contains a legal conclusion to which no response is required and to the extent a response is needed to the truth of the allegations, she denies allegations contained in paragraph 60 of the Counterclaims.

61.     Paragraph 61 contains a legal conclusion to which no response is required. And to the extent a response is required, Ms. Stephens denies any entitlement to relief of the Counterclaimants.

62.      Paragraph 62 contains a legal conclusion to which no response is required. And to the extent a response is required, Ms. Stephens denies any entitlement to relief of the Counterclaimants.

63.      Paragraph 63 contains a legal conclusion to which no response is required. And to the extent a response is required, Ms. Stephens denies allegations of paragraph numbered 63.

**AFFIRMATIVE DEFENSES**

As further, separate and affirmative defenses, without assuming the burden of proof of any such defense that rests with WSF and Verus, Ms. Stephens states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

WSF Complaint fails to state a claim upon which relief may be granted. The WSF Complaint also fails to state a claim for the reasons stated in Ms. Stephens' Complaint.

**SECOND AFFIRMATIVE DEFENSE**
**(Rescission)**

Ms. Stephen had trusted the defendants that they were in fact helping her to save her house. She was fraudulently induced to transfer the deed of her house, and which was subsequently encumbered with an onerous loan. For the acts of the WSF and Verus as fully described in the plaintiff's complaint, Ms. Stephens is entitled to rescission of any mortgage or lien on her residential property.

**THIRD AFFIRMATIVE DEFENSE**
**(Setoff)**

WSF and Verus imposed lien and mortgages stripped Ms. Stephens house of an equity exceeding more than half a million by its unlawful act by facilitating the other defendants to

achieve their unlawful results. To the extent that the Court finds Ms. Stephens owes [*in rem*] to

the Counterclaimants, the *in rem* liability must be setoff in whole or in part by the amounts that

WSF/Verus owes Ms. Stephens.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Duty)**

With respect to the alleged rights, claims and obligations that WSF/Verus seeks to enforce

against Ms. Stephens, she owed no duty to WSF/Verus, and, therefore, Ms. Stephens is not liable

to WS/Verus for damages.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

WSF/Verus is estopped from enforcing any of the alleged rights, claims and obligations it

seeks to enforce against Ms. Stephens.

**SIXTH AFFIRMATIVE DEFENSE**
**(Illegality)**

Ms. Stephens obligation to perform any of its alleged obligations reflected regarding her

residential property by WSF/Verus is excused because the purpose, object, and performance of the

lien and mortgage imposed on Ms. Stephens property. The lien and mortgage obtained by

WSF/Verus is unlawful and void.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Each of the alleged causes of action contained in the WSF/Verus Complaint is barred by

the equitable doctrine of unclean hands as enumerated in Ms. Stephens Complaint. Because of the

Complicity of the Counterclaimants along with other defendants, Ms. Stephens lost her home with

an equity exceeding half a million dollars.

**WHEREFORE**, Ms. Stephens respectfully requests that this Court enter judgment in her favor, dismiss Wilmington Savings Fund Society, FSB and Verus Securitization Trust 2020-NPLI Counterclaims with prejudice, award Ms. Stephens her costs (including reasonable attorney fees and disbursements with interest), and grant Ms. Stephens such other relief as requested in her Complaint, as the law, equity, and justice require.

Dated: April 10, 2024
New York NY

DAHIYA LAW OFFICES, LLC

By: /s/karamvirdahiya
Karamvir Dahiya
75 Maiden Lane Suite 606
New York NY 10038
Tel: 212 766 8000
karam@dahiya.law