**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EVIS NEVERLANE STEPHENS,<br><br>     Debtor. | 21-42857-jmm<br><br>Chapter 13 |
| EVIS NEVERLANE STEPHENS,<br><br>     Plaintiff,<br>  v.<br><br>MAXINE BONAPARTE,<br>LEZANTONIO WOODBURN,<br>12706 HOLDINGS, INC.,<br>CHARLES L. MESTER, ESQ.<br>PLANET MANAGEMENT GROUP, LLC,<br>PLANET HOME LENDING, LLC d/b/a<br>PLANET HOME SERVICING,<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB (WSF),<br>VERUS SECURITIZATION TRUST 2020-NPL1<br><br>     Appellees. | Adversary Proceeding No. 22-01037(jmm) |

## PLANET DEFENDANTS' ANSWER TO REVISED SECOND AMENDED COMPLAINT, COUNTERCLAIMS AGAINST PLAINTIFF, AND CROSSCLAIMS AGAINST DEFENDANTS 12706 HOLDINGS, INC. AND CHARLES WOODBURN

Defendants Planet Management Group, LLC and Planet Home Lending, LLC d/b/a Planet Home Servicing, by and through their attorneys, Stevens & Lee, P.C., by way of Answer to the Revised Second Amended Complaint filed by Plaintiff, Evis Neverlane Stephens, allege and say:

**Brief Introduction[1]**

On January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss the then-operative Second Amended Complaint and, in doing so, dismissed the Third Cause of Action (Quiet Title), Fourth Cause of Action (Negligent and Intentional Infliction of Emotional Distress), Fifth Cause of Action (Violation of New York GBL § 349), Seventh Cause of Action (Fraud), Ninth Cause of Action (Unconscionability), Tenth Cause of Action (New York Real Property Actions and Proceedings Law, Article 15), Eleventh Cause of Action (Violation of RICO, 18 U.S.C. § 1962(c)), Predicate of Mail Wire Fraud and Hobbs Act), Twelfth Cause of Action (Conspiracy to Violate RICO, 18 U.S.C. § 1962(d)), Thirteenth Cause of Action (Unjust Enrichment), Fourteenth Cause of Action (Constructive Trust), Fifteenth Cause of Action (Fraudulent Conveyance, Section 273 of NYCD Law, 11 U.S.C. § 544), Fifteenth Cause of Action (other) (Fraudulent Conveyance, Section 275 of NYCD Law, 11 U.S.C. § 544), Sixteenth Cause of Action (Avoidance Recovery of Fraudulent Transfer under 11 U.S.C. § 550), Seventeenth Cause of Action (Avoidance of Recovery of Fraudulent Transfers 11 U.S.C. §§ 544 and 550), Seventeenth Cause of Action (other), and Eighteenth Cause of Action (Disallowance of Claims).  As such, the allegations set forth in the Brief Introduction are not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in the Brief Introduction that are asserted

---

[1] The Planet Defendants object, and expressly reserve and preserve their objection, to Plaintiff's restatement of factual allegations and claims in the Revised Second Amended Complaint that were dismissed pursuant to the Court's January 5, 2024, Opinion granting, in part, the Planet Defendants' motion to dismiss.  The Planet Defendants further object, and expressly reserve and preserve their objection, to Plaintiff's reason for doing so as set forth in Footnote 1 of the Revised Second Amended Complaint and to Plaintiff's assertion that "[t]he former complaint is incorporated herein to the extent it does not conflict with the Second Amended Complaint[ ]" as contrary to law and to the Federal Rules of Civil Procedure made applicable to this Adversary Proceeding.

against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## SUBJECT REAL PROPERTY

1.      The Planet Defendants admit only that the real property that is the subject of this action is a single two-family house located at 127-06 177th Street, Jamaica, New York 11434 and more particularly described as Lot 0093, Block 12527 pursuant to the official tax map of the Office of the County Clerk of Queens County.  The Planet Defendants deny the remaining allegations of this paragraph.

## JURISDICTION

2.      The allegations set forth in this paragraph of the Revised Second Amended Complaint set forth improper legal conclusions and, therefore, no response thereto is required from or made by the Planet Defendants.

## PERSONAL JURISDICTION AND VENUE

3.      The allegations set forth in this paragraph of the Revised Second Amended Complaint set forth improper legal conclusions and, therefore, no response thereto is required from or made by the Planet Defendants.

## PARTIES

4.      The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

5.      The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

6. The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

7. The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

8. The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

9. Planet Management admits only that it provided a commercial mortgage loan that is the subject of this Adversary Proceeding to Defendant, 12706 Holdings, Inc., pursuant to a loan agreement.

10. Planet Servicing admits only that it serviced the commercial mortgage loan provided by Planet Management to Defendant, 12706 Holdings, Inc. that is the subject of this Adversary Proceeding.

11. The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

12. The Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

13. As set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of

New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

14. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

**THE PATTER OF UNLAWFUL RACKETEERING ACVITITY**

15. As set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

16.     As set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

17.     As set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

18.     As set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining

operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

<div align="center">**Factual Background**</div>

19.     The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

**Mortgage Broker Osmond Decoteau**

20.     The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.  The Planet Defendants, however, expressly deny the allegations set forth in the last sentence of this paragraph.

21.     The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

22.     The Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation set forth in this paragraph of the Revised Second Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

**John Clark, Herkimer Realty One and Maxine Bonaparte**

23.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be

asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

24.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

25.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.  The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

**Charles Mester, Attorney at Law**

26.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be

asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

27. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

28. The Planet Defendants deny the fifth sentence of this paragraph of the Revised Second Amended Complaint. The Planet Defendants further deny any legal obligation to "provide [Plaintiff] with any paperwork" or "disclose" anything to Plaintiff as those allegations are asserted in this paragraph of the Revised Second Amended Complaint. The remaining allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

29. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the

allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

30.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

31.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

32.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be

asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

33.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

34.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

35.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be

asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

36. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

37. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

38. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in

this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

39. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

40. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

41. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants, however, further respond that, to the extent any allegations in

this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

42.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, admit only that Plaintiff sought bankruptcy protection, and further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

43.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.  The Planet Defendants further deny the alleged applicability of NY RPL 265-a.

44.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be

construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

45.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at or against the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants, however, further respond that, to the extent any allegations in this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations.

46.     The Planet Defendants deny Plaintiff's ascriptions of meaning and legal effect of the documents to which Plaintiff refers and refers the Court to those documents for their true meaning, contents and legal effect, if any.

