**Dahiya Law Offices LLC**
75 Maiden Lane Suite 606
New York NY 10038
karam@dahiya.law
(212)766 8000

August 3, 2025

Honorable Jil Mazer-Marino
United States Bankruptcy Court, EDNY
Conrad B. Duberstein United States Bankruptcy Courthouse
271-C Cadman Plaza East
Brooklyn, NY 11201

Re: In re: *Evis Neverlane Stephens,* **Adv. Pro. No.: 22-01037 – Letter Request for Court Intervention to Compel Depositions**

Dear Judge Mazer-Marino:

I am writing as counsel for the Plaintiff in the above-referenced bankruptcy matter to address a critical issue regarding discovery compliance. Despite the Plaintiff's full cooperation, including the completion of her deposition, the Defendants have refused to make their clients amenable to deposition. Specifically, the Plaintiff requires the depositions of all Defendants to proceed fairly in this matter, and their refusal creates a highly inequitable situation that impedes the resolution of this case.

Due to unavoidable circumstances, the undersigned was unable to prosecute this case actively for at least one year. During this period, Ms. Narissa Joseph was handling the case in my absence, and she did not waive the right to depose the Defendants. However, Mr. Jordan Smith, one of the opposing counsels, insists that Ms. Joseph waived the depositions. Upon checking with Ms. Joseph, she denied ever giving up the deposition rights. The Plaintiff is now prepared to move very expeditiously to advance the proceedings. The Plaintiff has diligently fulfilled all discovery obligations, including submitting to her deposition last week, where she provided complete and transparent responses. In stark contrast, the Defendants have consistently declined to schedule or facilitate depositions of any of their clients, despite repeated requests and the undeniable relevance of their testimony. This non-compliance not only violates the principles of reciprocity under the Federal Rules of Civil Procedure (as applicable through Bankruptcy Rule 7026) but also severely prejudices the Plaintiff's ability to defend her position or adequately prepare for further proceedings.

1

Pursuant to Local Bankruptcy Rule 7007-1, the undersigned attempted to resolve this issue without court intervention by conferring in good faith with opposing counsel to reach an agreement on scheduling the depositions. However, these efforts have been unsuccessful, as the Defendants continue to refuse cooperation.

The Plaintiff cannot effectively defend her case or prepare for depositions without the testimony of all Defendants, as their evidence is essential to resolving key factual disputes. Federal Rule of Civil Procedure 56(d) explicitly supports this position even up to the summary judgment period stating: "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (2) allow time to obtain affidavits or declarations or to take discovery." This provision clearly authorizes compelling the Defendants' depositions to ensure the Plaintiff has access to critical facts. Thus the circumstances provides a compelling basis for extending discovery time to accommodate these necessary depositions.

Established case law underscores that discovery should be freely and liberally granted to promote the full disclosure of relevant facts. See *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Moreover, courts have discretion to extend discovery deadlines for good cause, particularly where such extension would prevent injustice and there is no prejudice to the opposing party. See *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997) (noting that the decision to extend discovery is within the sound discretion of the trial court and should be granted absent bad faith or undue prejudice). There is no prejudice to any party in granting this relief, as the Plaintiff's commitment to proceed expeditiously ensures minimal delay.

The undersigned is requesting the Court's intervention via this letter rather than a formal motion, as it is expected that the Court can admonish the parties regarding discovery compliance, and scheduling a motion would unnecessarily delay the proceedings. Courts have recognized the propriety of letter requests for judicial intervention in discovery disputes to promote efficiency and avoid undue delay, particularly in bankruptcy proceedings where expeditious resolution is paramount.  Similarly circumstances support the court's authority to address procedural issues, such as discovery non-compliance, through informal mechanisms like letters when formal

motion practice would be inefficient. These cases align with the Bankruptcy Court's inherent authority under 11 U.S.C. § 105(a) and under Rule 16 of the Federal Rules to issue orders necessary to carry out the provisions of the Bankruptcy Code and discovery in the attendant adversary proceeding.

Accordingly, I respectfully request that the Court issue an order compelling the Defendants to produce all their clients for deposition within a reasonable timeframe, such as 30 days, and consider extending the discovery period to allow the Plaintiff to obtain this essential testimony. Additionally, I request that the Court impose any appropriate sanctions for the Defendants' delay if deemed necessary.

To resolve this discovery dispute expeditiously, I further request that the Court convene a discovery conference as soon as possible via telephone. Pursuant to Bankruptcy Rule 7016 and Federal Rule of Civil Procedure 16(a), the Court may order the parties to appear for one or more pretrial conferences for purposes such as expediting disposition of the action, establishing early and continuing control so that the case may proceed to trial.

Wherefor, it is respectfully submitted that the Court issue an order and schedule a hearing as soon as possible to avoid further delay. Thank you for Your Honor's attention to this urgent matter.

Respectfully submitted,

*s/Karamvir Dahiya*
Karamvir Dahiya
