# EXHIBIT A

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 27th day of March, in the year 2019

BETWEEN EVIS STEPHENS, 127-06 177th Street, Jamaica, New York 11434

party of the first part, and 12706 HOLDINGS INC., 130-21 140th Street, Jamaica, New York 11436
party of the second part,

WITNESSETH, that the party of the first part, in consideration of

ten and other good and valuable consideration dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE A ANNEXED HERETO

BEING the same Premises conveyed to Grantor by deed from CMI Management, dated August 29, 2006, and recorded September 13, 2006 in the Office of the Queens County Register at CRFN 2006000517357.

ALSO KNOWN BY THE STREET ADDRESS OF 127-06 177th Street, Jamaica, New York 11434

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_____          _Evis Stephens_ (signature)
                                          EVIS STEPHENS

_____          _____

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of QUEENS, ss:

On the 27th day of March in the year 2019, before me, the undersigned, personally appeared EVIS STEPHENS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

ANOKYE S. BLISSETT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BL6168374
Qualified in Queens County
My Commission Expires June 11, 2019

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the      day of       in the year     , before me, the undersigned, personally appeared     , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

## ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of      , ss:

On the      day of      in the year     , before me, the undersigned, a Notary Public in and for said State, personally appeared     , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in      (If the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s)      to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said      execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

_____
NOTARY PUBLIC

## ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

State of     , County of     , ss:

On the      day of      in the year     , before me, the undersigned personally appeared      personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),  that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the      (add the city or political subdivision and the state or country or other place the acknowledgement was taken).

_____
NOTARY PUBLIC

# Bargain & Sale Deed
# With Covenants

EVIS STEPHENS
TO
12706 HOLDINGS INC.

Title No. United American UAT19-2297-Q

**DISTRIBUTED BY**
△△△
JUDICIAL TITLE
T: 800-281-TITLE   F: 800-FAX-9396

COUNTY: QUEENS

TOWN/CITY:

PROPERTY ADDRESS: 127-06 177th STREET

SECTION:

BLOCK: 12527

LOT: 93

**RETURN BY MAIL TO:**

Anthony S. Chilliest, Esq.
DONALDSON & CHILLIEST, LLP
1825 Park Avenue • Suite 1102
New York, New York 10035

## Schedule A Description

Title Number UAT19-2297-Q

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of 177th Street, distant 24.83 feet southerly from the corner formed by the intersection of the westerly side of 177 Street, with the southerly side of 127th Avenue;

RUNNING THENCE westerly and parallel with the northerly side of 129th Avenue, 115 feet;

RUNNING THENCE southerly and parallel with the westerly side of 177th Street, 30 feet;

RUNNING THENCE easterly and again parallel with the northerly side of 129th Avenue, 115 feet to the westerly side of 177th Street; and

THENCE northerly along the westerly side of 177th Street, 30 feet to the point or place of BEGINNING.

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York  
County of Quee } SS.:

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

__127-06 177TH STREET__  
Street Address Unit/Apt.

__QUEENS__ Borough — New York, __12527__ Block __93__ Lot (the "Premises");

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

__EVIS STEPHENS__  
Name of Grantor (Type or Print)

__Eves Stephens__  
Signature of Grantor

__12706 Holdings Inc__  
Name of Grantee (Type or Print)

__LW__  
Signature of Grantee

Sworn to before me this __27__ day of __March__ 20__19__

Sworn to before me this __27__ day of __March__ 20__19__

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

ANOKYE S. BLISSETT  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 02BL6168374  
Qualified In Queens County  
My Commission Expires June 11, 2019

ANOKYE S. BLISSETT  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 02BL6168374  
Qualified In Queens County  
My Commission Expires June 11, 2019

2019032700229101

PLANET- 00807



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

## Customer Registration Form for Water and Sewer Billing

**Property and Owner Information:**

(1) Property receiving service: BOROUGH: QUEENS     BLOCK: 12527     LOT: 93

(2) Property Address: 127-06 177TH STREET, QUEENS, NY 11434

(3) Owner's Name: 12706 HOLDINGS INC.

