SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5,

            Plaintiff,

-against-

EVIS STEPHENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and JOHN DOE AND JANE DOE #1 through #7, the last seven (7) names being fictitious and unknown to the Plaintiff, the persons or parties intended being the tenants, occupants, persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the Complaint,

            Defendants.

---

**SUMMONS**

INDEX #
**Original filed with Clerk**

---

Plaintiff Designates Queens County as the Place of Trial

The Basis of Venue is that the subject action is situated Queens County

Premises:
127-06 177th Street
Springfield Gardens, NY 11434

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); the United States of America may appear or answer within 60 day of service hereof; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.



# Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

## Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home.

Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## Sources of Information and Assistance

The state encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS or visit the Department's website at WWW.BANKING.STATE.NY.US.

## Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

## NOTICE OF RIGHTS

YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THE UNPAID PRINCIPAL BALANCE OF THE DEBT YOU OWE THE PLAINTIFF/CREDITOR, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, AS OF MAY 1, 2012, WHICH DOES NOT INCLUDE INTEREST, LATE CHARGES, ATTORNEYS FEES, ESCROW ADVANCES, ETC. IS $411,651.39.

IF YOU NOTIFY THE HEREIN DEBT COLLECTOR IN WRITING WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT HEREOF THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF ANY JUDGMENT AGAINST YOU REPRESENTING THE DEBT AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY THE HEREIN DEBT COLLECTOR.

IF APPLICABLE, UPON YOUR WRITTEN REQUEST, WITHIN SAID THIRTY (30) DAY PERIOD, THE HEREIN DEBT COLLECTOR WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

IF YOU HAVE RECEIVED A DISCHARGE FROM THE UNITED STATES BANKRUPTCY COURT, YOU ARE NOT PERSONALLY LIABLE FOR THE UNDERLYING INDEBTEDNESS OWED TO PLAINTIFF/CREDITOR AND THIS NOTICE/DISCLOSURE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY.

-THIS SPACE HAS INTENTIONALLY BEEN LEFT BLANK-

DEBT COLLECTORS, IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.§ 1692 ET SEQ., ARE PROHIBITED FROM ENGAGING IN ABUSIVE, DECEPTIVE, AND UNFAIR DEBT COLLECTION EFFORTS, INCLUDING BUT NOT LIMITED TO (I) THE USE OR THREAT OF VIOLENCE; (II) THE USE OF OBSCENE OR PROFANE LANGUAGE; AND (III) REPEATED PHONE CALLS MADE WITH THE INTENT TO ANNOY, ABUSE, OR HARASS.

IF A CREDITOR OR DEBT COLLECTOR RECEIVES A MONEY JUDGMENT AGAINST YOU IN COURT, STATE AND FEDERAL LAWS MAY PREVENT THE FOLLOWING TYPES OF INCOME FROM BEING TAKEN TO PAY THE DEBT:

A. SUPPLEMENTAL SECURITY INCOME, (SSI);
B. SOCIAL SECURITY;
C. PUBLIC ASSISTANCE (WELFARE);
D. SPOUSAL SUPPORT, MAINTENANCE (ALIMONY) OR CHILD SUPPORT;
E. UNEMPLOYMENT BENEFITS;
F. DISABILITY BENEFITS;
G. WORKERS' COMPENSATION BENEFITS;
H. PUBLIC OR PRIVATE PENSIONS;
I. VETERANS' BENEFITS;
J. FEDERAL STUDENT LOANS, FEDERAL STUDENT GRANTS, AND FEDERAL WORK STUDY FUNDS; AND
K. NINETY PERCENT OF YOUR WAGES OR SALARY EARNED IN THE LAST SIXTY DAYS.

## NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this Summons and Complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5 AND FILING THE ANSWER WITH THE COURT.

Dated: Uniondale, New York
_____May 7_____, 2015

Respectfully submitted,

Clarfield, Okon, Salomone & Pincus, P.L.

By: _____
Antoinette Currie, Esq.
*Attorneys for Plaintiff*
425 RXR Plaza
Uniondale, NY 11556
516-699-8902

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5,

          Plaintiff,

-against-

EVIS STEPHENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and JOHN DOE AND JANE DOE #1 through #7, the last seven (7) names being fictitious and unknown to the Plaintiff, the persons or parties intended being the tenants, occupants, persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the Complaint,

          Defendants.

