SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X Index No. 704762/2015

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST,
SERIES 2006-5, NOVASTAR HOME EQUITY MORTGAGE LOAN
ASSET-BACKED CERTIFICATES, SERIES 2006-5,

                                                  Plaintiff(s)

                                                  ANSWER

    -against-

EVIS STEPHENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
And "JOHN DOE" AND "JANE DOE #1"through #7,
The last seven (7) names being fictitious, and unknown to the plaintiff,
The persons or parties intended being the tenants, occupants,
Persons or parties, if any, having or claiming an interest in or lien
Upon the mortgaged premises, described in the complaint,

                                              Defendant(s)

-------------------------------------------------------------------X

RECEIVED
OCT 15 2015
COUNTY CLERK
QUEENS COUNTY

Evis Stephens owner of the premises known as 127-06 177th Street, Springfield Garden, NY 11434, by and through themself, as Pro-Se' Verify Answer allegations contained in the Summons and Complaint, based upon their personal knowledge of the experiences that is related herein and based upon information and belief, based on the contents of the files maintained.

1. Defendants deny the allegation contained in paragraph "ONE" where they lack knowledge and information sufficient as to form a belief.

2. Defendants deny the allegation contained in paragraph "TWO" whereas this is defendants only residents.

3. Defendants deny the allegation contained in paragraph "THREE", respectfully leave all questions of the Law to the Court.

4. Defendants deny the allegation contained in paragraphs "FOUR", "a", "b", "c", & "d".

5. Defendants deny the allegation contained in paragraphs "FIVE", where the lack of information and knowledge sufficient to form a belief.

6. Defendants deny the allegation contained in paragraphs "SIX", plaintiff are subject to the assignments Laws of New York State as stated in 1999 conformity.

7. Defendants deny the allegation contained in paragraphs "SEVEN" & "EIGHT", thereby request that plaintiff produce All Ink Wet Legal Original Documentations to Validate such.

Stephens-073



8. Defendants deny the allegation contained in paragraph, "NINE" & "TEN" where the lack of information and knowledge is insufficient to form a belief.

9. Defendants deny the allegation contained in paragraphs "ELEVEN".

10. Defendants deny the allegation contained in paragraph, "TWELVE" & "THIRTEEN", hereby demand that plaintiff produce **WET INK LEGAL ORIGINAL DOCUMENTATIONS** to this **COURT**.

11. Defendants admits the contents in paragraph, "FOURTEEN" and herein would add that this is the **THIRD (3)** such foreclosure action taken by plaintiff.

12. Defendants admits the contents in paragraph, "FIFTEEN".

13. Defendants deny the allegation contained in paragraph, "SIXTEEN" & "SEVENTEEN", where the lack of information and knowledge is insufficient to form a belief.

14. Defendants deny the allegation contained in paragraphs "EIGHTEEN" and "NINETEEN" Respectfully leave all questions of Law to the Court.

### This Answer is also as per following:

a. Pursuant to C.P.L.R. 3211 (a)(1)(5)and (7), dismissing Plaintiff's Complaint pursuant to the documentary evidence, for failure to state a cause of action sounding ownership and for failing to name the necessary party with standing.

b. "An action must be pursued by real party in interest".

c. An per Real Property Law 290(3) & 309-a (1) by providing the form with which a "Certificate of Acknowledgement, within this state, of a conveyance or other instrument in respect to real proper situated in this State, by a person, must conform".

d. Under Uniform Commercial Code, a Note is a one of a kind negotiable instrument that has the only Legally Binding chain of assignment.

e. Plaintiff Lack Standing pertaining MERS Credibility and duty.

f. Under C.P.L.R. 5019, an Assignment must be accompanied by a **Certificate of Conformity**.

### BACKGROUND

15. This case involves the property address known as 127-06 177th Street, Springfield Garden, NY 11434, all apartments, common areas and air right therein, hereafter referred to as the "premises".

