# EXHIBIT M-2

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

PLANET MANAGEMENT GROUP, LLC
105 MAXESS ROAD, SUITE N107
MELVILLE, NY 11747

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT OF LEASES AND RENTS ("Assignment") made this **27TH** day of **MARCH, 2019**, by **12706 HOLDINGS INC**, a **NEW YORK** Corporation, having its principal office and place of business at **130-21 140TH STREET JAMAICA, NY 11436**, ("Assignor"), to **PLANET MANAGEMENT GROUP, LLC**, a banking corporation, having an office at **105 MAXESS ROAD, SUITE N107, MELVILLE, NY 11747** ("Assignee").

### RECITALS:

A.  Assignor is the owner of certain real property and improvements commonly known as **127-06 177TH STREET, JAMAICA, NY 11434**, as more particularly described in Exhibit A attached hereto and by this reference incorporated herein (the "Property").

B.  Assignor has executed and delivered to Assignee a Promissory Note dated of even date herewith, in the principal amount of **FIVE HUNDRED THIRTY-FIVE THOUSAND DOLLARS and 00/100 ($535,000.00) DOLLARS** (the "Note"), and a Mortgage of even date and intended to be recorded contemporaneously herewith (the "Mortgage"), which Mortgage secures the obligations of Assignor under the Note, the Mortgage and this Assignment (the "Secured Obligations").

C.  Assignor desires to transfer and assign to Assignee, as additional security for the payment and performance of the Secured Obligations, all of Assignor's right, title and interest in any and all leases, subleases, lettings and licenses of or affecting the Property that heretofore have been, or may hereafter be, entered into by Assignor and (i) all amendments, extensions, modifications, replacements or renewals thereof, (ii) the rents, royalties, security deposits, income, receipts, revenues and other sums now due, or which may hereafter become due, to Borrower under any Lease (collectively, "Leases") (including all oil and gas or other mineral royalties and bonuses) or arising from the use, enjoyment and occupancy of any part of the Property, and (iii) the right to enforce, whether at law or in equity or by any other means, all rights and remedies which Borrower may have against any party under the Leases, including, without limitation, any guarantees of the obligations owed Assignor thereunder (collectively, "Rents").

NOW, THEREFORE, for the consideration of $10.00 and other good and valuable consideration, with intent to be legally bound hereby, and as an inducement for Assignee to make the loan evidenced by the Note and secured by the Mortgage, Assignor hereby transfers, sets over and assigns to Assignee as additional security and collateral for the payment and performance of the Secured Obligations, all right, title and interest of Assignor in, to and under (i) the Leases whether now existing or hereafter entered into, and (ii) the Rents. This Assignment is intended to be and is an absolute present assignment from Assignor to Assignee and not the mere passage of a security interest; *provided, however*, that Assignor shall have a revocable license from Lender to exercise all rights extended to the Landlord under the Leases, including the right to receive and collect all Rents and to hold the Rents in trust for use in the payment and performance of the Secured Obligations and to otherwise use the same, so long as no event of default under any of the terms, covenants or provisions of the Secured Obligations, the Note, the Mortgage or this Assignment shall have occurred and be continuing. Upon the occurrence and during the continuance of an event of default, whether or not legal proceedings have commenced, and without regard to waste,

22

adequacy of security for the Secured Obligations or solvency of Borrower, the license herein granted shall automatically expire and terminate, without notice to Borrower by Lender (any such notice being hereby expressly waived by Borrower to the extent permitted by applicable law). Assignor covenants and agrees, however, that in exercising its License it shall hold any and all such Rents in trust and shall apply the same in payment of its Secured Obligations.

Assignor further covenants and agrees as follows:

1. **Assignee as Creditor of Lessee.** Assignee, and not Assignor, shall be the creditor of the lessee under any Lease ("Lessee") in respect of assignments for the benefit of creditors and bankruptcy, reorganization, insolvency, dissolution or receivership proceedings affecting any such Lessee. Assignee, however, shall not be the party obligated to make timely filings of claims in such proceedings or to otherwise pursue creditor's rights therein. Assignee shall have the option to apply any moneys received by it as such creditor to the reduction of the principal of or the premium, if any, or interest on the Secured Obligations.

2. **Default Remedies of Assignee.** If an Event of Default occurs under any of the Secured Obligations, then so long as such event of default shall be continuing, the License of Assignor to collect the Rents shall cease and terminate and the following shall apply:

    (a) Assignee shall thereupon be authorized, at its option and to the extent permitted by applicable law, without waiving such default, without notice and without regard to the adequacy of the security for the Secured Obligations, either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court, to enter and take possession of all or part of the Property, and to perform all acts necessary for the operation and maintenance of the Property in the same manner and to the same extent that Assignor might reasonably so act.

