# EXHIBIT M-24

# RIDER TO SALE OF SHARES AGREEMENT

This Sale of Shares Agreement (the "Agreement") is effective as of the ___ day of March 2019

**BETWEEN:**      **MELVIN R. FULLER** (the "Seller"}, an individual having his principal place of residence located at 332 East 29th Street Apt. 4N New York, New York 10016

**AND:**      **LEZ ANTONIO WOODBURN** (the "Purchaser"), having his principal place of residence located at 130-21 140th Street Jamaica, New York 11436

WHEREAS the Seller is the shareholder of One Hundred (100) Common shares issued and outstanding in the capital stock of **12706 HOLDINGS INC.** (the "Corporation"), a New York Corporation;

WHEREAS the Seller wishes to sell to the Purchaser all outstanding Common shares of the Corporation (the "Shares") and the Purchaser agrees to acquire the Shares;

WHEREAS the parties hereto have determined that the fair market value of the Shares is Six Hundred Ten Thousand ($610,000.00) Dollars;

WHEREAS the Purchaser desires to purchase and the Seller desires to sell the Shares;

**NOW THEREFORE, IT IS AGREED AS FOLLOWS:**

**1. SHARES SOLD AND PURCHASE PRICE**

1.1 Subject to the terms and conditions set forth in this Agreement the Seller hereby sells the Shares to the Purchaser, hereto present and accepting, and delivers to the Purchaser certificates representing the Shares duly endorsed to the Purchaser for transfer.

1.2 The aggregate purchase price for the Shares is EIGHT HUNDRED THIRTY FIVE THOUSAND DOLLARS (the "Purchase Price") which the parties consider to be the fair market value of the Shares, payable as set forth as Article 2 hereof.

**2. PAYMENT OF THE PURCHASE PRICE**

2.1 The Purchaser acknowledges that he has received certificates representing ONE HUNDRED COMMON SHARES (the "Class A Shares") of the Seller in exchange for the full payment of the Purchase Price. The parties hereto determine that the Class A Shares have a fair market value of SIX HUNDRED TEN THOUSAND DOLLARS ($610,000.00) and are, in all circumstances of the transaction, the fair equivalent of a consideration payable in cash equal to the fair market value of the Shares.

**3. CONDITIONS TO THE PURCHASE OF SHARES**

3.1 The purchase of the Shares under this Agreement is subject to the following conditions:

3.1.1 the approval by the shareholders of **12706 HOLDINGSINC.** of the Acquisition; being understood that if any one of the said conditions is not fulfilled, the present Agreement shall be null and void.

4. **SELLERS REPRESENTATIONS AND WARRANTIES**

4.1 The Seller represents and warrants to the Purchaser that:

4.1.1 the Corporation is incorporated under the laws of the State of New York and is duly organized and validly existing thereunder;

4.1.2 the Shares have been duly issued, are outstanding as fully paid and non-assessable;

4.1.3 the sale and delivery of the Shares as provided for in this Agreement shall not conflict with or result in or cause the occurrence of an event or condition which, immediately or after notice or lapse of time or both, constitutes a breach of or default under the Corporation's articles or by-laws or under any agreement, instrument, order, judgment or decree to which the Seller or the Corporation is subject; and

4.1.4 this Agreement constitutes a valid and binding obligation of the Seller enforceable against the Seller in accordance with its terms, provided that enforcement may be limited by bankruptcy, insolvency, liquidation, reorganization, reconstruction and other similar laws generally affecting enforceability of creditors' rights.

5. **PURCHASER'S REPRESENTATIONS AND WARRANTIES**

5.1 The Purchaser represents and warrants to the Seller that:

5.1.1 the Purchaser is a New York State Limited Liability Company and is duly organized and validly existing thereunder;

5.1.2 all necessary corporate action and proceedings have been taken to permit the execution of this Agreement;

5.1.3 the aforementioned actions do not conflict with or result in or cause the occurrence of an event or condition which, immediately or after notice or lapse of time or both constitutes a breach of or default under the articles or by-laws of the Purchaser or under any agreement, instrument, order, judgment or decree to which the Purchaser is subject;

5.1.4 the Class A Shares have been validly allotted and issued and are registered in the name of the Seller; and

5.1.5 this Agreement constitutes a valid and binding obligation of the Purchaser enforceable against it in accordance with its terms, provided that enforcement may be limited by bankruptcy, insolvency, liquidation, reorganization, reconstruction and other similar laws generally affecting enforceability of creditors' rights.

6. **MISCELLANEOUS**

6.1 This Agreement shall enure to the benefit of and be binding upon the parties hereto and their respective heirs, legatees, executors, legal representatives, successors and assigns.

6.2 This Agreement contains the entire agreement between the parties with respect to the transactions contemplate herein and supersedes all prior negotiations, agreements and understandings, if any.

6.3 The representations and warranties set forth in Articles 4 and 5 hereof shall survive the purchase and sale of the Shares hereunder.

6.4 Each of the parties hereto covenants and agrees that it will from time to time hereafter execute and deliver such additional documents and instruments and do such acts and things as may be reasonably necessary fully and effectually to sell, assign and transfer the Shares to the Purchaser pursuant to this Agreement and to otherwise carry out the intent and purpose of this Agreement.

6.5 This Agreement shall be governed by and construed in accordance with the laws of the State of New York. The courts of State of New York shall have non-exclusive jurisdiction with respect to any matter arising hereunder or related hereto.

6.6 All notices, requests, demands and other communications in connection herewith shall be in writing with specific reference to this Agreement and shall be deemed to have been duly delivered when

    (a) personally delivered to a responsible officer of such party; or

    (b) except during a period of strike, lockout or other postal disruption, sent by registered mail, postage prepaid; or

    (c) sent by telex, telegraph, fax or other form of recorded communication, charges prepaid, confirmed by prepaid registered mail; as follows:

6.6.1 if to the Seller:

**MELVIN R. FULLER**
332 East 29th Street Apt. 4N
New York, New York 10016

6.6.2 If to the Purchaser:

**LEZ ANTONIO WOODBURN**
130-21 14QTH Street
Jamaica, New York 11436

or such other address as either party may from time to time specify by notice to be given to the other party for such purpose in writing at least thirty (30) days in advance.

6.7 The effective date and closing date for the sale of the Shares herein provided for shall be on March 6, 2019 (the "ClosingDate").

IN WITNESS WHEREOF , each party to this agreement has caused it to be executed on the date indicated above.

**FIRST PARTY**

_____
Melvin  R  Fuller  -v
Authorized Signature
Shareholder

**SECOND PARTY**

_____
Lez Antonio Fuller