# EXHIBIT B

# PROMISSORY NOTE

## SECURED BY MORTGAGE, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

$535,000.00

MARCH 27, 2019 ("Note Date")
QUEENS, NY

FOR VALUE RECEIVED, the undersigned, **12706 HOLDINGS INC**, a **NEW YORK** Corporation ("**Maker**"), promises to pay to the order of **PLANET MANAGEMENT GROUP, LLC**, ("**Holder**"), at **105 MAXESS ROAD, SUITE N107, MELVILLE, NY 11747** or at such other place as the Holder hereof may from time to time designate in writing, the principal sum of **FIVE HUNDRED THIRTY-FIVE THOUSAND DOLLARS and 00/100** Dollars ($535,000.00) in accordance with the following provisions:

(a) **Interest**. From the Note Date set forth above until the Maturity Date, the unpaid principal balance ("**Principal**") from time to time outstanding under this Note shall bear interest at the rate of **TWELVE percent (12.000%)** per annum (the applicable interest rate as so provided in the preceding sentence is sometimes referred to as the "**Interest Rate**".) From the Note Date until the Maturity Date, this Note shall be payable in monthly installments of interest only with the first such monthly installment of interest due and payable on **MAY 1, 2019**. Interest on the outstanding principal balance of the Loan shall be calculated by multiplying (a) the actual number of days elapsed in the period for which the calculation is being made by (b) a daily rate equal to the Interest Rate divided by three hundred sixty (360) by (c) the outstanding principal balance of the Loan.

**Loan Agreement**. The principal amount of this Promissory Note ("**Note**") is being advanced pursuant to a Loan Agreement of even date herewith between Borrower and Lender ("**Loan Agreement**"). All obligations of Borrower under this Note and the Loan Agreement are secured by a Mortgage ("**Mortgage**") of even date herewith made by Borrower for the benefit of Lender, and by a Guaranty made by the sole member and manager of Borrower in favor of Lender. Terms used herein, but not defined herein, shall have the meanings set forth in the Loan Agreement.

I. **Term**. The entire unpaid principal balance of this Note, and all accrued but unpaid interest, shall be due and payable upon the Maturity Date (as defined in the Loan Agreement).

II. **Events of Default**. At the option of the Holder hereof, this Note shall become immediately due and payable, without notice or demand, upon the occurrence at any time of an Event of Default under the Loan Agreement.

III. **Interest Rate on Default**. From and after either (a) the occurrence of an Event of Default (regardless of whether the Holder has elected to accelerate unpaid principal and interest under this Note as a result of such Event of Default); (b) the expiration of the term of this Note as set forth in Paragraph I hereof; or (c) acceleration of this Note pursuant to the Loan Agreement, then, in any such events, interest on the unpaid principal balance of this Note shall accrue at the lesser of (a) the rate of **twenty four percent (24%)** or (b) the highest interest rate allowable under applicable law.

IV. **Collection Costs**. If this Note is not paid when due, whether at maturity or by acceleration, the Maker promises to pay all costs of collection including, but not limited to, reasonable attorneys' fees

4

and costs (including without limitation those incurred for or in connection with bankruptcy or insolvency proceedings) and all expenses in connection with the protection of, or realization on, the collateral securing this Note incurred by the Holder hereof on account of such collection, whether or not suit is filed hereon.

V. **Application of Payments.** Upon the occurrence of any Event of Default, the Holder hereof, at its option, shall have the right to apply all payments made under this Note to principle, interest, and other charges, fees, costs and expenses payable by the undersigned under or in connection with this Note in such order and amounts as the Holder may determine in its sole and absolute discretion.

VI. **United States Currency.** All monies due hereunder shall be payable in lawful money of the United States, in immediately available funds.

VII. **Applicable Law.** This Note shall be governed by and construed in accordance with the laws of the State of New York. Venue shall be in New York County.

VIII. **Security.** This Note is secured by the Mortgage and encumbers certain real property commonly known as 127-06 177TH STREET, JAMAICA, NY 11434, as more specifically described therein. Such encumbered interest is referred to in this Note as the "Property".

IX. **Successors.** This Note shall be binding upon each of such persons and their respective successors and assigns, subject to all the other provisions of this Note. This Note shall inure to the benefit of the Holder and its successors and assigns.