### Unraveling of the Fraud, Mail and Wire Scheme

47.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted

against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

48. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

49. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet

Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

50.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

51.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As

such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

52. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

53. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court

for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

54.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

55.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet

Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.  The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

56.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

57.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.  The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

58.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is

required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

59. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

60. The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet

Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants. The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

61.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort. As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

62.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.  The Planet Defendants further refer the Court to the documents to which Plaintiff refers in this paragraph for their true meaning, contents and legal effect.

63.     The allegations set forth in this paragraph of the Revised Second Amended Complaint are not specifically directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort.  As such, this factual allegation is not and cannot be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is

required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## FIRST CAUSE OF ACTION

### Cancellation of Deed
### Based upon a forgery or Fraud in Factum
### (Against all Defendants)

64.　　The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if set fully forth at length herein.

65.　　The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint.

66.　　The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint.

67.　　The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint.

68.　　The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint.

69.　　The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint.

## SECOND CAUSE OF ACTION

### Rescission of Equity Purchase Contract and Grant
### Deed, Declaratory Relief, and Damages
### (Against all Defendants)

70.　　The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

71.     The Planet Defendants lack sufficient knowledge of information to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Revised Second of Amended Complaint, and, therefore, leaves Plaintiff to her proofs.

72.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

73.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

74.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly

deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

75.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

76.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

77.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

78. Planet Defendants lack knowledge or information sufficient to form belief as to the truth or falsity of the allegation and, therefore, leaves Plaintiff to her proofs.

79. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

80. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

81. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

82.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations and further expressly deny any allegations of violations of Section 265-a, and leaves Plaintiff to her proofs.

83.     The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

84.     The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

**THIRD CAUSE OF ACTION**
**Quiet Title**
**(Against Defendants, Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Wilmington Savings Fund Society, FSB (WSF), Verus Securitization Trust 2020-NPL1, and Does 1 though 200, inclusive)**

85.     The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

86.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny

any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

87.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

88.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

89.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants'

motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

90. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

**FOURTH CAUSE OF ACTION**
**Negligent and Intentional Infliction**
**of Emotional Distress**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.)**

91. The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

92. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud,

conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

93. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

94. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

95.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

**FIFTH CAUSE OF ACTION**
**For Violation of New York GBL § 349**
**(Against Defendants Maxine Bonaparte, Lezantonio Woodburn,**
**12706 Holdings, Inc., Charles L. Mester, Esq.)**

96.     The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

97.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

98.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

99.     The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

100.    The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor

this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

101. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

102. The Planet Defendants respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## SIXTH CAUSE OF ACTION
### (Violations of New York Judiciary Law § 487 against defendant Charles Mester has been dismissed pursuant to the Court's order)

103.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

104.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

105.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

106.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

107.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

## SEVENTH CAUSE OF ACTION
### (Fraud against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Charles L. Mester, Esq.)

108.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

109.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as

set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

110. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

111. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the

allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

### EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty by Mester and Maxine)

112.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

113.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

114.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

115.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.

### NINTH CAUSE OF ACTION
### Unconscionability
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.)**

116.     The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

117.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

118.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither

this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## TENTH CAUSE OF ACTION
**New York Real Property Actions and Proceedings Law, Article 15**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.**
**Wilmington Savings Fund Society, FSB (WSF), Verus Securitization Trust 2020-NPL1)**

119. The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

120. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

121. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the

allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

122.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

123.	The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

124.	The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are

asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

### ELEVENTH CAUSE OF ACTION
**(Violation of RICO, 18 U.S.C. 1962(c))**
**(Predicate of Mail Wire fraud and Hobbs Act against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Charles L. Mester, Esq.)**

125. The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

126. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

127. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted,

in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

128.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

129.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on

January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

130.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

131.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as

set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

132.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

133.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the

allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## The RICO Enterprise

134. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

135.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

136.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are

asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

137.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

138.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the

Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

139.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

140.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the

Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

141. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

142. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, conspiracy, and tort, including this Cause of Action. As such, neither

this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

**TWELFTH CAUSE OF ACTION**
**(CONSPIRACY TO VIOLATE RICO, 18 U.S.C. § 1962(d))**
**Against Defendants Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.,**
**Charles L. Mester, Esq.)**

143.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

144.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

145.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the

allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

146. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

147.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

148.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this

paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

149.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

150.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is

required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

151.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

152.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable

against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

<div align="center">

**THIRTEENTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.)**

</div>

153.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

154.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

155.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as

set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

**FOURTEENTH CAUSE OF ACTION**
**(Constructive Trust)**
**(Against Maxine Bonaparte, Lezantonio Woodbrun, 12706 Holdings, Inc.)**

156.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

157.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this

paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

158.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

159.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is

required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

160.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

161.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable

against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

162.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

163.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such,

neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

164. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

165. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of

action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

166. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

167. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party. The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted,

in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action. As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants. To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

<div align="center">

**FIFTEENTH CAUSE OF ACTION – A**
**(Fraudulent conveyance, Section 273 of NYCD law, 11 U.S.C. § 544)**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Planet Management Group, LLC, Planet Home Lending LLC d/b/a Planet Home Servicing, Wilmington Savings Fund Society FSB (WSF), Verus Securitization Trust 2020-NPL1)**

</div>

168. The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

169. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

170. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

171.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

172.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

173.     The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

174.     The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

175.     The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

176.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

177.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required

from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

<p style="text-align:center"><strong>FIFTEENTH CAUSE OF ACTION – B</strong><br>
<strong>(Fraudulent conveyance, Section 275 of NYCD law, 11 U.S.C. § 544)</strong><br>
<strong>(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Planet Management Group, LLC, Planet Home Lending LLC d/b/a Planet Home Servicing, Wilmington Savings Fund Society FSB (WSF), Verus Securitization Trust 2020-NPL1)</strong></p>

178. The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

179. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

180. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

181. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or

can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

182.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

183.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

184.    The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

185.    The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

186.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

187.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

188.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

<div align="center">

**FIFTEENTH CAUSE OF ACTION – C**
**(Homestead Exemption in the Fraudulently conveyed Section 273 and 275 of NYCD law, 11 U.S.C. § 544)**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Planet Management Group, LLC, Planet Home Lending LLC d/b/a Planet Home Servicing, Wilmington Savings Fund Society FSB (WSF), Verus Securitization Trust 2020-NPL1)**

</div>

189.     The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

190.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

191.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to

the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

192. The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion. Therefore, no response is required from or made by the Planet Defendants. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

193. The Planet Defendants admit the allegations set forth in this paragraph of the Revised Second Amended Complaint.

194. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

195. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

196. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

197.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

198.     The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

199.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

200.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

201.     The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and,

therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

202.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

203.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.