Additional Name:

**Affirmation:**

[✓] Your water & sewer bills will be sent to the property address shown above.

**Customer Billing Information:**

Please Note:

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B. Original bills for water and/or sewer service will be mailed to the owner, at the property address or to an alternate mailing address. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

**Owner's Approval:**

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:
Signature: _[signature]_     3/27/19
Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:
12706 Holdings Inc, by LeAntonia Woolbum

BCS-7CRF-ACRIS REV. 8/06

2019032700229101

THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT

AFFIDAVIT IN LIEU OF REGISTRATION STATEMENT

County of __Queens__ ) SS.:

State of New York )

__EVIS STEPHENS__, being duly sworn, deposes and says:

1) I am personally familiar with the real property known by the street address of (insert street address): __127-06 177TH STREET__ Block __12527__, Lot __93__, and make this Affidavit as (describe capacity in which affidavit is made) __GRANTOR__ in connection with a deed/lease/memorandum of lease (delete inapplicable description) which transfers an interest in the above real property, that is dated __3/27/2019__, and is between __EVIS STEPHENS__ and __12706 HOLDINGS INC.__.

2) The statements made in the Affidavit are true of my own knowledge, and I submit this Affidavit in order that this Instrument be accepted for recording without being accompanied by a registration statement, as such is defined by Article 2 of Subchapter 4 of Chapter 2 of Title 27 of the Administrative Code of the City of New York.

3) Exemption from registration is claimed because the Instrument affects neither (a) an entire multiple dwelling as such is defined by §27-2004(a)(7) of Article 1 of Subchapter 1, of Chapter 2 of Title 27 of the Administrative Code of the City of New York and New York State Multiple Dwelling Law §4(7) nor (b) a private dwelling as such is defined by §27-2004 (a) (4) of Article 1 of Subchapter 1 of Chapter 2 of Title 27 of the Administrative Code of the City of New York and of the New York State Multiple Dwelling Law §4(6) that is required to register pursuant to, Article 2 of Subchapter 4 of Chapter 2 of Title 27 of the Administrative Code of the City of New York. The Instrument does not affect a multiple dwelling because it affects the following (check applicable item):

☐ a commercial building
☑ a one-or two family dwelling whose owner or a family member resides in the dwelling
☐ a condominium unit in a multiple dwelling
☐ cooperative corporation shares relating to a single residential unit in a multiple dwelling
☐ mineral, gas, water, air or other similar rights not affecting a multiple dwelling
☐ lease of commercial space in a multiple dwelling
☐ vacant land

4) I am aware that this Affidavit is required by law to be submitted in order that the Instrument be recorded or accepted for recording without being accompanied by a registration statement. I am aware that any false statements made in this Affidavit may be punishable as a felony or misdemeanor under Penal Law Article 210 or as an offense under Administrative Code of the City of New York §10-154.

Sworn To Before Me This __27__ Day of __March__ 2019

_____
Notary Public

Signature
Address: 127-06 177TH STREET, JAMAICA, NY 11434
Telephone # 718-570-7318

ANOKYE S. BLISSETT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BL6169374
Qualified in Queens County
My Commission Expires June 11, 2019

Printed on paper containing 30% post-consumer material.

2019032700229101

PLANET- 00809



# REAL PROPERTY TRANSFER TAX RETURN
(Pursuant to Title 11, Chapter 21, NYC Administrative Code)

**NEW YORK CITY DEPARTMENT OF FINANCE — NYC-RPT**

## GRANTOR

- **Name:** EVIS STEPHENS
- **Grantor is a(n):** ☑ individual ☐ partnership ☐ corporation ☐ single member LLC ☐ multiple member LLC ☐ other
- **Permanent mailing address after transfer (number and street):** 127-06 177TH STREET
- **City and State:** JAMAICA, NY
- **Zip Code:** 11434
- Single member's name if grantor is a single member LLC:

## GRANTEE

- **Name:** 12706 HOLDINGS INC.
- **Grantee is a(n):** ☐ individual ☐ partnership ☑ corporation ☐ single member LLC ☐ multiple member LLC ☐ other
- **Permanent mailing address after transfer (number and street):** 130-21 140TH STREET
- **City and State:** JAMAICA, NY
- **Zip Code:** 11436
- **EMPLOYER IDENTIFICATION NUMBER:** 83-2200008