**COMPLAINT**

INDEX #

---

Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, by its attorneys, complaining of the Defendants, alleges upon information and belief as follows:

1. That the Plaintiff herein is, and at all times hereinafter mentioned was, a Corporation organized and existing under and by virtue of the laws of the United States of America.

2. On August 29, 2006, the Defendant, EVIS STEPHENS (hereinafter "Mortgagor"), executed and delivered to NOVASTAR MORTGAGE, INC., A VIRGINIA CORPORATION, a Note (hereinafter "the Note") in the principal sum of $630,000.00. A copy of the Note is annexed hereto as **Exhibit "A"**.

3. On August 29, 2006, the Mortgagor executed and delivered to MERS, INC., AS NOMINEE FOR NOVASTAR MORTGAGE, INC., CORPORATION, a Mortgage (hereinafter "the Mortgage") in the principal sum of $630,000.00 with interest, mortgaging the premises

known as 127-06 177th Street, Springfield Gardens, NY 11434 ("the Premises") as collateral security for the Note. The mortgaged premises are more fully described in **Exhibit "B"** annexed hereto.

    4.    The subject mortgage was recorded on August 14, 2007, in Official Records as CRFN 2007000419551, of the Public Records of Queens County, New York and the Mortgage Tax was duly paid. A copy of the Mortgage is annexed hereto as **Exhibit "C"**. Thereafter, said mortgage was assigned on May 23, 2008, from NOVASTAR MORTGAGE, INC., to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 and said assignment was recorded in the Office of the City Register of the City of New York on October 3, 2008, as CRFN 2008000391944. Said mortgage was further assigned on June 17, 2013, from DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5 and said assignment was recorded in the Office of the City Register of the City of New York on August 1, 2013, as CRFN 2013000302711. Said assignment was corrected by virtue of a corrective assignment on November 19, 2014 from MERS, INC., AS NOMINEE FOR NOVASTAR MORTGAGE, INC., to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 as a corrective assignment to correct that assignment recorded on October 3, 2008 as CRFN 2008000391944 to properly name the assignor, and said assignment was recorded in the Office of the City Register of the City of New York on January 7, 2015. Copies of Assignments are collectively annexed hereto as **Exhibit "D"**. Said mortgage was modified by an agreement (hereinafter "the Loan Modification Agreement) dated September 29, 2010, to form a new principle balance of $428,635.67. A copy of said modification is annexed hereto as **Exhibit "E"**. Plaintiff is the owner and holder of the promissory note and mortgage at issue in this proceeding.

    5.    Prior to the filing the complaint, Plaintiff or Plaintiff's agent was in possession and control of the original promissory note and mortgage.

    6.    Pursuant to the Loan Modification Agreement, the Mortgagor promised to make consecutive monthly payments commencing on November 1, 2010, with subsequent payments to

be made in accordance with the terms of the loan modification agreement each month through and including September 1, 2036, when the entire principal amount and accrued interest shall be due and payable.

7. Pursuant to the Mortgage, the Mortgagor promised to pay, in addition to principal and interest, all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

8. The Mortgagor defaulted on his obligation under the terms of the Note, Mortgage and Loan Modification Agreement by failing and omitting to pay to the Plaintiff payments due on June 1, 2012, and said default has continued for a period in excess of fifteen (15) days.

9. Plaintiff notified the Mortgagor of the default under the terms of the Note and Mortgage however, the Mortgagor failed to remedy the default. As a result of the Mortgagor's failure to remedy the default, the Plaintiff elected to declare the entire principal balance due and owing. A copy of the Notice of Default is annexed hereto as **Exhibit "F"**.

10. Pursuant to the terms of the Note and Mortgage, the Plaintiff has elected and does hereby elect to declare the entire principal balance to be due and owing.

11. By reason of the foregoing, there is now due and owing from the Mortgagor to Plaintiff the principal sum of $411,651.39 plus interest and late charges.

12. The Note provides that in the event any installment shall become overdue for a period in excess of fifteen (15) days a late charge of 2.00% on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment.