16. Plaintiff submitted, Complaint stating with specification the facts and circumstances of the within matter.

17. Evis Stephens submitted a Pre-Answer date June 2015 and recorded with the County Clerk Office, on or about June 1st 2015.                                          (See     Attached -A-)

18. Evis Stephens is the owner in fee, of the herein mention property.

19. Upon information and belief Defendants are in compliance with the bill payment.

### FIRST AFFIRMATIVE DEFENSE

20. Pursuant to CPLR 3211 (a)(7) Plaintiffs Lack Standing to Commenced this Proceeding.

21. **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST SERIES 2006-5, NOVASTAR HOME EQUITY Loan Asset-Backed Certificates, Series 2006-5,** is not and NEVER was the Holder of the Note, whereby making this complaint jurisdictionally defective and must be dismissed as a matter of law.

22. That Evis Stephens (herein after refer to as) "Stephens", is looking forward in having these individuals appear in this COURT and SWEARING under OATH as being the Allege person with a valid State Identification, being Authorized to SIGN all Official mention Documents.

23. Upon Information and belief Chief Justice Lippman said, the Courts have decided to make Lawyers, who represent the Plaintiff(s) in foreclosure actions, responsible for the accuracy of the underlying documents. The Judge said that Lawyers must file signed affirmations that they took "reasonable" steps to verify the accuracy of documents.

24. The first assignment in this matter was executed by "Laura Hescott", on behalf of NovaStar Mortgage Inc., by Saxon Mortgage Services, Inc. as Attorney in Fact dated May 23rd 2008. Neither a Corporate Resolution nor a Power of Attorney to Ms. Hescott was recorded with this assignment. The this Court should find the assignment invalid and Plaintiff Deutsche Bank National Trust Company as Trustee for NovaStar Mortgage Funding Trust, Series 2006-5 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-5, lacked standing to bring the instant foreclosure action.

25. As per the compliance with the statutory requirements of CPLR 3215 (f), by an affidavit of facts executed by someone with authority to execute such an affidavit, and if the affidavit of facts is executed by a Loan SERVICER, a copy of a Valid Power of Attorney to the Loan Servicer, and the Servicing Agreement Authorizing the affiant to act in the instant foreclosure action.

26. As per Banking Law Article 12-D( Statutory Authority)Servicing mortgage loan business conduct rules Section 419.14 Servicing prohibitions (H) Failing to provide the borrower with the notice required by Real Property Action and Proceedings Law section 1304 at least ninety days before commencing legal action against the borrower or in the case of a residential cooperative, failing to provide the debtor with the notice required by Uniform Commercial Code section 9-611 at least ninety days before disposing of the debtors cooperative interest;

and (2) Failing to make the filings with the Superintendent as required by Real Property, Actions and Proceedings Law section 1306.

## SECOND AFFIRMATIVE DEFENSE

27. Plaintiff has failed to meet the requirements of CPLR 5019.

28. Pursuant to RPL Article 309, a certificate of acknowledgement must use when the person executing the particular instrument appears before the individual take the acknowledgement.

29. A certificate for a proof of execution by a subscribing witness is required by the statute. AMENDMENT TO SECTION 309: CORPORATION ACKNOWLEDGEMENT FORM; The New York State Real Property Law was amended by Chapter 179 of Laws of 1997 and chapter 596 of Laws 1998, to add sections 309-a and 309-b to Article 9 ("Recording Instruments Affecting Real Property"). RPL 309-a, prescribes the use of two new uniform forms of acknowledgement to be used when taking acknowledgments within the state of New York. RPL 309-a, provides that these new forms may be use d now, but requires the use of them on and after September 1, 1999. As such the complaint is jurisdictionally defective and must be dismissed as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

30. The assignment is not accompanied by a certificate of conformity establishing the authority of the notary to take the acknowledgement (See Ford Motor Credit Co. v Prestige Gown Cleaning Serv., 193 Misc 2d 262, 264 [2002]; CPLR 2309 [c]; Real Property Law § 299-a Raytsin v Discover Bank, N.A., 6 Misc 3d 48 [2004]. The failure to attach a certificate of conformity makes the assignment ineffective, renders, the complaint jurisdictionally defective and the compliant must be dismissed as a matter of law.