    (b) Assignee shall be authorized, but under no obligation, with or without taking possession of the Property in its own name, to collect the rents, income and profits arising from the Leases, and to enforce performance of any other terms of the Leases including, but not limited to, Assignor's rights to fix or modify rents, sue for possession of the Property, relet all or part of the Property, and collect all rents, income and profits under such new leases with full power to make from time to time all alterations, renovations, repairs or replacements thereto or thereof as may seem proper to Assignee. Assignor promptly shall pay to Assignee (i) all rent prepayments, and security, or other deposits paid to Assignor pursuant to any Lease assigned hereunder and (ii) all charges for services or facilities or for escalation which have theretofore been paid pursuant to any such Lease to the extent allocable to any period from and after such default.

    (c) Assignee may apply the Rents to the payment of the following in such order and proportion as Assignee in its sole discretion may determine:

    (i) All expenses of managing and securing the Property, including, without limitation, the salaries, fees and wages of a managing agent and such other employees or agents as Assignee may deem necessary or desirable and all expenses of operating and maintaining the Property, including, without limitation, all taxes, charges, claims, assessments, water charges, sewer rents and any other liens, and premiums for all insurance which Assignee may deem necessary or desirable, and the cost of all alterations, renovations, repairs or replacements, and all expenses incident to taking and retaining possession of the Property; and

    (ii) the Secured Obligations, together with all costs and attorneys' fees.

    (d) For purposes of this Section 2, Assignor hereby grants to Assignee its irrevocable power of attorney, coupled with an interest, to take any and all of the aforementioned actions and any and all other actions designated by Assignee for the proper management and preservation of the Property. The exercise by Assignee of the option granted it in this Section 2 and the collection of the Rents and the application thereof as herein provided

23

PLANET- 00677

shall not be considered a waiver of any default by Assignor under the Note, the Mortgage, the Leases or this Agreement.

(e) Borrower acknowledges that Lender has taken all actions necessary to obtain, and that upon recordation of this Assignment of Leases and Rents, Lender shall have, to the extent permitted under applicable law, a valid and fully perfected, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that, upon recordation of this Mortgage, Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and to the extent permitted under applicable law, all third parties, including, without limitation, any subsequently appointed trustee in any case under Title 11 of the United States Code (the "Bankruptcy Code"), without the necessity of commencing a foreclosure action with respect to the Mortgage, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

(f) Without limitation of the absolute nature of the assignment of the Rents hereunder, Borrower and Lender agree that (a) the Mortgage and this Assignment of Leases and Rents shall constitute a "security agreement" for purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by the Mortgage extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

3. **Termination of Assignment.** When Assignor pays Assignee the full amount of the indebtedness evidenced by the Note and performs all of the Secured Obligations, this Assignment shall terminate and become void.

4. **Notice to Lessee of Assignor's Default.** Assignor hereby authorizes and directs each Lessee, upon receipt of notice from Assignee of Assignor's Event of Default under the Note, the Mortgage or this Assignment, to pay all Rents, income and profits under the Leases to Assignee. Each Lessee shall have the right to rely upon any such notices of Assignee that Lessee shall pay all Rents, income and profits to Assignee, without any obligation to inquire as to the actual existence of the Event of Default, notwithstanding any claim of Assignor to the contrary. Assignor shall have no claim against any Lessee for any rents paid by Lessee to Assignee. Upon the curing of all defaults caused by Assignor under the Secured Obligations, the Mortgage or this Assignment, Assignee shall give each Lessee written notice of such cure and, thereafter, until further notice from Assignee, each Lessee shall pay the Rents, incomes and profits to Assignor as the licensor under the License.

5. **Assignment of Defaulting Assignor's Interest in Lease.** If there is an Event of Default under the Secured Obligations, the Mortgage or this Assignment, Assignee shall then have the right to assign Assignor's right, title and interest in and to the Leases to any person or entity acquiring title to the Property through foreclosure or otherwise. Such assignee shall not be liable to account to Assignor for the Rents, income, and profits thereafter accruing.