X. **Modifications; Cumulative Remedies; Loss of Note; Time of Essence.** No modification or waiver by the Holder of any of the terms of this Note shall be valid or binding on the Holder unless such modification or waiver is in writing and signed by the Holder. Without limiting the generality of the immediately preceding sentence, no delay, omission or forbearance by the Holder in exercising or enforcing any of its rights and remedies under this Note shall constitute a waiver of such rights or remedies. The Holder's rights and remedies under this Note are cumulative with and in addition to all other legal and equitable rights and remedies which the Holder may have in connection with the loan evidenced by this Note. The headings to sections of this Note are for convenient reference only and shall not be used in interpreting this Note. Time is of the essence in the performance of each provision of this Note by Maker.

XI. **Severability.** If any provision in this Note is found by a court of competent jurisdiction to be in violation of any applicable law and unenforceable, then the remainder of this Note shall be construed as if such invalid provision were not contained in this Note, and the rights, obligations, and interests of Maker and Holder shall continue in full force and effect. All provisions contained in this Note are expressly limited so that in no event, whether by reason of advancement of the proceeds, acceleration of maturity of the unpaid principal balance of this Note, or otherwise, shall the amount paid or agreed to be paid to the Holder exceed the highest lawful rate permissible under applicable usury laws.

XII. **Confession of Judgment.** Maker hereby irrevocably authorizes and empowers any attorney at law to appear in any court of record and to confess judgment against Maker for the unpaid amount of this Note as evidenced by an affidavit signed by a duly authorized representative of Holder setting forth the amount then due, attorney's fees, plus cost of litigation, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Maker waives the right to any stay of execution and the benefit of all exemption laws now or hereinafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void, but the power shall continue undiminished and may be exercised from time to time as Holder may elect until all amounts owing under

this Note have been paid in full. Maker hereby waives and releases any and all claims or causes of action which Maker might have against any attorney acting under the terms of authority which Maker has granted herein arising out of or connected with the confession of judgment hereunder.

XIII. **Cross-Default.** Any default by Maker as to any other loan or loans by Holder to Maker shall, at Lenders option, constitute a default under this Note.

XIV. **Assignment.** Holder may at any time assign its rights in this Note and Loan Agreement, or any part thereof and transfer its rights in any or all of the collateral, and Holder thereafter shall be relieved from all liability with respect to such collateral. In addition, Holder may at any time sell one or more participations in this Note. Maker may not assign its interest in this Note, or any other agreement with Holder or any portion thereof, either voluntarily or by operation of law, without the prior written consent of Holder.

XV. **Representation on Use of Proceeds.** Maker represents and warrants to Holder that the proceeds of this Note will be used solely for business, commercial investment, or similar purpose, and that no portion of it will be used for personal, family, or household purposes.

XVI. **Special Damages Waiver.** To the extent permitted by applicable law, Maker shall not assert, and hereby waives, any claim against Holder, on an theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out or, in connection with, or as a result of, this Note or any agreement or instrument contemplated hereby, the transactions, the loan or the use of the proceeds hereof.

XVII. **Provisions Severable.** The unenforceability or invalidity of any provision or provisions hereof or of the Loan Agreement shall not render any other provision or provisions herein or in any Loan Document contained unenforceable of invalid, and the Note and Loan Agreement shall be construed as if any such provision had never been contained therein.

XVIII. **No Amortization** This note contains no provisions for amortization of principal and as such may require a balloon or similar payment of principal at maturity.

[No further text on this page]

**12706 HOLDINGS INC**

By: _/s/ LW_
Name: **LEZANTONIO WOODBURN**
Title: **PRESIDENT**

GUARANTOR

By: _/s/ LW_
Name: LEZANTONIO WOODBURN
Title:

GUARANTOR

By: _____
Name:
Title:

7

PLANET-00540

# ALLONGE TO NOTE

DATE OF NOTE: 03/27/19

MORTGAGOR(S): 12706 HOLDINGS INC

PROPERTY ADDRESS: 127-06 177TH ST., Jamaica, NY 11434

LOAN AMOUNT: $ 535,000.00

LOAN NUMBER: ███1067

Pay to the order of

Without Recourse

_____
Planet Management Group, LLC
Jeffrey Phelan, SVP Rehab Lending