204.    The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

205.    The Planet Defendants respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

206.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or

can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

207.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

208.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and, therefore, leave Plaintiff to her proofs.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

## SIXTEENTH CAUSE OF ACTION
**(Avoidance Recovery of Fraudulent Transfer under 11 U.S.C. § 550 from 12706 Holdings)**
**(Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc., Planet Management Group, LLC, Planet Home Lending LLC d/b/a Planet Home Servicing, Wilmington Savings Fund Society FSB (WSF), Verus Securitization Trust 2020-NPL1)**

209.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

210.    The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or

can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

211.    The allegations set forth in this paragraph of the Revised Second Amended Complaint attempt to set forth an improper legal conclusion.  Therefore, no response is required from or made by the Planet Defendants.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

212.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

### SEVENTEENTH CAUSE OF ACTION
**Avoidance and Recovery of Fraudulent Transfers from the Planet Management Group, LLC, Planet Home Lending, LLC and Wilmington Savings Fund Society FSB (WSF), Verus Securitization Trust 2020-NPL1**
**(11 U.S.C. §§ 544 and 550)**

213.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

214.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint, namely those allegations asserting "Ms. Bonaparte and Mr. Woodburn unlawfully misleading the Debtor" because those allegations are directed at and against other parties.  The Planet Defendants,

however, further respond that, to the extent those allegations are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs. The Planet Defendants further respond that they deny the allegation in this paragraph that they or either of them "acted in combination or coordination and or in mutual interest to cement their dominion and control over the Real Property of the Debtor." The Planet Defendants admit only that Planet Management assigned the mortgage to Defendant, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1, pursuant to an Assignment of Mortgage dated May 2, 2022, and recorded on May 12, 2022, appearing at City Register File No. 2022000197629 and bearing Document ID No. 2022050600306001.

215. The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and leave Plaintiff to her proofs.

216. The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and leave Plaintiff to her proofs.

216 (again). The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and leave Plaintiff to her proofs.

217. The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because they are directed at and against other parties and, therefore, leave Plaintiff to her proofs. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet

Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

218.    The Planet Defendants deny the allegations set forth in this paragraph of the Revised Second Amended Complaint and leave Plaintiff to her proofs.

## EIGHTEETH CAUSE OF ACTION
### (Disallowance of Claims)
### (Against Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings Inc.)

219.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

220.    The Planet Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Revised Second Amended Complaint because the allegations are directed at or against another party.  The Planet Defendants further respond that, as set forth in more detail in the Planet Defendants' response to Plaintiff's Brief Introduction, on January 5, 2024, the United States Bankruptcy Court for the Eastern District of New York granted, in part, the Planet Defendants' motion to dismiss and, in doing so, dismissed multiple causes of action sounding in fraud, RICO, conspiracy, and tort, including this Cause of Action.  As such, neither this factual allegation nor this Cause of Action is or can be asserted, operative or viable against the Planet Defendants.  To the extent that the Court deems that a further response is required, then the Planet Defendants deny any remaining operative or viable allegations in this paragraph that are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants.

## NINETEENTH CAUSE OF ACTION
### (Legal Malpractice Against Mester)

221.    The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

222. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

223. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

224. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

225. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

226. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

227. This Nineteenth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore,

the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

## TWENTIETH CAUSE OF ACTION
**Preliminary and Permanent Injunction**
**(Against the Defendants Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings, Inc.)**

228.     The Planet Defendants repeat and incorporate their previous responses to the paragraphs of the Revised Second Amended Complaint as if fully set forth at length herein.

229.     This Twentieth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

230.     This Twentieth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.  The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

231.     This Twentieth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations set forth in this paragraph. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

232. This Twentieth Cause of Action and the allegations set forth in this paragraph of the Revised Second Amended Complaint are not directed at the Planet Defendants and, therefore, the Planet Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph. The Planet Defendants, however, further respond that, to the extent any allegations of this paragraph are asserted against, implied to be asserted against, or can be construed to be asserted against the Planet Defendants, then the Planet Defendants expressly deny those allegations, and leaves Plaintiff to her proofs.

WHEREFORE, the Planet Defendants demand judgment dismissing the Revised Second Amended Complaint, along with such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

The Planet Defendants, as and for their Affirmative Defenses to each and every allegation directed at or against them in the Revised Second Amended Complaint, say as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1. Plaintiff's First and Second Causes of Action against the Planet Defendants should be dismissed because they are barred by the applicable statute of limitations.

2. RPL § 265-a(8), the section of New York's Home Equity Theft Prevention Act ("HETPA") that contains the remedies sought here by Plaintiff, namely rescission and cancellation, provides that, where a transaction violates the relevant portions of HETPA, a

"transaction may be rescinded by the equity seller within two years of the date of the recording of the conveyance of the residential real property." RPL § 265-a(8).

3.       Here, the Subject Deed was recorded on July 29, 2019.

4.       Plaintiff did not commence this Adversary Proceeding until May 9, 2022.

5.       Moreover, by Plaintiff's own admission, the written notice of rescission pursuant to RPL 265-a(3) was not signed by Debtor until November 18, 2021, and was ordered to be recorded in the Office of the County Clerk by this Court on July 14, 2022, both of which are more than two years after July 29, 2019.

6.       Plaintiff's remaining causes of action are barred by the applicable statutes of limitations.

<div align="center">

**SECOND AFFIRMATIVE DEFENSE**
**(No Fraud in Factum or Forgery)**

</div>

7.       Plaintiff's First and Second Causes of Action against the Planet Defendants should be dismissed because neither of the Planet Defendants engaged or participated in fraud in factum or forgery.

8.       At all times relevant hereto, the Planet Defendants acted in good faith, Planet Management acted in good faith in providing the mortgage loan that is the subject of this Adversary Proceeding, and Planet Servicing acted in good faith in servicing the mortgage loan that is the subject of this Adversary Proceeding.

9.       At all times relevant hereto, the Planet Defendants conducted themselves in a reasonable manner given the circumstances surrounding the allegations set forth by Plaintiff in the Revised Second Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

10.     Plaintiff's remaining causes of action against Planet Servicing must be dismissed because Planet Servicing is not a mortgage originator or lender.