## PROPERTY LOCATION

| Address (number and street) | Apt. No. | Borough | Block | Lot | # of Floors | Square Feet | Assessed Value of Property |
|---|---|---|---|---|---|---|---|
| 127-06 177TH STREET | | QUEENS | 12527 | 93 | 2 | 1,378 | 26,280.00 |

- **DATE OF TRANSFER TO GRANTEE:** 3/27/2019
- **PERCENTAGE OF INTEREST TRANSFERRED:** 100 %

## CONDITION OF TRANSFER. See instructions

Check (✓) all of the conditions that apply and fill out the appropriate schedules of this return. Additionally, Schedules 1 and 2 must be completed for all transfers.

- a. ☑ Arms length transfer
- b. ☐ Transfer in exercise of option to purchase
- c. ☐ Transfer from cooperative sponsor to cooperative corporation
- d. ☐ Transfer by referee or receiver (complete Schedule A)
- e. ☐ Transfer pursuant to marital settlement agreement or divorce decree (complete Schedule I)
- f. ☐ Deed in lieu of foreclosure (complete Schedule C)
- g. ☐ Transfer pursuant to liquidation of an entity (complete Schedule D)
- h. ☐ Transfer from principal to agent, dummy, strawman or conduit or vice-versa (complete Schedule E)
- i. ☐ Transfer pursuant to trust agreement or will (attach a copy of trust agreement or will)
- j. ☐ Gift transfer not subject to indebtedness
- k. ☐ Gift transfer subject to indebtedness
- l. ☐ Transfer to a business entity in exchange for an interest in the business entity (complete Schedule F)
- m. ☐ Transfer to a governmental body
- n. ☐ Correction deed
- o. ☐ Transfer by or to a tax exempt organization (complete Schedule G)
- p. ☐ Transfer of property partly within and partly without NYC
- q. ☐ Transfer of successful bid pursuant to foreclosure
- r. ☐ Transfer by borrower solely as security for a debt or a transfer by lender solely to return such security
- s. ☐ Transfer wholly or partly exempt as a mere change of identity or form of ownership. Complete Schedule M
- t. ☐ Transfer to a REIT or to a corporation or partnership controlled by a REIT. (Complete Schedule R)
- u. ☐ Other transfer in connection with financing (describe): _____
- v. ☐ A grant or assignment of a leasehold interest in a tax-free NY area
- w. ☐ Transfer to an HDFC or an entity controlled by an HDFC. (Complete Schedule L)
- x. .......... Reserved
- y. .......... Reserved
- z. ☐ Other (describe)

1

NYC-RPT - Rev. 03.24.2017

2019032700229101010

PLANET- 00810

Form NYC-RPT

Page 2

### ● TYPE OF PROPERTY (✓)

- a. ☑ ......... 1-3 family house
- b. ☐ ......... Individual residential condominium unit
- c. ☐ ......... Individual cooperative apartment
- d. ☐ ......... Commercial condominium unit
- e. ☐ ......... Commercial cooperative
- f. ☐ ......... Apartment building
- g. ☐ ......... Office building
- h. ☐ ......... Industrial building
- i. ☐ ......... Utility
- j. ☐ ......... OTHER. (describe): _____

### ● TYPE OF INTEREST (✓)

Check box at LEFT if you intend to record a document related to this transfer. Check box at RIGHT if you do not intend to record a document related to this transfer.

|   | REC. |   | NON REC. |
|---|------|---|----------|
| a. | ☑ | Fee | ☐ |
| b. | ☐ | Leasehold Grant | ☐ |
| c. | ☐ | Leasehold Assignment or Surrender | ☐ |
| d. | ☐ | Easement | ☐ |
| e. | ☐ | Subterranean Rights | ☐ |
| f. | ☐ | Development Rights | ☐ |
| g. | ☐ | Stock | ☐ |
| h. | ☐ | Partnership Interest | ☐ |
| i. | ☐ | OTHER. (describe): | ☐ |