13. The Mortgage further provides that in the event of default by the Mortgagor, Plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises.

14. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective until the costs and disbursements of this action and any and all future defaulted payments under the aforesaid Note and Mortgage occurring prior to the discontinuance of this action are fully paid.

15. That in order to protect its security, the Plaintiff may be compelled during the pendency of this action to pay taxes, assessments, water, sewer charges, insurance premiums,

and other charges for the protection of the premises, and the Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein and be deemed secured by said Mortgage and adjudged a valid lien on the premises described herein.

16. The Plaintiff is now and was at the commencement of the within action the sole, true and lawful owner of said Note and Mortgage securing the same or has been delegated the authority to institute a mortgage foreclosure action against the homeowner by the owner and holder of the subject Mortgage and Note, and the within subject Mortgage complies with the underwriting standards in §6-m of the Banking Law, as well as the pre-foreclosure notice requirements, unless exempt from doing so.

17. Plaintiff has complied with all provisions of Banking Law §§ 595-a, 6-l and 6-m, and any rules and regulations promulgated thereunder, if applicable.

18. Plaintiff has complied with Real Property Actions and Proceedings Law §§ 1304 and 1306, if applicable.

19. That each of the Defendants, including but not limited to the aforementioned Defendant, have or claim to have some interest in, or lien upon, the said mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the Plaintiff's Mortgage.

20. That each and all defendants herein have or claim to have some interest in, or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of said mortgage, and is subject subordinate thereto. The liens of defendants who are judgment creditors that were filed prior to origination of the mortgage are subordinate to the lien of Plaintiff inasmuch as Plaintiff's mortgage is a purchase money mortgage.

21. That any government agencies or instrumentalities are named as defendants herein solely by reason of a lien as set forth herein as **Exhibit "G"**, if applicable.

22. That if the premises consist of more than one parcel, Plaintiff respectfully requests that the judgment of foreclosure provide for the parcels be sold as one parcel.

23. That no other action has been commenced at law or otherwise for the same relief except an action commenced under Index number 020601/2007, which action, upon information and belief is being discontinued.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. That the Defendant and all persons claiming under them, or any of them, subsequent to the filing of the Notice of Pendency of this action and the recording of the mortgage in the Office of the Clerk of Queens County, the county in which said mortgaged premises are located, and every person whose conveyance or encumbrance is subsequent or subsequently recorded or subordinate, be forever barred or foreclosed of any and all right, title, claim, lien and equity of redemption of the said mortgaged premises and each and every part thereof;

B. that the premises be sold according to law;

C. that the amount due to Plaintiff on its Note and Mortgage may be adjudged;

D. that the monies received from the sale may be brought into Court;

E. that Plaintiff be paid the amount adjudged to be due it with interest thereon to the time of such payment, together with the costs and disbursements of this action, together with Plaintiff's attorneys' fees, late charges, escrow advances and the expenses of said sale to the extent that the amount of such monies applicable thereto will pay the same;

F. that this Court, if requested, forthwith appoints a Receiver of the rents and profits of said premises and the usual powers and duties;

G. unless the Defendant, EVIS STEPHENS, has been discharged by the United State Bankruptcy Court for the underlying indebtedness owed to Plaintiff, that the Defendant, be adjudged to pay any deficiency which may remain after applying all of such monies as aforesaid in accordance with the law made and provided that Plaintiff have execution therefore;

H. Plaintiff specifically reserves its rights to share in any surplus monies arising from the sale of subject premises by virtue of its position as a judgment or other lien creditor excluding the Mortgage being foreclosed herein.

**-THIS SPACE HAS INTENTIONALLY BEEN LEFT BLANK-**

I.  that the Plaintiff have such other and further relief as may be just and equitable together with the costs, allowances and disbursements of this action.

Dated: Uniondale, New York
       May 7, 2015

                              Respectfully submitted,

                              Clarfield, Okon, Salomone & Pincus, P.L.

                       By: _____
                              Antoinette Currie, Esq.
                              *Attorneys for Plaintiff*
                              425 RXR Plaza
                              Uniondale, NY 11556
                              516-699-8902

Stephens-012