31. Plaintiffs failed to provide the debtor a notice of assignment. The Federal Fair Dept. Collection Practices Act Lists 16 "false, deceptive or misleading" practices, some of which would not be available by requiring a notice of assignment to be given by the assignor to the debtor. The trend in consumer protection law is to require such notice (see Uniform Consumer Credit Code 1974 § 3.204, ULA Cons Credit's 3.204 [2009]),especially in dealing with consumer credit dept. Plaintiffs failed to provide the predicate notice as described by statute and therefore the complaint is rendered jurisdictionally defective and the complaint must be dismissed as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

32. The loan/mortgage and the note were taken out from mortgage (lender) NovaStar Mortgage Inc., Corporation, for the amount of $630,000.00.          (Attached          Exhibit   –B-)

33. (MERS) Mortgage Electronic Registration System, Inc., acting solely as a nominee for Lender. MERS assignment was FOR PURPOSES OF RECORDING THIS MORTGAGE only.

34. The Assignment was without the DELIVERY, INCLUSION or mention of the PROMISSORY NOTE. A Document ID: 2008072800515001 date 05-22-2008 and Preparation Date 09-26-2008 an ASSIGMENT, MORTGAGE from **NOVASTAR MORTGAGE Inc.**, to **Deutsche Bank National Trust Company** with the CRFN#2007000419551 was recorder with New York Department of Finance, Office of the City Register on 10-03-2008, without the Note and NO Endorsement from NOVASTAR Rendering this transferred document jurisdictionally defective and a nullity and this matter must be dismissed as matter of law.        (Attached   Exhibit   –C-)

35. The **FIRST (1)** ALLEGE Assignment from NovaStar Mortgage Inc., to Deutsche Bank National Trust Company, is without a clean chain of title and this allege transfer is hereby base on broken chain of title. Thereby making this transfer defective and be considered **VOID** and unenforceable.

36. The Assignment was without the DELIVERY, INCLUSION or mention of the PROMISSORY NOTE. A Document ID: 2013062401590001 date 06-17-2013 and Preparation Date 06-24-2013 an ASSIGMENT of MORTGAGE, from **Deutsche Bank National Trust Company** TO **Deutsche Bank National Trust Company** with the CRFN#2007000419551 was record with New York Department of Finance, Office of the City Register on 08-01-2013, rendering this transferred document jurisdictionally defective also a nullity and this assignment must be dismissed, as matter of law.        (Attached   Exhibit  -D-)

37. The **SECOND (2)** ALLEGE Assignment **FROM** Deutsche Bank National Trust Company **TO** Deutsche Bank National Trust Company, is without a clean chain of title and this allege transfer is hereby base on broken chain of title. Thereby making this transfer defective and be considered **VOID** and unenforceable.

38. The Assignment was without the DELIVERY, INCLUSION or mention of the PROMISSORY NOTE. A Document ID: 2014112300818001 date 11-20-2014 and Preparation Date 01-02-2015 an ASSIGMENT of MORTGAGE, FROM **(MERS) Mortgage Electronic Registration Systems Inc.**, **TO** **Deutsche Bank National Trust Company** with the CRFN#2007000419551 was record with New York Department of Finance, Office of the City Register on 08-01-2013, rendering this transferred document jurisdictionally defective also a nullity and this assignment must be dismissed, as matter of law.        (Attached   Exhibit  -E-)

39. The **THIRD (3)** ALLEGE Assignment **FROM** (MERS) Mortgage Electronic Registration System Inc., **TO** Deutsche Bank National Trust Company, is without a clean chain of title and this allege transfer is hereby base on broken chain of title. Thereby making this transfer defective and be considered **VOID** and unenforceable.

40. Defendant Stephens was not notified by Deutsche Bank Nation Trust Co., as to the assignment of the mortgage and note also the last assignment dated 01/07/2015 from MERS to Deutsche Bank National Trust Co.