6. **Indemnification of Assignee.** Assignor hereby agrees to indemnify and hold Assignee harmless from any and all liability, loss or damage that Assignee may incur under the Leases or by reason of this Assignment. Such indemnification shall also cover any and all claims that may be asserted against Assignee under the Leases or this Assignment. Nothing in this Section 6 shall be construed to bind Assignee to the performance of any lease provisions, or to otherwise impose any liability upon Assignee including, without limitation, any liability under covenants of quiet enjoyment in the Leases in the event that any Lessee shall have been joined as party defendant in any action to foreclose the Mortgage and shall have been barred thereby of all right, title, interest, and equity of redemption in the Property or any part thereof; nor shall anything herein operate to place any obligation or liability for the control, care, management or repair of the Property upon Assignee or to make Assignee responsible or liable for any waste committed on the Property by the tenants or any other parties, or for any dangerous or defective condition of the Property, including, without limitation, the presence of any hazardous waste or substance, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss, injury or death to any tenant, licensee, employee or stranger. This Assignment imposes no liability upon Assignee for the operation and

24

PLANET- 00678

maintenance of the Property or for carrying out the terms of any Lease before Assignee has entered and taken possession of the Property. Any loss or liability incurred by Assignee, by reason of actual entry and taking possession under any Lease or this Assignment or in the defense of any claims shall, at Assignee's request, be immediately reimbursed by Assignor. Such reimbursement shall include interest at the Default Rate (as such term is defined in the Mortgage), costs, expenses and attorneys' fees. Assignee may, upon entry and taking of possession, collect the rents, income and profits and apply them to reimbursement for any such loss or liability. The provisions of this Section 6 shall survive satisfaction of the Secured Obligations and any termination, satisfaction or foreclosure of this Assignment.

7. **Assignor's Possession After Default.** If Assignor is in possession of the Property or any portion(s) and is not required to surrender such possession hereunder in the event of a default on the Secured Obligations or under the Mortgage or this Assignment, Assignor shall pay monthly in advance to Assignee, on Assignee's entry into possession pursuant to Section 2 hereof, or to any receiver appointed to collect the Rents, the fair and reasonable value for the use and occupancy of the Property or such portion(s) thereof as may be in the possession of Assignor. Upon default in any such payment, Assignor shall forthwith vacate and surrender such possession to Assignee or such receiver and, in default thereof, Assignor may be evicted by summary or any other proceedings or actions available to Assignee or the receiver at law or in equity.

8. **Quality of Assignor's Title to Leases.** (a) Assignor represents that it has the sole absolute right and title to assign the Leases, and the rents, income and profits due or to become due thereunder. Assignor further represents that there are no outstanding assignments or pledges of Assignor's interests in the Leases or of the rents, income and profits due or to become due thereunder.

(b) Assignor will not, without the prior written consent and approval of Assignee in each instance, (i) execute an assignment of the Rents from the Property or any part thereof, or (ii) enter into any Leases. Reference is made to Section 291-f of the Real Property Law of the State of New York with respect to the following: Assignor will not, without the prior written consent and approval of Assignee, in each instance, (i) amend, modify, terminate or consent to the cancellation or surrender of any Lease, now existing or hereafter to be made, or (ii) accept prepayments more than one month in advance of any installments of rents to become due under such Leases, except prepayments in the rents to become due under such Leases, except prepayments in the nature of security for the performance of the Lessees thereunder.

9. **Delivery of Necessary Instruments to Assignee.** Assignor shall execute and deliver to Assignee, and hereby irrevocably appoints Assignee, its successors and assigns, as its attorney-in-fact, to execute and deliver during the term of this Assignment all further instruments as Assignee may deem necessary to make this Assignment and any further assignment effective. Assignor shall, upon demand, pay to Assignee, or reimburse Assignee for the payment of, any and all costs and expenses (including attorneys' fees) incurred in connection with the preparation and recording of such instruments.

10. **Assignor to Ensure Continued Performance Under Leases.** Assignor shall not execute any other assignment or pledge of the Leases, of any interest therein, or of any Rents payable thereunder, without the prior written consent of Assignee. Assignor shall perform all of its covenants as lessor under the Leases, and shall not permit any release of liability of any Lessee or any withholding of rent payments by any Lessee. Assignor shall promptly deliver to Assignee copies of any and all notices of default Assignor has sent to any Lessee and copies of any and all notices and other communications received from any Lessee under any Lease. Assignor shall, upon Assignee's request and at Assignor's expense, enforce the Leases and all remedies available to Assignor thereunder upon any Lessee's default. Assignor shall deliver to Assignee copies of all papers served in connection with any such enforcement proceeding and shall consult with Assignee, its agents and attorneys with respect to the conduct thereof.

25

PLANET- 00679

11. **Changes in Obligation Terms.** Notwithstanding any variation of the terms of the Secured Obligations and/or the Mortgage, including any increase or decrease in the principal amount thereof or in the rate of interest payable thereunder or any extension of time for payment thereunder or the release of any part of the Property subject to the Mortgage, the Leases and the benefits hereby assigned shall continue as additional security in accordance with the terms of this Assignment.