## FOURTH AFFIRMATIVE DEFENSE
### (*Bona Fide* Incumbrancers for Value)

11.     The remaining causes of action against the Planet Defendants should be dismissed because the Planet Defendants were and are *bona fide* incumbrancers for value.

12.     Neither the Planet Defendants nor any of their agents or representatives attended the closing of the loan that is the subject of this Adversary Proceeding.

13.     Neither of the Planet Defendants – a lender and a mortgage servicer – had knowledge or notice of the alleged fraud asserted by Plaintiff against other defendants over whom the Planet Defendants lacked authority and control.

14.     Neither of the Planet Defendants had any knowledge or notice of the fraud allegedly committed by certain other defendants or that any violation of RPL § 265-a may have occurred before the mortgage loan transaction with Defendant, 12706 Holdings, Inc., that is the subject of this Adversary Proceeding, was made.

15.     There was fair, adequate and valuable consideration relative to the mortgage loan transaction that is the subject of this Adversary Proceeding.

16.     At all times relevant hereto, the Planet Defendants acted in good faith, Planet Management acted in good faith in providing the mortgage loan that is the subject of this Adversary Proceeding, and Planet Servicing acted in good faith in servicing the mortgage loan that is the subject of this Adversary Proceeding.

17.     At all times relevant hereto, the Planet Defendants conducted themselves in a reasonable manner given the circumstances surrounding the allegations set forth by Plaintiff in the Revised Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (No Notice of Fraudulent Intent - New York Real Property Law § 266)

18.     Neither of the Planet Defendants had any knowledge or notice of the fraud allegedly committed by certain other defendants or that any violation of RPL § 265-a may have occurred before the mortgage loan transaction with Defendant, 12706 Holdings, Inc., that is the subject of this Adversary Proceeding, was made.

19.     New York Real Property Law § 266 provides that it "does not in any manner affect or impair the title of a purchaser or incumbrancer for a valuable consideration, unless it appears that he had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

20.     At all times relevant hereto, the Planet Defendants conducted themselves in good faith and in a reasonable manner given the circumstances surrounding the allegations set forth by Plaintiff in the Revised Second Amended Complaint.

21.     As a result, any interest of the Planet Defendants in the subject property is protected by New York Real Property Law § 266.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair, Adequate and Valuable Consideration)

22.     The causes of action sounding in fraudulent conveyance and avoidance in the Fifteenth-A, Fifteenth-B, Fifteenth-C, Sixteenth, and Seventeenth Causes of Action against the Planet Defendants pursuant to §§ 273-A and 275 of the New York Debtor & Creditor Law and 11

U.S.C. § 544, should be dismissed because there was fair, adequate and valuable consideration relative to the mortgage loan transaction that is the subject of this Adversary Proceeding.

23.     At all times relevant hereto, the Planet Defendants acted in good faith, Planet Management acted in good faith in providing the mortgage loan that is the subject of this Adversary Proceeding, and Planet Servicing acted in good faith in servicing the mortgage loan that is the subject of this Adversary Proceeding.

<div align="center">

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State Claims)**

</div>

24.     The remaining causes of action against the Planet Defendants should be dismissed because they fail to state plausible claims upon which relief can be granted for the reasons set forth in the Planet Defendants' motion to dismiss.

<div align="center">

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Duty)**

</div>

25.     The remaining causes of action against the Planet Defendants should be dismissed because neither Planet Defendant owed a duty to Plaintiff.

26.     Further, the Planet Defendants had no special relationship with Plaintiff.

27.     As such, the Planet Defendants did not breach or violate any duty owed to Plaintiff.

<div align="center">

**NINTH AFFIRMATIVE DEFENSE**
**(No Control Over Third Parties)**

</div>

28.     If Plaintiff sustained injuries and incurred any expenses as claimed in the Revised Second Adversary Complaint, then those injuries and expenses were caused in whole or in part by the acts or omissions of third parties for whose conduct the Planet Defendants are not responsible and over whom the Planet Defendants lacked control.

29.     Any injuries or expenses as claimed in the Revised Second Amended Complaint were caused by the acts of third parties over whom the Planet Defendants lacked control, which prevents the Planet Defendants from being liable for harm to Plaintiff.

30.     At all times relevant hereto, the Planet Defendants conducted themselves in good faith and in a reasonable manner given the circumstances surrounding the allegations set forth by Plaintiff in the Revised Second Amended Complaint.

## COUNTERCLAIMS AND CROSS-CLAIMS
### (Counterclaims Against Plaintiff; Cross-Claims Against Defendants 12706 Holdings, Inc. and Lezantonio Woodburn)

The Planet Defendants, by way of Counterclaim against Plaintiff, Evis Neverlane Stephens ("Plaintiff"), and Crossclaims against Defendants 12706 Holdings, Inc. ("12706 Holdings") and Lezantonio Woodburn ("Woodburn"), state and allege the following:

### FACTS COMMONM TO COUNTERCLAIMS AND CROSS-CLAIMS

1.     The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint as if fully set forth at length herein.

2.     The Planet Defendants assert their Counterclaims against Plaintiff in equity and pursuant to Article 15 of the Real Property and Proceedings Law.  In their Counterclaims against Plaintiff, the Planet Defendants seek a determination of the Planet Defendants' lien interest and claims in and to the premises that is the subject of this Adversary Proceeding, which is located in Queens County, New York, known by a Queens County tax map designation of Block 12527, Lot 93, and commonly known as 127-06 177th Street, Jamaica, New York 11434 (the "Subject Property").

3.     The Planet Defendants assert their Crossclaims against Defendants Lezantonio Woodburn and 12706 Holdings, Inc. pursuant to a loan agreement, commercial mortgage, promissory note, and personal guaranty further identified below (collectively, the "Loan Documents," and collectively, the "Commercial Mortgage Loan"), namely contractual indemnification and for attorneys' fees and costs, which are affirmatively asserted now, and for breach of the Loan Documents and for breach of the Guaranty Agreement, which are asserted in the alternative if the Court concludes that the Subject Mortgage (defined below) is unenforceable and/or invalid and, as a result, the Planet Defendants and/or their successors and assigns are precluded from foreclosing on the Subject Property to enforce security interests therein.