## SCHEDULE 1 - DETAILS OF CONSIDERATION

COMPLETE THIS SCHEDULE FOR ALL TRANSFERS AFTER COMPLETING THE APPROPRIATE SCHEDULES ON PAGES 5 THROUGH 12. ENTER "ZERO" ON LINE 11 IF THE TRANSFER REPORTED WAS WITHOUT CONSIDERATION.

| # | Description | Amount |
|---|---|---:|
| 1. | Cash ● 1. | 375,000.00 |
| 2. | Purchase money mortgage ● 2. | 0.00 |
| 3. | Unpaid principal of pre-existing mortgage(s) ● 3. | 0.00 |
| 4. | Accrued interest on pre-existing mortgage(s) ● 4. | 0.00 |
| 5. | Accrued real estate taxes ● 5. | 0.00 |
| 6. | Amounts of other liens on property ● 6. | 0.00 |
| 7. | Value of shares of stock or of partnership interest received ● 7. | 0.00 |
| 8. | Value of real or personal property received in exchange ● 8. | 0.00 |
| 9. | Amount of Real Property Transfer Tax and/or other taxes or expenses of the grantor which are paid by the grantee ● 9. | 0.00 |
| 10. | Other (describe): _____ ● 10. | 0.00 |
| 11. | **TOTAL CONSIDERATION** (add lines 1 through 10 - must equal amount entered on line 1 of Schedule 2) (see instructions) ● 11. $ | 375,000.00 |

See instructions for special rules relating to transfers of cooperative units, liquidations, marital settlements and transfers of property to a business entity in return for an interest in the entity.

## SCHEDULE 2 - COMPUTATION OF TAX

**A. Payment** | Pay amount shown on line 15 - See instructions | Payment Enclosed

| # | Description | Amount |
|---|---|---:|
| 1. | Total Consideration (from line 11, above) ● 1. | 375,000.00 |
| 2. | Excludable liens (see instructions) ● 2. | 0.00 |
| 3. | Consideration (line 1 less line 2) ● 3. | 375,000.00 |
| 4. | Tax Rate (see instructions) ● 4. | 1 % |
| 5. | HDFC Exemption (see Schedule L, line 15) ● 5. | 0.00 |
| 6. | Consideration less HDFC Exemption (line 3 less line 5) ● 6. | 375,000.00 |
| 7. | Percentage change in beneficial ownership (see instructions) ● 7. | 100 % |
| 8. | Taxable consideration (multiply line 6 by line 7) ● 8. | 375,000.00 |
| 9. | Tax (multiply line 8 by line 4) ● 9. | 3,750.00 |
| 10. | Credit (see instructions) ● 10. | 0.00 |
| 11. | Transfer tax previously paid (see Schedule L, line 18) ● 11. | 0.00 |
| 12. | Tax due (line 9 less line 10 and 11) (if the result is negative, enter zero) ● 12. | 3,750.00 |
| 13. | Interest (see instructions) ● 13. | 0.00 |
| 14. | Penalty (see instructions) ● 14. | 0.00 |
| 15. | **Total Tax Due** (add lines 12, 13 and 14) ● 15. $ | 3,750.00 |

2

201903270022910101

PLANET- 00811

## GRANTOR'S ATTORNEY

Name of Attorney: CHARLES L. MESTER, ESQ.
Address (number and street): 26 COURT STREET - SUITE 1200
City and State: BROOKLYN, NY
Telephone Number: ( 718 ) 797-5700
Zip Code: 11242

## GRANTEE'S ATTORNEY

Name of Attorney: ANTHONY S. CHILLIEST, ESQ.
Address (number and street): 1825 PARK AVENUE - SUITE 1102
City and State: NEW YORK, NY
Telephone Number: ( 212 ) 722-4900
Zip Code: 10035

## CERTIFICATION

I swear or affirm that this return, including any accompanying schedules, affidavits and attachments, has been examined by me and is, to the best of my knowledge, a true and complete return made in good faith, pursuant to Title 11, Chapter 21 of the Administrative Code and the regulations issued thereunder.