### EIGHTH AFFIRMATIVE DEFENSES
### MERS

46. MERS claims to become the mortgagee of record by assignment or in the original security instrument (MERS. As Original Mortgagee or "MOM"). Once MERS is the mortgagee or record, MERS believes that subsequent assignments of the mortgage are not necessary upon a transfer of servicing to another MERS member or the sale of the beneficial interest in the promissory or mortgage note because MERS remains the mortgage on behalf of the current owner and servicer. Many cases have challenged these assertions, particularly claiming that an assignment cannot be valid, if it separates the interest in the mortgage from the interest in the mortgage note. Recent decisions have held flatly that any assignment executed by MERS, as nominee for the actual Lender and mortgagee, is invalid.

47. MERS serves as the mortgagee of record for lenders, investors and their loan servicers in the county land records. MERS claims its process eliminates the need to file assignments in the county land records, which lowers costs for lenders and consumers by reducing county recording revenues from real estate transfers and provides a central source of information and tracking for mortgage loans. MERS helped make mortgage-backed securities possible. Others have claimed that it is a scheme to evade paying the states their mortgage recording fees, hide the identity of the actual owners of the mortgage, and puts a cloud on the title to all of the properties in which MERS has attempted to assign a mortgage to another entity.

48. When a foreclosure is completed, MERS never actually retains or enjoys the use of any of the proceeds from a sale of the foreclosed property, but rather would remit such proceeds to the true party at interest.

49. MERS does not acquire an interest in promissory notes or debt instruments of any nature.

50. MERS is not a custodian of promissory notes underlying the instrument for which it serves as "nominee".

51. MERS does not even maintain copies of promissory notes underlying the security instrument for which it serves as "nominee".

52. Even when the promissory note is physically placed in the hands of the servicer's employee who is a nominal MERS has no actual authority to control the foreclosure or the legal actions undertaken in its name.

53. MERS as a corporation has no archive or repository of the promissory notes secured by deeds of trust or other mortgage security instruments for which it serves as nominee.

54. Upon information and belief, MERS has no financial interest or ownership interest in the Mortgage and never has any interest in the Note. Its records do not qualify as business records and they are not public records. Officers of MERS have testified in other litigation that it does not obtain any interest in or possession of, the Note at any time and has no legal power to assign any interest in the Note.

## CONCLUSION

Plaintiffs have failed in all aspects in the commencement of this action, which is a willful and intentional misrepresented of specific facts and circumstances that Plaintiffs and/or their counsel knew or should have known are false, thus they do not present clean hands to this Court, by even requesting this matter proceed. Whereby making the entire commencement of this proceeding, jurisdictionally defective.

**W H E R E F O R E**, Evis Stephens respectfully request;

(a) Order the cancellation of the Summons & Compliant also the List Pendency.

(b) Pursuant to FAS 140, for cost and disbursements.

(c) Also granting such further reliefs as may be just.

Dated: New York, Kings County
September 30th, 2015

*Evis Stephen*
Evis Stephens

Sworn to before me this
3rd of October 2015

*[signature]*
Notary

PAMELA GODETTE
Notary Public State of New York
No. 01GO6171070
Qualified in Kings County
Commission Expires December 22, 2015

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

--------------------------------------------------------------------X Index No. 704762/2015
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST,
SERIES 2006-5 NOVASTAR HOME EQUITY MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-5,

                                             Plaintiff(s)

                                                       ANSWER

              -Against-

EVIS STEPHENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
And "JOHN DOE" AND "JANE DOE #1"through #7,
The last seven (7) names being fictitious, and unknown to the plaintiff,
The persons or parties intended being the tenants, occupants,
Persons or parties, if any, having or claiming an interest in or lien
Upon the mortgaged premises, described in the complaint,
                                             Defendant(s)
--------------------------------------------------------------------X

**State of New York, County of Queens:** ss:

To the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR)

SIGN NAME: _Evis Stephens_ (signature)

PRINT NAME:   Evis Stephens

ADDRESS:   127-06 177TH Street,
                        Springfield Garden, NY 11434

TELEPHONE NO.:   (718) 576-2211