12. **Additions to and Replacement of Secured Obligations.** Assignee may take security in addition to the security already given Assignee for the payments of the principal, premium and interest required to be paid in or by the Secured Obligations or release such other security, and may release any party primarily or secondarily liable on the Secured Obligations, may grant or make extensions, renewals, modifications or indulgences with respect to the Secured Obligations or the Mortgage and replacements thereof, which replacements of the Secured Obligations or the Mortgage may be on the same terms as, or on terms different from, the present terms of the Secured Obligations or the Mortgage, and may apply any other security thereof held by it to the satisfaction of the Secured Obligations, without prejudice to any of its rights hereunder.

13. **Exercise of Assignee's Rights.** Assignee's failure to avail itself of any of its rights under this Assignment for any period of time, or at any time or times, shall not constitute a waiver thereof. Assignee's rights and remedies hereunder are cumulative, and not in lieu of, but in addition to, any other rights and remedies Assignee has under the Secured Obligations, the Note and the Mortgage. Assignee's rights and remedies hereunder may be exercised as often as Assignee deems expedient.

14. **Cumulative Rights and Remedies.** The rights and remedies of Assignee under this Assignment are cumulative and are not in lieu of, but are in addition to, any other rights or remedies which Assignee shall have under the Note, the Mortgage or any other instrument constituting security for the Secured Obligations, or at law or in equity.

15. **Severability.** If any term of this Assignment, or the application hereof to any person or entity or set of circumstances, shall to any extent be invalid or unenforceable, the remainder of this Assignment, or the application of such provision or part thereof to persons or entities or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term of this Assignment shall be valid and enforceable to the fullest extent consistent with applicable law.

16. **Captions.** The captions or headings at the beginning of each paragraph hereof are for the convenience of the parties only and are not part of this Assignment.

17. **Notices.** Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder shall be in writing and shall be deemed delivered (a) if delivered by hand delivery or by nationally recognized overnight courier service, when received, or (b) if sent by certified mail, postage prepaid, return receipt requested, on the date set forth on the return receipt, in each case to the intended recipient as follows:

    (a)    If to Assignor:

12706 HOLDINGS INC
130-21 140TH STREET
JAMAICA, NY 11436

Attention: **PRESIDENT**

26

(b) If to Assignee:

**PLANET MANAGEMENT GROUP, LLC**
**105 MAXESS ROAD, SUITE N107**
**MELVILLE, NY 11747**

Each party hereto shall have the right to specify, from time to time, as its address or addresses for purposes of this Assignment, any other address or addresses upon giving three (3) business days' notice thereof to the other party hereto, in accordance with the terms hereof.

18. **No Oral Change.** This Assignment and any provisions hereof may not be modified, amended, waived, extended, changed, discharged or terminated orally, or by any act or failure to act on the part of Assignor or Assignee, but only by an agreement in writing signed by the party against whom the enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

19. **Certain Definitions.** Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Assignment may be used interchangeably in singular or plural form and the word "Assignor" shall mean "each Assignor and any subsequent owner or owners of the Property or any part thereof or interest therein," the word "Assignee" shall mean "Assignee and any subsequent holder of the Note," the word "Note" shall mean "the Note and any other evidence of indebtedness secured by the Mortgage," the word "person" shall include an individual, corporation, partnership, trust, limited liability company, unincorporated association, government, governmental authority, and any other entity, and the word "Property" shall include any portion of the Property and any interest therein.

20. **No Mortgagee in Possession.** Nothing herein contained shall be construed as constituting Assignee a "mortgagee in possession" in the absence of the taking of actual possession of the Property by Assignee. In the exercise of the powers herein granted Assignee, no liability shall be asserted or enforced against Assignee, all such liability being expressly waived and released by Assignor.

21. **Binding Effect.** This Assignment, together with the covenants and warranties contained herein, shall inure to the benefit of Assignee and any subsequent holder of the Mortgage, and shall be binding upon Assignor, and its heirs, executors, administrators, successors and assigns, and any subsequent owner of the Property.

22. **Applicable Law.** This Assignment shall be governed by, and construed in accordance with, the laws of the State of New York.

27

PLANET- 00681

IN WITNESS WHEREOF, Assignor has duly executed this Assignment as of the date first above written.

12706 HOLDINGS INC,

a NEW YORK Corporation

By: _____

Name: LEZANTONIO WOODBURN

Title: PRESIDENT

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF QUEENS         )

On the **27TH** day of **MARCH, 2019** before me, the undersigned, personally appeared **LEZANTONIO WOODBURN**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

ANOKYE S. Blissett
Notary Public-State of N.Y.
NO. 02BL6168374
Qualified in Queens County
Exp. 6-11-2019

PLANET- 00682