A.     The 2006 Mortgage Executed and Delivered by Plaintiff

4.     On August 29, 2006, Plaintiff executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Novastar Mortgage, Inc., its successors and assigns, encumbering the Subject Property as security for a loan and debt in the principal sum of $630,000 (the "2006 Mortgage").

5.     The 2006 Mortgage was recorded in the Office of the City Register of the City of New York on August 14, 2007, under CRFN 2007000419551.

6.     Plaintiff executed and delivered the 2006 Mortgage with the intent to encumber the Subject Property as set forth in the 2006 Mortgage and as security for the corresponding note.

B.     The Commercial Mortgage Loan

(a)     The Loan Agreement

7.     On March 27, 2019, PMG, as lender, entered into a loan agreement with 12706 Holdings, as borrower, pursuant to which PMG agreed to make a commercial loan to 12706 Holdings in the principal amount of $535,000 (the "Loan Agreement").

8.     The Loan Agreement was executed by Woodburn in his official capacity as President of 12706 Holdings.

9.     Pursuant to Article 3.2 of the Loan Agreement, the maturity date of the Commercial Loan was April 1, 2020.  Pursuant to Article 3.3(a) of the Loan Agreement, 12706 Holdings was required to make its first payment of interest on May 1, 2019, and continue on the first day of each month thereafter until the maturity date.  Interest, including default interest, and late fees on the unpaid principal balance are due and owing pursuant to Articles 3.3(b) through (e) of the Loan Agreement.

10.     Pursuant to Article 4.2 of the Loan Agreement, 12706 Holdings represented and warranted that the execution, delivery and performance by 12706 Holdings, as borrower, and Woodburn, as guarantor, of the Loan Documents to which they are parties will not violate any law or result in the imposition of any lien, charge or encumbrance upon all or any portion of the Subject Property, except for any liens in favor of PMG, as lender, as contemplated by the Loan Documents.

11.     Pursuant to Article 4.17 of the Loan Agreement, 12706 Holdings represented and warranted that it is the sole owner of the Subject Property; the Subject Property is not subject to any leases; other than 12706 Holdings, no person has any possessory interest in the Subject Property or right to occupy the same; the Subject Property is not occupied and neither 12706 Holdings, as borrower, nor Woodburn, as guarantor, has any intent to occupy the Subject Property, or to permit any other person to occupy the Subject Property during the term of the Commercial Loan.

12.     Pursuant to Article 4.1 of the Loan Agreement, 12706 Holdings represented and warranted that neither 12706 Holdings, as borrower, nor Woodburn, as guarantor, had failed to disclose any fact that could cause any information described in any representation or warranty to

be misleading or adversely affect the value of the Subject Property. 12706 Holdings, as borrower, nor Woodburn, as guarantor, further represented and warranted that no statement of fact made by them in any of the Loan Documents contained any untrue statement of a material fact or omitted to state any material fact necessary to make statements contained in the Loan Documents not misleading. 12706 Holdings, as borrower, nor Woodburn, as guarantor, further represented and warranted that there was no fact then-known to them that has not been disclosed to PMG, as lender, which adversely affects, nor as they could foresee, might adversely affect the business, operation or condition of 12706 Holdings, Woodburn or the Subject Property.

13. In consideration for and to induce PMG to enter into the Loan Agreement and the related loan documents such as the promissory note, mortgage, and guaranty, the Loan Agreement contained an indemnification provision. Pursuant to Article 5.13 of the Loan Agreement, 12706 Holdings, as borrower and as indemnitor, agreed, among other things, to:

> indemnify, defend and hold harmless Lender and its affiliates and their respective owners, members, managers, officers, directors, managers, agents, employees, trustees, partners, successors and permitted assigns from and against any and all losses, liabilities, claims, damages, expenses, obligations, penalties, actions, judgments, suits, costs or disbursements of any kind or nature whatsoever, including the reasonable fees and actual expenses of Lender's counsel, arising from or in connection with (i) the Loan; (ii) any failure to complete the Planned Improvements in accordance with applicable Law; (iii) any inaccuracy in or breach of any representation or warranty made by Borrower in this Agreement or any other Loan Documents; (iv) any failure of Borrower to perform any of its agreements, duties or obligations in accordance with the terms of this Agreement or any other Loan Document; (v) any investigative, administrative, mediation, arbitration, or judicial proceeding, whether or not Lender is designated a party thereto, commenced or threatened at any time (including after the repayment of the Loan) in any way related to the execution, delivery or performance of any Loan Document; (vi) any acts by Lender pursuant to Section 4.7 and Section 6.3, including all sums paid by Lender or otherwise expended thereunder; and (vii) any brokerage commissions or finder's fees claimed by any broker or other party in connection with the Loan or any of the transactions contemplated in the Loan Documents.

14.     Events of default under the Loan Agreement include, among other things, 12706 Holdings' failure to pay any principal, interest or other amount due under the Loan Documents when due, 12706 Holdings' violations of its obligations under Section 4.1 and/or 6.3 of the Loan Agreement, and the untruth in any material respect when made or deemed made any representation or warranty made in any Loan Document.

(b)     <u>The Promissory Note</u>

15.     On March 27, 2019, 12706 Holdings executed a Promissory Note in connection with the Loan Agreement and the Commercial Mortgage Loan (the "Subject Note").

16.     Pursuant to the Note, 12706 Holdings, as borrower, promised to repay $535,000 plus interest to PMG.

17.     The Note was executed by Woodburn in his official capacity as President of 12706 Holdings.

(c)     <u>The Mortgage, Security Agreement, And Fixture Filing</u>

18.     To secure repayment of the Note, and in connection with the Loan Agreement and the Commercial Mortgage Loan, 12706 Holdings executed a Mortgage, Security Agreement, And Fixture Filing on March 27, 2019 (the "Subject Mortgage") in favor of PMG, encumbering and granting to PMG a security interest in the Subject Property.

19.     The Subject Mortgage was recorded on July 19, 2019, in the Office of the City of Register of the City of New York under CRFN: 2019000227660 and bears Document ID 2019041000506001.

20.     The Subject Mortgage was executed by Woodburn in his official capacity as President of 12706 Holdings.

21.     Pursuant to an Assignment of Mortgage that was recorded on May 12, 2022, the Subject Mortgage was assigned to Planet Home Lending, LLC d/b/a Planet Home Servicing, as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1.

22.     Pursuant to the Subject Mortgage, upon the occurrence and continuance of an event of default, interest on the outstanding principal balance of the Subject Loan and, to the extent permitted by applicable law, overdue interest and other amounts due shall accrue at the default rate calculated from the date of default.