### GRANTOR

Sworn to and subscribed to before me on this 27 day of March 2019

Name of Grantor: EVIS STEPHENS

Signature of Notary / Signature of Grantor

ANOKYE S. BLISSETT
NOTARY PUBLIC - STATE OF NEW YORK
No. 02BL6168374
Qualified in Queens County
My Commission Expires June 11, 2019

### GRANTEE

Sworn to and subscribed to before me on this 27 day of March 2019

EMPLOYER IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER: 83-2200008

Name of Grantee: 12706 HOLDINGS INC.

Signature of Notary / Signature of Grantee

ANOKYE S. BLISSETT
NOTARY PUBLIC - STATE OF NEW YORK
No. 02BL6168374
Qualified in Queens County
My Commission Expires June 11, 2019

# REAL PROPERTY TRANSFER REPORT
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES
## RP - 5217NYC

**FOR CITY USE ONLY**
- C1. County Code
- C2. Date Deed Recorded: Month / Day / Year
- C3. Book OR
- C4. Page
- C5. CRFN

### PROPERTY INFORMATION

1. **Property Location**: 127-06 177TH STREET | QUEENS | 11434
2. **Buyer Name**: 12706 HOLDINGS INC.
3. **Tax Billing Address**: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
4. **Indicate the number of Assessment Roll parcels transferred on the deed**: 1 # of Parcels
   - 4A. Planning Board Approval - N/A for NYC
   - 4B. Agricultural District Notice - N/A for NYC
5. **Deed Property Size**: FRONT FEET X DEPTH OR ACRES
6. **Seller Name**: STEPHENS, EVIS
   - Check the boxes below as they apply:
   - 6. Ownership Type is Condominium
   - 7. New Construction on Vacant Land
9. Check the box below which most accurately describes the use of the property at the time of sale:
   - B ✓ 2 or 3 Family Residential

### SALE INFORMATION

10. **Sale Contract Date**: 2 / 25 / 2019
11. **Date of Sale / Transfer**: 3 / 27 / 2019
12. **Full Sale Price $**: 0
13. **Indicate the value of personal property included in the sale**:
14. Check one or more of these conditions as applicable to transfer:
    - J ✓ None

### ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. **Building Class**: B 3
16. **Total Assessed Value (of all parcels in transfer)**: 26,280
17. **Borough, Block and Lot / Roll Identifier(s)**: QUEENS 12527 93

2019032700229201 01
PLANET- 00813

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

**BUYER**

*[Signature]* LWL
BUYER SIGNATURE

DATE: 3/27/19

130-21 140TH STREET
STREET NUMBER / STREET NAME (AFTER SALE)

JAMAICA
CITY OR TOWN

STATE: NY

ZIP CODE: 11436

**BUYER'S ATTORNEY**

LAST NAME | FIRST NAME

AREA CODE | TELEPHONE NUMBER

**SELLER**

*[Signature]* Enis Stephens
SELLER SIGNATURE

DATE: 3.27-19

2019032700229201

PLANET- 00814

TP-584 (4/13)



New York State Department of Taxation and Finance

# Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certificate, and Certification of Exemption from the Payment of Estimated Personal Income Tax

*Recording office time stamp*

*See Form TP-584-I, Instructions for Form TP-584, before completing this form. Print or type.*

### Schedule A — Information relating to conveyance

**Grantor/Transferor**
- [✓] Individual
- [ ] Corporation
- [ ] Partnership
- [ ] Estate/Trust
- [ ] Single member LLC
- [ ] Other

Name *(if individual, last, first, middle initial)* ( [ ] check if more than one grantor)
STEPHENS, EVIS

Mailing address 127-06 177TH STREET

City: JAMAICA   State: NY   ZIP code: 11434

Single member's name if grantor is a single member LLC *(see instructions)*

Social security number: [redacted]
Social security number:
Federal EIN:
Single member EIN or SSN:

**Grantee/Transferee**
- [ ] Individual
- [✓] Corporation
- [ ] Partnership
- [ ] Estate/Trust
- [ ] Single member LLC
- [ ] Other

Name *(if individual, last, first, middle initial)* ( [ ] check if more than one grantee)
12706 HOLDINGS INC.