23.     The funds from the Commercial Mortgage Loan fully paid and fully satisfied the 2006 Mortgage and Plaintiff's obligations thereunder.

C.     <u>The Guaranty Agreement</u>

24.     To induce PMG, as lender, to extend and deliver the Subject Mortgage in connection with the Loan Agreement to 12706 Holdings, as borrower, Woodburn, in his personal and individual capacity, entered into a Guaranty Agreement effective as of March 27, 2019.

25.     Pursuant to the Guaranty Agreement, Woodburn, as guarantor, irrevocably and unconditionally guaranteed to PMG the full and prompt payment and performance of the Guaranteed Obligations of 12706 Holdings.  The Guaranteed Obligations include (1) the prompt and complete payment of the Debt (defined by the Loan Agreement as the outstanding principal amount set forth in, and evidenced by, the Loan Agreement and the Note together with all interest accrued and unpaid thereon and all other sums due to PMG in respect of the Loan under the Note, the Loan Agreement, the Security Instrument or any other Loan Document) in full when due, whether at stated maturity, by required prepayment, declaration, acceleration, demand or otherwise (including amounts that would become due but for the operation of the automatic stay under §

362(a) of the Bankruptcy Code) (collectively defined as the "Performance Sums"); (2) the prompt payment of interest at the Default Rate (as defined in the Note) which accrues on the Performance Sums from the date of demand for payment under the Guaranty Agreement from PMG, as lender, to Woodburn, as guarantor, until the Performance Sums are paid in full; (3) the prompt performance when due of all other obligations of 12706 Holdings under the Loan Documents; (4) the prompt payment upon demand of all costs and expenses of any collection or other realization under the Guaranty Agreement including reasonable compensation to PMG, as lender, and its agents and counsel, and all expenses, liabilities and advances made or incurred by PMG, as lender, in connection therewith.

26.     The Guaranty Agreement is an absolute, present and continuing, irrevocable, and unconditional guaranty of payment and performance.

D.      12706 Holdings Breaches the Loan Documents; Plaintiff's Claims; PMG's Present and Future Exposure

27.     12706 Holdings failed to comply with the Loan Documents by failing to indemnify the Planet Defendants pursuant to the Loan Agreement with respect to this Adversary Proceeding and the underlying bankruptcy.

28.     12706 Holdings also failed to comply with the Loan Documents by failing to remit payments pursuant to the Loan Agreement, the Subject Mortgage and the Subject Note.  At the time that the underlying Chapter 13 bankruptcy case captioned *In re Evis Neverlane Stephens* pending under Case No. 21-42857 was commenced, the Commercial Mortgage Loan was contractually due for November 1, 2019.  12706 Holdings failed to comply with the conditions of the Loan Documents by failing to make the payment that became due on November 1, 2019, and each subsequent payment.  The Planet Defendants have not received post-petition payments from 12706 Holdings, as borrower, or Woodburn, as guarantor, during the Chapter 13 case.

29.     12706 Holdings failed to comply with the Loan Documents by failing to disclose to PMG during the loan application and/or loan origination process that the Subject Property was or would be occupied and was or would be subject to a lease as alleged by Plaintiff in the Revised Second Amended Complaint, which would have caused the representations and warranties by 12706 Holdings to be misleading and/or adversely affect the value and/or the Planet Defendants lien on the Subject Property.

30.     Woodburn failed to comply with the Guaranty Agreement by failing to promptly and completely pay and perform 12706 Holdings' contractual obligations in light of 12706 Holdings' defaults.

31.     Plaintiff now claims to have been defrauded by, among other defendants, Woodburn and 12706 Holdings when transferring the Subject Property to 12706 Holdings.  If Plaintiff prevails on her claims against the other defendants to the Adversary Proceeding and/or her remaining claims against the Planet Defendants in the Revised Second Amended Complaint, then she may be restored to title to the Subject Property free and clear of the fully satisfied 2006 Mortgage, which was fully satisfied by the Commercial Mortgage Loan.

32.     As a result, the Planet Defendants have incurred and will continue to incur attorneys' fees, costs and expenses in connection with enforcing their rights under the Loan Documents, by defending against the Adversary Proceeding, by appearing in the underlying Chapter 13 bankruptcy case captioned *In re Evis Neverlane Stephens* pending under Case No. 21-42857, and by prosecuting their Counterclaim and Crossclaims.

## COUNTERCLAIMS AGAINST PLAINTIFF
### COUNT I
### (Equitable Lien and/or Equitable Subrogation)

33.    The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint as if fully set forth at length herein.

34.    The funds from the Commercial Mortgage Loan made by PMG to 12706 Holdings secured by the Subject Mortgage were used to pay off and satisfy, in full, Plaintiff's outstanding obligations pursuant to the 2006 Mortgage.

35.    The mortgagee of record of the 2006 Mortgage, Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5, recorded a satisfaction of the 2006 Mortgage in the Office of the City Register of the City of New York on June 10, 2019, under CRFN 2019000180780.

36.    The payoff of the 2006 Mortgage was, is and remains a benefit to Plaintiff because Plaintiff was and is now no longer obligated to pay the 2006 Mortgage.

37.    Plaintiff claims in the Adversary Proceeding to have an ownership interest in the Subject Property.

38.    If Plaintiff prevails on her claims against, among other defendants, 12706 Holdings and Woodburn, and by virtue thereof, on her remaining claims against the Planet Defendants in the Revised Second Amended Complaint, then there exists the potential that Plaintiff may be restored to title to the Subject Property free and clear of the fully satisfied 2006 Mortgage.

39. The Planet Defendants and their successors and assigns have paid property taxes, assessments and other carrying costs and charges to the benefit of the Subject Property and to Plaintiff.

40. The Subject Mortgage is a valid, first priority mortgage and lien encumbering the Subject Property.

41. The Planet Defendants and their successors and assigns are entitled to be subrogated to the position of the 2006 Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of Subject Mortgage by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment, and to have a corresponding equitable lien on the Subject Property with interest thereon from March 27, 2019, and continuing.

42. The Planet Defendants and their successors and assigns are entitled to be subrogated to the position of the property taxes, assessments and other carrying charges affecting the Subject Property with interest thereon from the dates of payment of the 2006 Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of the Subject Mortgage by virtue of the doctrine of assignment by equitable subrogation and to have a corresponding equitable lien on the Subject Property with interest thereon from March 27, 2019, and continuing.