Mailing address 130-21 140TH STREET

City: JAMAICA   State: NY   ZIP code: 11436

Single member's name if grantee is a single member LLC *(see instructions)*

Social security number:
Social security number:
Federal EIN: 83 | 2200008
Single member EIN or SSN:

### Location and description of property conveyed

| Tax map designation - Section, block & lot (include dots and dashes) | SWIS code (six digits) | Street address | City, town, or village | County |
|---|---|---|---|---|
| 4 - 12527 93 | 650000 | 127-06 177TH STREET | NEW YORK | QUEENS |

**Type of property conveyed** *(check applicable box)*

1. [✓] One- to three-family house
2. [ ] Residential cooperative
3. [ ] Residential condominium
4. [ ] Vacant land
5. [ ] Commercial/Industrial
6. [ ] Apartment building
7. [ ] Office building
8. [ ] Other

Date of conveyance: 3 / 27 / 2019 (month/day/year)

Percentage of real property conveyed which is residential real property ___100.00___ %
*(see instructions)*

**Condition of conveyance** *(check all that apply)*

a. [✓] Conveyance of fee interest

b. [ ] Acquisition of a controlling interest (state percentage acquired _____ %)

c. [ ] Transfer of a controlling interest (state percentage transferred _____ %)

d. [ ] Conveyance to cooperative housing corporation

e. [ ] Conveyance pursuant to or in lieu of foreclosure or enforcement of security interest *(attach Form TP-584.1, Schedule E)*

f. [ ] Conveyance which consists of a mere change of identity or form of ownership or organization *(attach Form TP-584.1, Schedule F)*

g. [ ] Conveyance for which credit for tax previously paid will be claimed *(attach Form TP-584.1, Schedule G)*

h. [ ] Conveyance of cooperative apartment(s)

i. [ ] Syndication

j. [ ] Conveyance of air rights or development rights

k. [ ] Contract assignment

l. [ ] Option assignment or surrender

m. [ ] Leasehold assignment or surrender

n. [ ] Leasehold grant

o. [ ] Conveyance of an easement

p. [ ] Conveyance for which exemption from transfer tax claimed *(complete Schedule B, Part III)*

q. [ ] Conveyance of property partly within and partly outside the state

r. [ ] Conveyance pursuant to divorce or separation

s. [ ] Other *(describe)* _____

| For recording officer's use | Amount received Schedule B., Part I $ <br> Schedule B., Part II $ | Date received | Transaction number |
|---|---|---|---|

201903270022930101

PLANET- 00815


## Schedule B — Real estate transfer tax return (Tax Law, Article 31)

**Part I – Computation of tax due**

1. Enter amount of consideration for the conveyance *(If you are claiming a total exemption from tax, check the exemption claimed box, enter consideration and proceed to Part III)* ............ ☐ **Exemption claimed**
2. Continuing lien deduction *(see instructions if property is taken subject to mortgage or lien)* ..................
3. Taxable consideration *(subtract line 2 from line 1)* ..................
4. Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 ..................
5. Amount of credit claimed for tax previously paid *(see instructions and attach Form TP-584.1, Schedule G)* ........
6. Total tax due* *(subtract line 5 from line 4)* ..................

| | | |
|---|---:|---:|
| 1. | 375,000 | 00 |
| 2. | 0 | 00 |
| 3. | 375,000 | 00 |
| 4. | 1,500 | 00 |
| 5. | 0 | 00 |
| 6. | 1,500 | 00 |

**Part II – Computation of additional tax due on the conveyance of residential real property for $1 million or more**

1. Enter amount of consideration for conveyance *(from Part I, line 1)* ..................
2. Taxable consideration *(multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A)* .....
3. Total additional transfer tax due* *(multiply line 2 by 1% (.01))* ..................

| | | |
|---|---:|---:|
| 1. | 375,000 | 00 |
| 2. | 375,000 | 00 |
| 3. | 0 | 00 |

**Part III – Explanation of exemption claimed on Part I, line 1** *(check any boxes that apply)*

The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, the state of New York, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada) ............ a ☐

b. Conveyance is to secure a debt or other obligation ............ b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance ............ c ☐