43. If the Subject Mortgage and the lien interest in the Subject Property of the Planet Defendants and their successors and assigns is not established as superior to Plaintiff, then Plaintiff may reap a windfall and become unjustly enriched all to the detriment, damage and hardship of the Planet Defendants and their successors and assigns.

44.    This claim for equitable subrogation and/or an equitable lien is made in the alternative and only if the Subject Mortgage is held to be invalid and unenforceable.

WHEREFORE, the Planet Defendants seek judgment (1) dismissing the Revised Second Amended Complaint or, (2) in the event that the Subject Mortgage at issue in this Adversary Proceeding, or its associated lien, is rendered unenforceable, then the Planet Defendants be granted judgment against Plaintiff in the sum of $535,000 plus interest, or (3) in the event that the Subject Mortgage at issue in this Adversary Proceeding is declared unenforceable, that the Court declare the Planet Defendants and their successors and assigns to be equitably subrogated to the position of the 2006 Mortgage with all applicable interest from the date of payment and continuing and that defendants be equitably subrogated to the position of all liens, obligations, and mortgages that encumbered the Subject Property that the Planet Defendants paid off and satisfied or reduced in amount with applicable interest thereon from the dates of payment and continuing, and declaring the Planet Defendants and their successors and assigns to be equitably subrogated to the position of all real estate taxes, assessments and other carrying charges paid by the Planet Defendants and by their successors and assigns with applicable interest thereon from the dates of payment and continuing, along with such other and further relief as to this Court may deem just and proper, together with the costs and disbursements of this Adversary Proceeding.

## COUNTERCLAIMS AGAINST PLAINTIFF
### COUNT II
**(Unjust Enrichment)**

45.    The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint as if fully set forth at length herein.

46. The funds from the Commercial Mortgage Loan made by PMG to 12706 Holdings secured by the Subject Mortgage were used to pay off and satisfy, in full, Plaintiff's outstanding obligations pursuant to the 2006 Mortgage.

47. The mortgagee of record of the 2006 Mortgage, Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5, recorded a satisfaction of the 2006 Mortgage in the Office of the City Register of the City of New York on June 10, 2019, under CRFN 2019000180780.

48. The payoff of the 2006 Mortgage was and is a benefit Plaintiff because Plaintiff was and is no longer obligated to pay the 2006 Mortgage.

49. Plaintiff claims to have an ownership interest in the Subject Property.

50. If Plaintiff prevails on her remaining claims against the Planet Defendants in the Revised Second Amended Complaint and/or her claims against the remaining defendants, then there exists the potential that she may be restored to title to the Subject Property free and clear of the fully satisfied 2006 Mortgage.

51. If Plaintiff is restored to title to the Subject Property free and clear of the fully satisfied 2006 Mortgage by virtue of the Subject Mortgage, then Plaintiff will have been unjustly enriched.

52. The Planet Defendants and their successors and assigns have paid property taxes, assessments and other carrying charges to the benefit of the Subject Property and to Plaintiff.

53. The Subject Mortgage is a valid, first priority mortgage and lien encumbering the Subject Property.

54. If the Subject Mortgage and the lien interest in the Subject Property of the Planet Defendants and their successors and assigns is not established as superior to Plaintiff, then Plaintiff may reap a windfall and become unjustly enriched all to the detriment, damage and hardship of the Planet Defendants and their successors and assigns.

55. This claim for unjust enrichment is made in the alternative and only if the Subject Mortgage is held to be invalid and unenforceable.

WHEREFORE, the Planet Defendants seek judgment (1) dismissing the Revised Second Amended Complaint or, (2) in the event that the Subject Mortgage at issue in this Adversary Proceeding, or its associated lien, is rendered unenforceable, then the Planet Defendants be granted judgment against Plaintiff in the sum of $535,000 plus interest, along with such other and further relief as to this Court may deem just and proper, together with the costs and disbursements of this Adversary Proceeding.

## CROSSCLAIMS AGAINST CERTAIN DEFENDANTS

### FIRST CROSSCLAIM
**Contractual Indemnification**
**(Against Defendant, 12706 Holdings, Inc.)**

56. The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint and the factual background of their Counterclaim and Crossclaims as if fully set forth at length herein.

57. Pursuant to the terms of the indemnity provision set forth in the Loan Agreement, 12706 Holdings, as borrower and as indemnitor, agreed to "indemnify, defend and hold harmless Lender and its affiliates and their respective owners, members, managers, officers, directors, managers, agents, employees, trustees, partners, successors and permitted assigns from and against any and all losses, liabilities, claims, damages, expenses, obligations, penalties, actions,

judgments, suits, costs or disbursements of any kind or nature whatsoever, including the reasonable fees and actual expenses of Lender's counsel[.]"

58.     To date, 12706 Holdings has failed to honor its obligations under the indemnity provision of the Loan Agreement to, among other things, indemnify, defend and hold harmless the Planet Defendants for any and all losses, liabilities, claims, damages, expenses, obligations, penalties, actions, judgments, suits, costs or disbursements of any kind or nature whatsoever, including the reasonable fees and actual expenses, incurred and to be incurred by the Planet Defendants as a result of the Adversary Proceeding and the underlying bankruptcy case.

59.     12706 Holdings has failed to honor its obligations under the indemnity provision of the Loan Agreement and has otherwise breached the Loan Agreement.

60.     As a result of 12706 Holdings' breach of the indemnity provision of the Loan Agreement, the Planet Defendants have sustained damages, costs and expenses, and will continue to sustain damages, costs and expenses, as a result of this Adversary Proceeding and as a result of the Planet Defendants' enforcement of the Loan Documents.

WHEREFORE, the Planet Defendants demand that judgment be entered against 12706 Holdings:

(a)     For contractual indemnification for all losses, liabilities, claims, damages, expenses, obligations, penalties, actions, judgments, suits, costs or disbursements of any kind or nature whatsoever, including the reasonable fees and actual expenses, incurred and to be incurred by the Planet Defendants, together with appropriate interest thereon;

(b)     For declaratory relief, declaring 12706 Holdings liable to the Planet Defendants for all losses, liabilities, claims, damages, expenses, obligations, penalties, actions, judgments, suits, costs or disbursements of any kind or nature whatsoever, including the reasonable fees and actual expenses, incurred and to be incurred by the Planet Defendants;

(c)     For attorneys' fees and costs pursuant to the indemnity provision of the Loan Agreement and other Loan Documents; and

(d)     For such other legal or equitable relief that this Court may deem just and proper.