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts ............ d ☐

e. Conveyance is given in connection with a tax sale ............ e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F ............ f ☐

g. Conveyance consists of deed of partition ............ g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act ............ h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property ............ i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment ............ j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, section 1401(e) *(attach documents supporting such claim)* ............ k ☐

*The total tax (from Part I, line 6 and Part II, line 3 above) is due within 15 days from the date conveyance. Please make check(s) payable to the county clerk where the recording is to take place. If the recording is to take place in the New York City boroughs of Manhattan, Bronx, Brooklyn, or Queens, make check(s) payable to the **NYC Department of Finance**. If a recording is not required, send this return and your check(s) made payable to the **NYS Department of Taxation and Finance**, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

201903270022930101

## Schedule C — Credit Line Mortgage Certificate (Tax Law, Article 11)

Complete the following only if the interest being transferred is a fee simple interest.

I (we) certify that: *(check the appropriate box)*

1. [✓] The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. [ ] The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:

    [ ] The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.

    [ ] The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).

    [ ] The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.

    [ ] The maximum principal amount secured by the credit line mortgage is $3,000,000 or more, and the real property being sold or transferred is not principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

    **Please note:** for purposes of determining whether the maximum principal amount secured is $3,000,000 or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.

    [ ] Other *(attach detailed explanation)*.

3. [ ] The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:

    [ ] A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.

    [ ] A check has been drawn payable for transmission to the credit line mortgagee or his agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. [ ] The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (Insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____. No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded or, if the recording is to take place in New York City but not in Richmond County, make check payable to the NYC Department of Finance.)*

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

_____   _____   _____   _____
Grantor signature          Title     Grantee signature          Title

_____   _____   _____   _____
Grantor signature          Title     Grantee signature          Title

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you checked e, f, or g in Schedule A, did you complete Form TP-584.1? Have you attached your check(s) made payable to the county clerk where recording will take place or, if the recording is in the New York City boroughs of Manhattan, Bronx, Brooklyn, or Queens, to the *NYC Department of Finance?* If no recording is required, send your check(s), made payable to the *Department of Taxation and Finance,* directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

2019032700229301

**Signature (both the grantor(s) and grantee(s) must sign)**

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| _____Emy Stephens_____ | _____ | _____LM_____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

2019032700229301

PLANET- 00818

## Schedule D - Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, section 663)

Complete the following only if a fee simple interest or a cooperative unit is being transferred by an individual or estate or trust.

If the property is being conveyed by a referee pursuant to a foreclosure proceeding, proceed to Part II, and check the second box under Exemptions for nonresident transferor(s)/seller(s) and sign at bottom.

### Part I - New York State residents

If you are a New York State resident transferor(s)/seller(s) listed in Schedule A of Form TP-584 (or an attachment to Form TP-584), you must sign the certification below. If one or more transferors/sellers of the real property or cooperative unit is a resident of New York State, each resident transferor/seller must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|---|---|---|
| Evis Stephens | EVIS STEPHENS | 3-27-19 |
| Evis Stephens | | |
| | | |
| | | |

**Note:** A resident of New York State may still be required to pay estimated tax under Tax Law, section 685(c), but not as a condition of recording a deed.

### Part II - Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Schedule A of Form TP-584 (or an attachment to Form TP-584) but are not required to pay estimated personal income tax because one of the exemptions below applies under Tax Law, section 663(c), check the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor(s)/seller(s), that transferor(s)/seller(s) is not required to pay estimated personal income tax to New York State under Tax Law, section 663. Each nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must complete Form IT-2663, *Nonresident Real Property Estimated Income Tax Payment Form*, or Form IT-2664, *Nonresident Cooperative Unit Estimated Income Tax Payment Form*. For more information, see *Payment of estimated personal income tax*, on page 1 of Form TP-584-I.

### Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ to _____ (see instructions).

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

2019032700229301

PLANET- 00819

## Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|---|---|---|
| *Evis Stephens* (signed) | EVIS STEPHENS | 3-27-19 |
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

## Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ Date to _____ Date (see instructions).

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| | | |
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

2019032700229301

PLANET- 00820