## SECOND CROSSCLAIM
## Breach of Guaranty Agreement
## (Against Woodburn)

61.     The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint and the factual background of their Counterclaim and Crossclaims as if fully set forth at length herein.

62.     PMG, as lender, extended and delivered the Commercial Mortgage Loan pursuant to the Loan Agreement, the Subject Mortgage, and the Note to 12706 Holdings, which was secured by the Guaranty Agreement.

63.     Pursuant to the Guaranty Agreement, Woodburn, in his personal and individual capacity, absolutely, irrevocably, and unconditionally guaranteed and promised to pay PMG any and all indebtedness of 127096 Holdings to PMG arising from or in connection with the Loan Documents.

64.     PMG performed in good faith all of its obligations under the Loan Documents by delivering the funds pursuant to the Loan Documents.

65.     Woodburn has breached his duties and obligations under the Guaranty Agreement by failing and refusing to pay to PMG the indebtedness owed to PMG under the Loan Documents and other indebtedness due and owing to PMG as a result of the Adversary Proceeding commenced by Plaintiff.

WHEREFORE, the Planet Defendants demand judgment against Woodburn for compensatory, consequential and incidental damages; for contractual attorneys' fees, interest, default interest, pre- and post-judgment interest, late fees, and costs of defending the Adversary Proceeding and prosecuting the Counterclaim and Crossclaims; and for such other relief as the Court may deem just and equitable.

## THIRD CROSSCLAIM
### Attorneys' Fees, Costs and Expenses
### (Against 12706 Holdings and Woodburn)

66. The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint and the factual background of their Counterclaim and Crossclaims as if fully set forth at length herein.

67. Article 5.13 of the Loan Agreement requires that, upon default, 12706 Holdings shall pay all costs and expenses, including the Planet Defendants' attorneys' fees, in connection with the Commercial Mortgage Loan, any judicial proceeding commenced at any time in any way related to the execution, delivery or performance of any Loan Document.

68. Article 7.4 of the Loan Agreement provides that 12706 Holdings shall reimburse the Planet Defendants for all amounts expended, advanced or incurred by the Planet Defendants to collect the Note, or to enforce the rights of the Planet Defendants under the Loan Agreement or any other Loan Document, including as contemplated by Section 6.3, or to defend or assert the rights and claims of the Planet Defendants under the Loan Documents including all court costs, reasonable attorneys' fees and expenses together with interest at the Default Rate.

69. Article IV of the Note requires that, upon default, 12706 Holdings to pay all costs of collection including, but not limited to, reasonable attorneys' fees and costs (including without limitation those incurred for or in connection with bankruptcy or insolvency proceedings) and all expenses in connection with the protection of, or realization on, the collateral securing the Note incurred by the Planet Defendants on account of such collection.

70. Article 3.4 of the Subject Mortgage requires that, upon default, 12706 Holdings shall pay all costs and expenses, including the Planet Defendants' attorneys' fees, in connection

with, among other things, any action or proceeding affecting or which may affect the security under the Subject Mortgage or the powers of PMG, as lender.

71.     Article A(3) of the Guaranty Agreement requires that, upon 12706 Holdings' and Woodburn's defaults, Woodburn promptly pay all costs and expenses of any collection or other realization under the Guaranty Agreement, including reasonable compensation to the Planet Defendants and their counsel, and all expenses, liabilities and advancements made or incurred by the Planet Defendants in connection therewith.

72.     The Planet Defendants have incurred and will continue to incur attorneys' fees, costs and expenses in connection with enforcing their rights under the Loan Documents, by defending against the Adversary Proceeding, by appearing in the underlying Chapter 13 bankruptcy case captioned *In re Evis Neverlane Stephens* pending under Case No. 21-42857, and by prosecuting their Counterclaim and Crossclaims.

WHEREFORE, the Planet Defendants demand judgment either dismissing the Revised Second Amended Complaint or, if the Subject Mortgage and/or its lien is rendered unenforceable, then judgment against 12706 Holdings for compensatory, consequential and incidental damages; for contractual attorneys' fees, interest, default interest, pre- and post-judgment interest, late fees, and costs of defending the Adversary Proceeding and prosecuting the Counterclaim and Crossclaims; and for such other relief as the Court may deem just and equitable.

**FOURTH CROSSCLAIM**
**Breach of Loan Documents**
**(Against 12706 Holdings)**

73.     The Planet Defendants repeat and incorporate their previous responses and Affirmative Defenses to the Revised Second Amended Complaint and the factual background of their Counterclaim and Crossclaims as if fully set forth at length herein.

74. PMG performed in good faith all of its obligations under the Loan Documents by delivering the funds pursuant to the Loan Documents.

75. As described in the foregoing paragraphs, 12706 Holdings has, among other things, failed to make payments owed to PMG in breach of the Loan Documents.

76. As a direct and proximate result of 12706 Holdings' breach of its contractual obligations to PMG, the Planet Defendants have incurred and continues to incur damages together with interest, default interest, late fees, and attorneys' fees and costs enforcing the security interest under the Loan Documents, enforcing the Loan Documents, defending against the Adversary Proceeding, and by prosecuting Counterclaims and Crossclaims in this Adversary Proceeding.

WHEREFORE, the Planet Defendants demand judgment either dismissing the Revised Second Amended Complaint or, if the Subject Mortgage and/or its lien is rendered unenforceable, then judgment against 12706 Holdings for compensatory, consequential and incidental damages; for contractual attorneys' fees, interest, default interest, pre- and post-judgment interest, late fees, and costs of defending the Adversary Proceeding and prosecuting the Counterclaim and Crossclaims; and for such other relief as the Court may deem just and equitable.

<div style="margin-left:auto">STEVENS & LEE, P.C.</div>

Dated: June 10, 2024       By:    /s/ Ryan P. Mulvaney
New York, New York              Ryan P. Mulvaney, Esq.
                            669 River Drive
                            Suite 201
                            Elmwood Park, New Jersey 07074
                            And
                            485 Madison Avenue
                            20th Floor
                            New York, New York 10022
                            Telephone: (201) 857-6777
                            Facsimile: (610) 371-8597
                            ryan.mulvaney@stevenslee.com

Counsel for Defendants, Planet Management
Group, LLC and Planet Home Lending, LLC
d/b/a Planet Home Servicing