**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EVIS NEVERLANE STEPHENS,<br><br>     Debtor. | 21-42857-jmm<br>Chapter 13 |
| EVIS NEVERLANE STEPHENS,<br><br>     Plaintiff,<br>  v.<br><br>MAXINE BONAPARTE,<br>LEZANTONIO WOODBURN,<br>12706 HOLDINGS, INC.,<br>CHARLES L. MESTER, ESQ.<br>PLANET MANAGEMENT GROUP, LLC,<br>PLANET HOME LENDING, LLC d/b/a<br>PLANET HOME SERVICING,<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB (WSF),<br>VERUS SECURITIZATION TRUST 2020-<br>NPL1<br><br>     Appellees. | Adversary Proceeding No. 22-01037(jmm) |

**RESPONSE AND COUNTERSTATEMENT OF UNDISPUTED FACTS OF
DEFENDANTS, COUNTERCLAIMANTS, AND CROSSCLAIMANTS PLANET
MANAGEMENT GROUP, LLC AND PLANET HOME LENDING, LLC d/b/a PLANET
HOME SERVICING TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS OF
PLAINTIFF, EVIS NEVERLANE STEPHENS, IN SUPPORT OF SUMMARY
JUDGMENT PURSUANT TO FED.R.CIV.P. 56, FED.R.BANKR.P. 56 AND LOCAL
RULE OF BANKRUPTCY PROCEDURE 7056-1**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 7056 of the Federal Rules

of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 7056-1, Defendants Planet

Management Group, LLC ("PMG") and Planet Home Lending, LLC d/b/a Planet Home Servicing

1

("PHL") (PMG and PHL referred to collectively as, "Planet Defendants") submits the following response and counterstatement to the Statement of Undisputed Material Facts of Plaintiff, Evis Neverlane Stephens ("Plaintiff").[1]  Additionally, the Planet Defendants deny many of the purported undisputed facts that Plaintiff proffers on the basis that they are not supported by admissible evidence in violation of the local rule.  Where Plaintiff's counsel cites anything at all, it is generally only to Plaintiff's unverified Revised Second Amended Complaint ("RSAC") and to exhibits attached to inoperative and superseded pleadings such as the Amended Adversary Complaint ("FAC").  (ECF Nos. 28, 34, 93).  An unverified pleading, however, "is not evidence that can be relied upon at summary judgment." *Caro Cap., LLC v. Koch*, 653 F.Supp.3d 108, 132 (S.D.N.Y. 2023); *see also Bentivegna v. People's United Bank*, No. 14-CV-599, 2017 WL 3394601, at *13 (E.D.N.Y. Aug. 7, 2017) ("[A]n unverified complaint is not admissible evidence."); *Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, No, 07-CV-3635, 2009 WL 1564144, at *1 n.1 (S.D.N.Y. Jun. 4, 2009) (for summary judgment "allegations in an unverified complaint cannot be considered as evidence." (citing *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir. 1995))). Moreover, once an amended pleading is filed, the prior pleading and its exhibits become inoperative, are superseded, and are of no legal effect.  *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d. Cir. 2000).

## <u>RESPONSES</u>

1.      Plaintiff Evis Neverlane Stephens is the debtor in Chapter 13 Case No. 21-42857 (E.D.N.Y. Bankr.), filed in 2021, and the plaintiff in this adversary proceeding.  (Complaint, p. 1; Bankruptcy Docket.)

---

[1] The Planet Defendants deny the accusations set forth in the preamble of Plaintiff's SUMF, namely that they were a party to "a foreclosure rescue scam orchestrated by the named defendants."  *See generally*, the accompanying Declarations and Memorandum of Law.

RESPONSE: Admitted.

**The Home of the Debtor 127-06 177th Street, Jamaica, NY 11434**

2.      The subject property is a two-family residence located at 127-06 177th Street, Jamaica, NY 11434 (Block 12527, Lot 93) (the "Real Property" or "House"). (Complaint, Brief Introduction & ¶¶ 1-2; Ex. 3, p. 1; Ex. 4, p. 1; Ex. 5, p. 1; Ex. 12, p. 1; Ex. 14, p. 1; Ex. 23, p. 1; Ex. 26, p. 1.)

RESPONSE: Admitted.

3.      Plaintiff purchased the Property in 2006 with a mortgage of approximately $630,000 from Novastar Mortgage, Inc., which was later assigned to Deutsche Bank National Trust Company. (Complaint, ¶¶ 1-3; Ex. 3, p. 1.)

>       RESPONSE: Admitted, in part, denied, in part. It is admitted that Plaintiff purchased the Property in 2006 with a mortgage of approximately $630,000 from Novastar Mortgage, Inc. and was later assigned. It is denied, however, that the mortgage was assigned to "Deutsche Bank National Trust Company." The mortgage was assigned to "Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5," which entity ultimately released the mortgage after the payoff through the 2019 transaction and which was the foreclosing plaintiff in the foreclosure litigation against Plaintiff, which was dismissed as a result of the payoff through the 2019 transaction. (Declaration of Ryan P. Mulvaney, Esq. ("Mulvaney Dec.") Exs. B, D (Tr.D1 60:6-141, 88:9-90:8, Tr.D1 Exs. F, G).[2]

**Pending Foreclosure of the Home**

4.      A foreclosure action ("Foreclosure Action") against the Property was commenced in Queens County Supreme Court (Index No. 704762/2015) by Deutsche Bank, with a Notice of Pendency filed on April 4, 2018. (Complaint, ¶¶ 4-5; Ex. 3, p. 1.).

---

[2] The complete transcript of the deposition (held over two days on June 3, 2025, and July 30, 2025) is attached as Exhibits "D" and "E" to the Declaration of Ryan P. Mulvaney ("Mulvaney Dec."). The transcript is continuously paginated and for ease of reference cited as "Tr.D1" and "Tr.D2" reflecting day one and day two throughout this Rule 56.1 statement. Exhibits marked at the deposition are cited as either "Tr.D1 Ex. ___" or "Tr.D2 Ex. ___."

RESPONSE: Denied, except to admit that Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan commenced the foreclosure action assigned index number 704762/2015 in Queens County Supreme Court. (Mulvaney Dec. Ex. B, Ex. D (Tr.D1 236:11-20, Tr.D1 Ex. N), Ex. E (Tr.D2 Exs. Q, V, W), Ex. F, Ex. G, Ex. H, Ex. I).

5.    Ms. Stephens the Debtor lives in her House with her daughters and other family members at all times including now.

RESPONSE:  Denied.  Plaintiff fails to provide any citation to any evidence in the record for this statement.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff has failed to cite to anything at all in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**Efforts to Save Home and Bonaparte**

6.    For defending the Foreclosure Action, Ms. Stephens was referred to one John Clark (Clark) running an office under his company Herkimer Realty One (Herkimer). (Complaint ¶ 23).

RESPONSE:  Denied.  Plaintiff cites only the unverified RSAC for this statement.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites only her unverified pleading in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL 5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

By way of further response, Plaintiff was represented by counsel to defend the Foreclosure Action. (Mulvaney Dec. Ex. D (Tr.D1 114:16-115:8)).

7. Maxine Bonaparte, as agent and partner of Lezantonio Woodburn (Woodburn) approached the Debtor to help her save her House.

RESPONSE: Denied. Plaintiff fails to provide any citation to any evidence in the record for this statement. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff has failed to cite to anything

at all in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

8.      "Clark introduced Ms. Stephens to Maxine Bonaparte (Maxine) in 2017/18. Maxine spoke to Ms. Stephens and told her that she would help her out from the mortgage issues and she offered to get the loan transactions transferred to Ms. Stephens's husband name if he had a good." Ibid.

> RESPONSE: Denied. Plaintiff appears (by stating "Ibid.") to cite only the unverified RSAC. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff appears to cite only her unverified pleading in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for

summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL 5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

9.     In 2018 Ms. Stephens suffered a head stroke. Ms. Stephens also developed high blood pressure, as she was breaking down under the pressure of the mortgage payments. Ibid at ¶ 24.

RESPONSE:  Denied.  Plaintiff appears (by stating "Ibid at ¶ 24") to cite only the unverified RSAC.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff appears to cite only her unverified pleading in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").  At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient."  *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL

7

5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

By way of further response, although Plaintiff testified in her deposition to having a stroke, (Mulvaney Dec. Ex. D (Tr.D1 8:2-18)), she did not attribute the stroke to high mortgage payments and further testified that she did not know or care to know the status of mortgages on the other properties. (*Id.* (Tr.D1 123:17-124:8)).

10.    The Debtor paid Bonaparte $10,000 as fees for her services. Complaint ¶ 24, Ex.

B.

RESPONSE: Denied. Plaintiff cites to only the unverified RSAC and an unBates-stamped document that was attached to the inoperative and superseded FAC as Exhibit 2. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites to an unverified pleading and a document attached to a now inoperative and superseded pleading and noting more in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment

motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL 5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

## Meeting Charles Mester

11.     Maxine Bonaparte took Ms. Stephens to attorney Charles L. Mester for saving her

House. Complaint ¶ 26.

RESPONSE:  Denied.  Plaintiff cites only the unverified RSAC.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites only her unverified pleading and nothing more in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").  At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL 5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

By way of further response, the evidence in the record shows that the purpose of the meeting with Mr. Mester was to, among other things, facilitate a sale of the property. (Mulvaney Dec. Ex. D (Tr.D1 Ex. I (retention agreement dated September 21, 2018, setting forth scope of representation))). In addition, Plaintiff testified that, when she met with Mr. Mester, they never talked about her house in Queens, although she later stated, "Maybe. Maybe. But I can't recall that." (*Id.* (Tr.D1 at 141:4-22)).

12.    On September 21, 2018, An agreement is an agreement is signed by Charles L. Mester (Attorney, on behalf of his firm), Evis Stephens (Client), Maxine Bonaparte (Client). The agreement outlines the terms for retaining the attorney to provide legal services related to the prosecution of civil litigation involving the following real properties: 1487 East 53rd Street, Brooklyn, New York, 844 East 34th Street, Brooklyn, New York, And the sale and leaseback of 12706 177th Street, Jamaica, New York. Ex. 2.

RESPONSE: Admit only that Plaintiff signed a retainer agreement dated September 21, 2018, with Mr. Mester. (Mulvaney Dec. Ex. D (Tr.D1, Ex. I)).

13.    For the sale of the House to Ms. Bonaparte or her designee, a 20% legal fee on the purchase price if paid by a third-party prospective buyer (not yet paid shall be paid at the time of final closing). For short sale/leaseback transactions, a legal fee of 20% upon refinancing of the property subsequent to the short sale. An initial retainer of $10,000 was required. Id.

RESPONSE: Admit only that Plaintiff signed a retainer agreement dated September 21, 2018, with Mr. Mester. (Mulvaney Dec. Ex. D (Tr.D1, Ex. I)).

14.    Debtor sought bankruptcy under chapter 13 with this Court on November 15, 2021. See Docket # 1 (Case No. 21-42857-206). (Complaint, p. 1).

RESPONSE: Admitted.

15.    On February 2, 2022, Schedule A and B were amended to reflect dispute on the title of the Real Property and a notice to the public. See Dkt # 15.

RESPONSE: Admitted.

16.     On April 6, 2022 Schedule A/B amended again to show claims against the defendants. See Dkt # 20.

        RESPONSE:  Admitted.

17.     On April 7, 2022, the Contract for Occupancy of the House was filed with the Court. See Dkt # 24

        RESPONSE:  Admitted.

18.     On November 18, 2021, the Debtor rescinded the conveyance of the Real Property to defendant 12706 Holdings Inc. and mailed a copy of the same via certified mail. Ex. 27.

        RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

        By way of further response, the Planet Defendants deny the meaning ascribed to the document in this statement because it constitutes an impermissible legal conclusion that this Court must disregard. *McFarlance v. Harry's Nurses Registry*, No. 17-cv-6360, 2020 WL 1643781, at *1 n.1 (E.D.N.Y. Apr. 2, 2020) (legal conclusions are impermissible in a Rule 56.1 Statement and Counterstatement and are regularly disregarded); *Tavaras v. HRV Mgmt., Inc.*, No. 17-cv-5211, 2020 WL 1501777, at *2 (E.D.N.Y. Mar. 24, 2020) ("legal arguments are impermissible in any Rule 56.1 Statement and are to be disregarded.").

19.     On March 27, 2019, the House of the Debtor was sold to 12706 Holdings Inc. for

a zero amount. It was a short sale. Ex. 12.

> RESPONSE:  Denied.  This statement is not supported by citation to potentially
> admissible evidence as required by Local Civil Rule 56.1, made applicable here by
> Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the
> obligation to "(A) cit[e] to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the motion only),
> admissions, interrogatory answers, or other materials; or (B) show[ ] that the
> materials cited to do not establish the absence or presence of a genuine dispute, or
> that an adverse party cannot produce admissible evidence to support the fact."
> Fed.R.Civ.P. 56(c)(1)(A), (B).  "[I]n determining whether the moving party has met
> this burden of showing the absence of a genuine issue for trial, the district court
> may not rely solely on the statement of undisputed facts contained in the moving
> party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the
> record supports the assertion."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram
> Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139,
> 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the
> motion for summary judgment "would derogate the truth-finding functions of the
> judicial process by substituting convenience for facts").  Here, Plaintiff fails to cite
> to any admissible evidence in violation of Rule 56(c)(1)(A) and (B).

> By way of further response, it is denied that the "short sale" was "for a zero amount"
> as set forth in this statement.  Actual and admissible evidence in the record shows
> that the sale was for an amount of $375,000.  (Mulvaney Dec. Ex. E (Tr.D2, Ex.
> T)).  The evidence shows that Plaintiff signed the HUD-1 Settlement Statement at
> closing acknowledging that the sale was for an amount of $375,000.  (*Id.*).
> $337,500 of funds from that transaction were disbursed to Ocwen Loan Servicing
> to satisfy the mortgage on the property.  (*Id.*); (*see also id.* (Tr.D2 293:16-22
> ("Listen to me carefully, when the house was transferred – you guys know what's
> going on.  Ocwen never sent anything to me again."); 294:8-11 ("Q: Was it your
> understanding at that point that your relationship with Ocwen was over because the
> loan has been paid off. A: Of course.")); *see also* Exs. B, E (Tr.D2 Ex. V), H
> (affirmation of counsel for foreclosing mortgagee identifying reason for foreclosure
> discontinuance as "short fall pay off.").

**Incorporation and structure of 12706 Holding Inc.**

20.     Defendant 12706 Holdings Inc. ("Holdings") was incorporated as a New York

domestic business corporation on June 20, 2018, with its address at 66 Herkimer Street, Brooklyn,

NY 11216, and remained in good standing as of March 27, 2019.  (Ex. 1, p. 1; Ex. 15, p. 1.) and

thereafter the address for process was changed to 130-21 140th Street, Jamaica, NY 11436. Ex. I.

In the Certificate of Incorporation, Woodburn reflected the process to be served at 55 West 116

Street, Suite 255, NY NY 10026, an address he kept and used for execution of several documents

including mailing of tax identification for 12706 Holding Inc. Ibid. The BY-LAWS OF 12706

HOLDINGS INC reflected that "[]he principal office of the Corporation in the State of New York

shall be located at 55 West 116th Street Suite 255 New York NY 10026." Id.

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B).

> By way of further response, the Planet Defendants object to and deny this statement on the basis that it is compound and seeks admissions as to many unrelated and immaterial facts, and because the material to which Plaintiff cites is not presented in an manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

21.     Defendant Lezantonio Woodburn is the President and 100% owner of Holdings.

(Ex. 15, p. 1; Complaint, ¶ 7.)

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B).

By way of further response, the Planet Defendants object to and deny this statement on the basis that it is compound and seeks admissions as to many unrelated and immaterial facts, and because the material to which Plaintiff cites is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

22.     On July 11, 2018, Plaintiff was made to entered into a Contract of Sale to sell her house to 12706 Holdings, which was amended on December 11, 2018, confirming the sale terms without a down payment due to short sale status. (Ex. 4, p. 1; Complaint, ¶¶ 10-12.).

RESPONSE: Denied. The statement that "Plaintiff was made to enter[ ] into a Contract of Sale" is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidvits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff has failed to cite to anything in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would

derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to and deny this statement on the basis that it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

23. On or about January 2, 2019, Woodburn applies to Planet defendants for a loan.

Ex. 6.

RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B).

By way of further response, the Planet Defendants object to and deny this statement on the basis that it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

By way of further response, it is denied that "Woodburn" "applie[d]" for a loan with either of the Planet Defendants as is set forth in this statement. (Woods PMG Dec. ¶¶ 7-9, Ex. A); (O'Connell PHL Dec. ¶¶ 5-6, Ex. A)). PHL, a mortgage servicer, is not an originator of loans or a lender. (O'Connell PHL Dec. ¶¶ 34-35).

24. Around the same time January 2nd 2019 to until the closing on the Real Property, Maxine Bonaparte, using the email orangeblue45@gmail.com, served as the closing coordinator

for the seller (12706 Holdings Inc.) in the short sale transaction for the property at 127-06 177th Street, Jamaica, NY 11434. Her responsibilities included facilitating communication between the seller's team (e.g., Principal Gerald G. Smith), the buyer's attorney (Charles L. Mester, Esq.), the title company, and other parties to ensure a smooth closing on March 20, 2019. Ex. 7.

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff has failed to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

> By way of further response, the Planet Defendants deny and object to this statement on the basis that it relies on un-Bates stamped documents that were not produced to the Planet Defendants during discovery and, as such, not "parts of materials in the record" as required by Rule 56(c)(1), is compound and seeks admissions as to many unrelated and immaterial facts, and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

25. On March 21, 2019, Planet Defendants prepared a Property Review Report and provided a finding that the value of the property exceeded $765,000. Ex. 8. An appraisal of the Property dated March 21, 2019, valued it at $765,000. (Ex. 5, p. 1; Complaint, ¶ 13.)

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the

obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff fails to cite to any admissible evidence in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, it is denied that the "Planet Defendants" "[found] that the value of the property exceeded $765,000."  Section 2.1 of the Loan Agreement provides an After Repair Value of the Subject Property in the amount of the lesser of $765,000.00 and the Appraised Value determined by an Appraisal made after completion of all Planned Improvements pursuant to Section 2.5(a)-(v) in the Loan Agreement.  (Woods PMG Dec. ¶ 11).  The After Repair Value was based on a Small Residential Income Property Appraisal Report that was previously prepared by Greater NY Appraisal Services, Inc. ("Greater NY Appraisal") for a borrower identified in the appraisal as 7842 79th Pl., Inc.  (*Id.* ¶¶ 12-13, 17, Ex. B).  The Small Residential Income Property Appraisal Report provided a Sales Comparison Approach appraisal of $765,000.00 and an Income Approach appraisal of $764,400.00 as the After Repair Value.  The appraisal was effective December 17, 2018, before PMG's involvement and before 12706 Holdings applied to PMG for a loan, not March 21, 2019.  (*Id.* ¶¶ 12-13, 17, Ex. B).  For purposes of the loan-to-value ratio, the principal loan amount of $535,000.00 reflected seventy percent of the $765,000.00 After Repair Value of the Subject Property.  (*Id.* ¶ 14).  From the information set forth in the Small Residential Income Property Appraisal Report, a Property Review Report was generated rendering an as-repaired value of $765,000.00 consistent with the Loan Agreement.  (Woods PMG Dec. ¶¶ 19-20, Ex. C).  In other words, the Subject Property did not "appraise" for $765,000.00. That valuation was an "After Repair Value," a term set forth in the Loan Agreement and defined to "mean[ ], as of any date of determination an amount equal to the lesser of (a) $765,000.00 and (b) the Appraised Value determined by an Appraisal after completion of all Planned Improvements pursuant to Section 2.5(a)(v) below." Thus, to achieve that $765,000 valuation in the future, all planned improvements as set forth in Loan Agreement had to be completed.  (Woods PMG Dec. ¶ 11). Moreover, the then-initial value of the Subject Property, as set forth in the Loan

Agreement, was $535,000. (Woods PMG Dec. ¶¶ 7-9, Ex. A); (O'Connell PHL Dec. ¶¶ 5-6, Ex. A)).

**Closing of the conveyance of the Real Property, the Debtor's Home**

26.     On March 27, 2019, Ms. Stephens attended a real property closing wherein Mr. Mester appeared on behalf of Ms. Stephens. and Ms. Bonaparte. Ex. 9

        RESPONSE:  Admitted.

27.     On March 27, 2019, Holdings' board (via Woodburn) adopted resolutions authorizing the purchase of the Property, execution of all related documents (including mortgages and guaranties), and empowering Woodburn to make business decisions in connection therewith. (Ex. 15, p. 1.)

            RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff fails to cite to any admissible evidence in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

            By way of further response, this statement seeks admissions as to many unrelated and immaterial facts and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

28.    On March 27, 2019, Plaintiff executed a Bargain and Sale Deed transferring title to the Property to Holdings, acknowledging receipt of consideration and covenanting no encumbrances except as stated. (Ex. 12, p. 1; Complaint, ¶¶ 14-15.)

RESPONSE:  Admitted.  (*See* Mulvaney Dec. Ex. A).

29.    On March 27, 2019, Holdings executed a Promissory Note and Mortgage in favor of Defendant Planet Management Group, LLC ("Planet Management") for a $535,000 commercial loan secured by the Property, with a 24-month term, interest rates, and default provisions. (Ex. 10, p. 1; Ex. 13, p. 1; Complaint, ¶¶ 16-17.)

RESPONSE:  Admitted.

30.    The March 27, 2019 closing involved Plaintiff as seller, Holdings as buyer/borrower, Planet Management as lender, and Mester as attorney for seller/borrower; settlement charges totaled $38,115.03, with the loan proceeds funding the transaction, including payoff of Plaintiff's prior mortgage. (Ex. 8, p. 1; Ex. 11, p. 1; Ex. 14, p. 1; Complaint, ¶ 18.)

RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff fails to cite to any admissible evidence in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants admit only that the funds provided by PMG funded the transaction and paid off Plaintiff's prior mortgage. Mulvaney Dec. Ex. B (Release of Mortgage), Ex. E (Tr.D2 274:23 – 275:3 ("Q: And by virtue of this release you no longer paid the mortgage to Ocwen; right? A: No. Q: There's no mortgage to pay; correct? A. Right."), 293:16-22 ("Listen to me carefully, when the house was transferred – you guys know what's going on. Ocwen never sent anything to me again."), 294:8-11 ("Q: Was it your understanding at that point that your relationship with Ocwen was over because the loan has been paid off. A: Of course."), Ex. H (affirmation of counsel for the foreclosing mortgagee identifying the reason for foreclosure discontinuance as "short fall pay off.")). The Planet Defendants deny that the closing on March 27, 2019 "involved" Planet Management. (Mulvaney Dec. Ex. D (Tr.D1 256:6 – 257:7, 261:16-22, Tr.D1 Ex. R), Ex. E (Tr.D2 Ex. S)); (Woods Dec. ¶ 53).

31.     Holdings and Woodburn certified at closing that Holdings was the legal title holder,

no material misrepresentations were made in loan documents, and all required consents were

obtained. (Ex. 11, p. 1.)

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff has failed to cite to anything in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

> By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

32.    On March 28, 2019, a $5,000 check was issued to Mester, consistent with closing disbursements. (Ex. 19, p. 1.)

> RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").
>
> By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

### After the Closing of the House

33.    Effective January 1, 2020, Holdings and Plaintiff (along with Calvin Stephens and others) entered a Use and Occupancy Agreement, granting Plaintiff licensee status (not tenancy) in Unit 1 for $1,500/month plus utilities, with an option for Holdings to sell back the Property after two years and three months (by April 1, 2022), and holding occupants liable for damages. (Ex. 23, p. 1; Complaint, ¶ 19.).

> RESPONSE:  Denied.  Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

34.     On January 1, 2020, a "Contract - Use and Occupancy Agreement" was executed between 12706 Holdings Inc. (as owner) and Calvin Stephens, Evis Stephens, John Doe(s), and Jane Doe(s) (as occupants) for the property at 12706 177th Street, Jamaica, NY 11434. (Ex. D, p. 1).

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of

undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

35.     Under the Use and Occupancy Agreement, 12706 Holdings Inc. agreed to sell the property to the occupants in two years and three months (by April 1, 2022). (Ex. D, p. 1).

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

36.     The Use and Occupancy Agreement designated the occupants as licensees, not

tenants, with no rights under landlord-tenant law. (Ex. D, p. 1).

> RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

> By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

37.     The terms of the Use and Occupancy Agreement required the occupants to pay

$1,500 per month for Unit 1 from January 1, 2020, to April 1, 2022, plus gas and electric bills for

Unit 1 and $150 every three months for the water bill. (Ex. D, p. 1).

> RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

38. The Use and Occupancy Agreement included rules for maintenance, such as keeping the washer/dryer area clean, limiting basement use to specific items (sofa, TV, pantry, closet), prohibiting storage in certain areas, and imposing a $1,000 fee for violations. (Ex. D, p. 1).

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont*

*Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

39.     The Use and Occupancy Agreement prohibited children from writing on walls or hooking basketball hoops, required cleanliness in kitchens and living rooms, and barred use of empty rooms or the backyard shed for storage. (Ex. D, p. 1).

RESPONSE:  Denied.  Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B).   "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and is not presented in a manner that would be admissible in

evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

40. The occupants were made responsible for all damages to the property, including the backyard, during their stay. (Ex. D, p. 1).

> RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 5. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").
>
> By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

41. On March 30, 2020, there is an amendment to the Use and Occupancy Agreement instructing the Plaintiff and her family to remove washer and dryer from the basement banning use of backyard. And further informing that the Debtor time to financing the purchase back of the House has expired October 1, 2019 and if the financing is done within next 30 days, she will have to vacate her house. Ex. 29.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 11. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

42. On September 25, 2020, Woodburn left a notice at the house: "You were told to not park in the driveway, Today is your Final Warning—You will not get another. The cars will be towed." Comp. ¶ 35 Ex. E.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 6. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

43.     On or about April 10, 2020 Woodburn through his company 12706 Holdings Inc. issued a "Cancellation of contract—Use and Occupancy Agreement." And asked the Debtor and her family to vacate the House. Complaint ¶ 35. Ex. F.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 12. Accordingly, this statement is not supported by potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would

derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

44.    On May 5, 2020, August 28, 2020 and September 1, 2020 issued notice for the

Debtor to vacate her House. Ex G.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 7. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

45.    Maxine commenced an eviction proceeding against Ms Stephens and her family

with the Queens Housing Court (LT-058417-20/QU).

RESPONSE: Denied. Plaintiff fails to provide any citation to any evidence in the record for this statement. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made

applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff has failed to cite to anything at all in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

46. On October 2, 2020, a summons was filed in the Supreme Court of the State of New York, County of Queens (Index No. 717483/2020), by plaintiffs 12706 Holdings Inc. and LezAntonio Woodburn against defendants Evis Stephens, Calvin Stephens, Jane Doe(s), and John Doe(s). (Ex. H, p. 1). The summons required the defendants to appear within 20 days (if served personally in New York) or 30 days, with default judgment possible for failure to appear. (Ex. H, p. 1). The summons was signed by LezAntonio Woodburn, with an address at 130-21 140th Street, South Ozone Park, NY 11436. (Ex. H, p. 1).

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 8. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and

not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

47.     On November 9, 2020, Ms. Stephens and her daughter filed an order to show cause for a finding of harassment and for a restraining order with the Housing Court. The Court found conduct of the defendants as harassing and restrained the defendants Maxine and Woodburn from acting in an improper manner. Ex. I.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC and an un-Bates stamped document that was attached to only the now-inoperative and superseded FAC as Exhibit 9. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites an unverified pleading and an exhibit that was attached to a now-inoperative and superseded pleading and not attached to the RSAC in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, this statement is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

48.    On or about April 19, 2022, the family of the Debtor realizing that there was no heat in the house went to the basement to check the boilers, they found out that the two boilers have been turned off. It was found when Debtor's family wasn't there, Ms. Bonaparte came to the House and turned off the boilers to forcibly evict the family from the house. Complaint ¶ 41.

RESPONSE: Denied. Plaintiff cites only the unverified RSAC. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites to her unverified pleading and nothing more. "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**The bankruptcy filing**

49.    On November 15, 2021, Evis Neverlane Stephens filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of New York (Case No. 21-42857-206). (Complaint, p. 1).

RESPONSE: Admitted.

50.     In her February 2, 2022 amended bankruptcy Schedule A/B, Plaintiff claimed an "equitable interest" in the Property valued as "Unknown," describing the deed transfer as fraudulent. (Ex. 24, p. 1.)

RESPONSE:   Admitted.

51.     In her April 19, 2022 further amended bankruptcy Schedule A/B, Plaintiff reported no ownership or interest in any real property, including the Property, (Ex. 25, p. 1.) and in highlighted wordings mentioned the following;

> Debtor's prime residence 12706177th Street Jamaica, NY 11434 house taken away from her by false pretense and fraud, Two family house deed taken by Woodburn, Bonaparte, 12706 Holdings Inc with assistance of Charles L Mester, Esq using fraud and rescue scam. Debtor has also issued rescission notice about the deed transfer under NY RPL 265-1(8). Also, the Debtor is commencing adversary

RESPONSE:   Admitted.

52.     On April 7, 2022, the Debtor filed the Contract-Use and Occupancy Agreement For 12706 17th Street, Jamaica, NY 11434 with the Court. Ex. 23.

RESPONSE:   Admitted.

### Dealings with Planet Defendants[3]

53.     On February 23, 2021, Defendant Planet Home Lending LLC (dba Planet Home Servicing, "Planet Servicing") notified Holdings that the loan had matured with a balance of $654,801.76, requiring payment by March 25, 2021, to cure default, and offering loss mitigation options. (Ex. 20, p. 1; Complaint, ¶ 20.)

RESPONSE:   Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by

---

[3] The Planet Defendants deny any inference that could be drawn from the caption of this section, namely that Plaintiff had "dealings with Planet Defendants."  As set forth throughout this Response and Counterstatement (and as set forth in the Planet Defendants' Rule 56.1 Statement in support of their own motion for summary judgment, the Planet Defendants had no "dealings" with Plaintiff either before or after the transaction closed.

Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to and deny this statement because the material to which Plaintiff cites is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

54. On March 8, 2022, Planet Servicing issued an acceleration notice to Holdings, declaring the full loan balance due and payable. (Ex. 21, p. 1.).

RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff fails to cite any admissible evidence in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In addition, pursuant to Rule 56(c)(2), the Planet Defendants object to and deny this statement because the material to which Plaintiff cites is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

By way of further response, the statement that a notice constituted "acceleration" is one of law, and not fact, particularly where, as here, the loan at issue had already matured thereby making acceleration superfluous.

55.     As of August 4, 2022, the Loan amount on the subject Real Property crossed a million dollars ($1,012,101.37, with default interest rate of 24% from October 1, 2019, additional fees of 10%, $53,500) . Ex

RESPONSE:   Denied.  Plaintiff fails to provide any citation to any evidence in the record for this statement.  Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  Here, Plaintiff has failed to cite to anything at all in violation of Rule 56(c)(1)(A) and (B).   "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to and deny this statement because the material to which Plaintiff cites is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

By way of further response, the "Loan amount" did not "cross[ ] a million dollars." The "Loan amount" was the sum borrowed by 12706 Holdings from PMG, which

was $535,000.00.  (Woods PMG Dec. ¶¶ 7-9, Ex. A); (O'Connell PHL Dec. ¶¶ 5-6, Ex. A)).

**Second Round of Short Sale Fraudulent Attempts by Defaulting Defendants**

56.     Woodburn incorporates Defendant 22 Rockaway Holdings Inc. (22 Rockaway) was

incorporated on November 17, 2020, with the same address as he used for 12706 Holdings (Ex.

18, p. 1.)

> RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A), (B).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").
>
> By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

57.     On February 8, 2021, Woodburn authorized Bonaparte to pursue a short sale of the

Property. (Ex. 22, p. 1.)

> RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1.  Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

58.     On December 9, 2021, an email from "orangeblue456@aol.com" (Maxine Bonaparte) to Planet Servicing requested a short sale of the Property for $525,000. (Ex. 16, p. 1.)

RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be

admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

59.     A new short sale contract is drafted by Defaulting Defendants and Mester for short sale of the Home from 12706 Holdings to 22 Rockaway. Ex. 17.

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").
>
> By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

60.     The new Short Sale attorney is Charles Mester as the counsel for 22 Rockaway. Ex. 17.

> RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met

this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

61.     The Purchase Price: $550,000, Downpayment: $55,000 (payable on signing by purchaser's good check, held in escrow until closing), Balance at Closing: $495,000 (paid by purchase money mortgage or bank check) are the terms of new Short Sale Contract. Ex. 17.

RESPONSE: Denied. This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to this statement because it seeks admissions as to many immaterial facts that are unrelated to Plaintiff's remaining claims and because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

62.     On May 9, 2022, Evis Neverlane Stephens initiated an adversary proceeding (No. 22- 01037) in the bankruptcy court against defendants Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings Inc., Charles L. Mester, Esq., Planet Management Group, LLC, Planet Home Lending LLC dba Planet Home Servicing, Wilmington Savings Fund Society, FSB (WSF), and Verus Securitization Trust 2020-NPL1. (Complaint, p. 1).

> RESPONSE:  Denied.  The public docket of this Adversary Proceeding reveals that, on May 9, 2022, Plaintiff commenced this Adversary Proceeding against only Defendants Maxine Bonaparte, Lezantonio Woodburn, 12706 Holdings Inc., Charles L. Mester, Esq.  (*See* Adv. Pro. ECF Nos. 1 – 5).  It was not until Plaintiff filed an Amended Adversary Complaint on December 18, 2022, that Plaintiff joined, among other newly added defendants, the Planet Defendants to this Adversary Proceeding.  (*See* Adv. Pro. ECF Nos. 28, 34).

63.     The Complaint references exhibits (Ex. A through N), including documents related to Maxine Bonaparte (Ex. A), a check for services to a Maxine-related company (Ex. B), an attorney retainer (Ex. C), a use and occupancy contract (Ex. D), a final notice regarding parking (Ex. E), cancellation of contract (Ex. F), a 10-day notice (Ex. G), a Supreme Court summons (Ex. H), a court order to show cause (Ex. I), a residential loan application (Ex. J), an amendment to use and occupancy (Ex. K), cancellation of use and occupancy (Ex. L), a HUD statement (Ex. M), and an affidavit for Ocwen Loan Servicing (Ex. N). (Complaint, p. 1 (footnote); various exhibits).

> RESPONSE:  Admitted, in part, and denied, in part.  It is admitted that superseded and inoperative prior pleadings in this Adversary Complaint reference and attach exhibits referenced in this statement.  It is also admitted that the RSAC references exhibits, but it is denied that any of those exhibits are attached to the operative pleading – the RSAC.

64.     As of the 2022/23 tax year, New York City Department of Finance records list Holdings as the Property's owner, with a market value of $715,000 and assessed value of $42,960. (Ex. 26, p. 1.)

> RESPONSE:  Denied.  This statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by

Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites un-Bates stamped documents from 2022 and 2023 that were not produced during discovery. "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

By way of further response, the Planet Defendants object to and deny this statement because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

65. The Defendants Wilmington Savings Fund Society, FSB, and Verus Securitization Trust 2020-NPL1(WSF) took over the loan in 2022, i.e. after the filing of bankruptcy and after the default on the underlying Promissory Note by 12706 Holdings. WSF Pleadings

RESPONSE: Denied. Plaintiff cites only the unverified RSAC. Accordingly, this statement is not supported by citation to potentially admissible evidence as required by Local Civil Rule 56.1, made applicable here by Local Bankruptcy Rule 7056-1. Pursuant to Rule 56(c)(1), Plaintiff has the obligation to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[ ] that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). Here, Plaintiff cites only her unverified pleading and nothing more in violation of Rule 56(c)(1)(A) and (B). "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, (2d Cir. 2004)

(citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n. 5 (2d Cir. 2003) (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). At the summary judgment stage of the proceeding, Plaintiff is required to present admissible evidence in support of her allegations; allegations alone, without evidence to back them up, are not sufficient." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 353 (D. Conn. 2012) (quoting *Welch–Rubin v. Sandals Corp.*, No. 3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted)); *Fox v. Poole*, No. 06CV148, 2008 WL 3540619, at *5 (W.D.N.Y. Aug. 12, 2008) ("On a motion for summary judgment, however, the issue is not the sufficiency of the pleadings rather whether evidence has been introduced by the opponent to establish a material issue of fact for the claims alleged in the pleadings to defeat a summary judgment motion."); *Dicara v. Connecticut Educ. Dept.*, No. 3:08cv627(PCD), 2008 WL 5083622, at *4 (D. Conn. Nov. 26, 2008) ("'Summary judgment is designed to pierce the pleadings' and evaluate the sufficiency of the evidence to support the claims therein.") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

By way of further response, the Planet Defendants object to and deny this statement because it is not presented in a manner that would be admissible in evidence, namely by someone with personal knowledge in accordance with Rule 56(c)(2) and (4).

By way of further response, pursuant to and consistent with a Master Mortgage Loan Sale and Servicing Agreement ("Master Servicing Agreement") between PMG and IRP Fund II Trust 1A, an affiliate of Verus Residential Loanco, LLC ("Verus"), IRP Fund II Trust 1A purchased the loan from PMG on April 30, 2019. (Woods PMG Dec. ¶¶ 44-45, Ex. J); (O'Connell PHL Dec. ¶¶ 30-31, Ex. G). As a result of that transaction, PMG is no longer the holder of the loan as of April 30, 2019. (Woods PMG Dec. ¶¶ 44, 46-47, Ex. K); (O'Connell PHL Dec. ¶¶ 32-33, Ex. H).

## COUNTERSTATEMENT OF FACTS

A.    Ownership of the Subject Property

1.    Plaintiff, Evis Neverlane Stephens ("Plaintiff"), purchased the property at 127-06 177th Street in Jamaica, New York (the "Subject Property"), on August 29, 2006. (Declaration of

Ryan P. Mulvaney, Esq. ("Mulvaney Dec.") Ex. D (Tr.D1 60:6-141, Ex. F),[4] Ex. C (Revised

Second Amended Adversary Complaint ("Revised SAC") ¶ 20)).

2.     Plaintiff financed the purchase of the Subject Property at 127-06 177th Street with

a loan from Novastar Mortgage, Inc., in the original principal amount of $630,000.00, and dated

August 29, 2006 (the "2006 Mortgage").  (Mulvaney Dec. Ex. D (Tr.D1 88:9-90:8, Ex. G)).

B.     Plaintiff's Default – The 2006 Mortgage

3.     Plaintiff fell behind on her mortgage payments a few years later.  (Mulvaney Dec.

Ex. D (Tr. 106:6-16, 107:25-108:3 ("I could pay the mortgage, 'cause I normally pay the mortgage.

But when I got sick I couldn't pay the mortgage.")), Ex. C (Revised SAC ¶ 22)).

4.     Ocwen Loan Servicing LLC ("Ocwen") was the servicer of the 2006 Mortgage.

(Mulvaney Dec. Ex. D (Tr.D1 105:16-24, Ex. R)).

5.     Plaintiff resolved the delinquency on the 2006 Mortgage in 2010 by agreeing to a

loan modification with Ocwen that lowered her monthly payments.  (Mulvaney Dec. Ex. C

(Revised SAC ¶ 22), Ex. D (Tr.D1 112:8-10, 116:17-117:6, 232:4-25; Tr.D1 Ex. N at 7, ¶ 6)).

6.     Plaintiff fell behind on her payments on the modified loan in or about 2012.

(Mulvaney Dec. Ex. D (Tr.D1 114:9-13 (admitting she was behind on her mortgage payments).

123:5-13 (stating she believes she made only six payments on the modification), 235:23-236:7,

Tr.D1 Exs. M, N at 8, ¶ 8)).

7.     Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding

Trust, Series 2006-5 Novastar Home Equity Loan ("Deutsche Bank") commenced an action to

---

[4] The complete transcript of the deposition (held over two days on June 3, 2025, and July 30, 2025) is attached as Exhibits "D" and "E" to the Declaration of Ryan P. Mulvaney ("Mulvaney Dec.").  The transcript is continuously paginated and for ease of reference cited as "Tr.D1" and "Tr.D2" reflecting day one and day two throughout this Rule 56.1 statement.  Exhibits marked at the deposition are cited as either "Tr.D1 Ex. ___" or "Tr.D2 Ex. ___."

foreclose the 2006 Mortgage in Queens County Supreme Court on May 8, 2015 (the "2006 Foreclosure Case").  (Mulvaney Dec. Ex. D (Tr.D1 Ex. N, Tr. 236:11-20)).

8.      The Supreme Court granted Deutsche Bank's motion for summary judgment and an order of reference by order dated August 4, 2017.  (Mulvaney Dec. Ex. D (Tr.D1 Ex. Q)).

9.      Plaintiff understood that the foreclosure action could result in her losing title to the property.  (Mulvaney Dec. Ex. D (Tr.D1 41:9-13, 114:9-13, 247:22-24 ("Q: So your home was now subject to foreclosure sale. A: Right."))).

10.     Plaintiff had the assistance of an attorney named Franklin Rouse, Esq. in the foreclosure action.  (Mulvaney Dec. Ex. D (Tr.D1 114:16-115:8)).

C.      The Short Sale To 12706 Holdings, Inc. and Payoff and Satisfaction of the 2006 Mortgage

11.     Plaintiff met with attorney and Defendant, Charles Mester, Esq., in or about September 21, 2018.  (Mulvaney Dec. Ex. D (Tr.D1 135:15-23, Tr. Ex. I), Ex. J (Mester Decl., ¶ F)).

12.     Plaintiff signed a retention letter with Mr. Mester dated September 21, 2018. (Mulvaney Dec. Ex. D (Tr.D1 Ex. I), Ex. J (Mester Decl., ¶ F)).

13.     Plaintiff had already signed a contract to sell the property to Defendant, 12706 Holdings Inc. ("12706 Holdings"), in July 2018.  (Mulvaney Dec. Ex. D (Tr.D1 190:2-4, Tr.D1 Ex. J)).

14.     Among the items on which Mr. Mester would work with Plaintiff was the "sale and leaseback" of the Subject Property.  (Mulvaney Dec. Ex. D (Tr.D1 Ex. I at 1), Ex. J (Mester Decl., ¶¶ F, G)).

15.     Plaintiff did not contact Mr. Mester between September 21, 2018, and the closing on March 27, 2019.  (Mulvaney Dec. Ex. D (Tr.D1 155:8-23)).

16.     Plaintiff and co-defendants Mester, Bonaparte, and Woodburn, among others, attended a closing on March 27, 2019.  (Mulvaney Dec. Ex. J (Mester Decl., ¶ G), Ex. D (Tr.D1 177:17-19)).  No one from either of the Planet Defendants attended any closing of the short sale between Plaintiff and Ocwen or involving Plaintiff and 12706 Holdings.  (Woods PMG Dec. ¶ 56); (O'Connell PHL Dec. ¶ 36); (Mulvaney Dec. Ex. D (Tr.D1 253:2-13)).

17.     At the closing, Plaintiff signed many papers, including documents related to the short sale for Ocwen, and a deed conveying title to the property at 127-06 177th Street in Jamaica, New York, to 12706 Holdings.  (Mulvaney Dec. Ex. A (Deed), Ex. J (Mester Dec., ¶ G-H), Ex. D (Tr.D1 156:18-157:16; 196:6-20, Tr.D1 Exs. H-J, R), Ex. E (Tr.D2 346:13-347:6, Tr.D2 Ex. T)).

18.     The HUD-1 settlement statement from the closing, which Plaintiff and 12706 Holdings signed, indicates on line 504 that $337,500 would be paid to satisfy the 2006 Mortgage lien on the Subject Property.  (Mulvaney Dec. Ex. E (Tr.D2 Ex. T)).  Disbursement documents similarly reflect the transmission of funds to the law firm that represented 12706 Holdings at in the amount of $496,884.97.  (Declaration of Janina Woods ("Woods PMG Dec.") ¶¶ 42-43, Exs. H, I); Declaration of Thomas O'Connell ("O'Connell PHL Dec.") ¶¶ 24-25, Ex. D).

19.     The closing lasted over two hours.  (Mulvaney Dec. Ex. J (Mester Decl., ¶ H)).

20.     Plaintiff "looked" at the documents at the closing but did not ask any questions about them.  (Mulvaney Dec. Ex. D (Tr.D1 172:18-174:2)).

21.     Mr. Mester sat next to Plaintiff at the closing on March 27, 2019, and directed her in signing the required documents.  (Mulvaney Dec. Ex. D (Tr.D1 170:9-171:19), Ex. J (Mester Dec., ¶ H)).

22.     Ocwen accepted the tender of $337,500 as full satisfaction of its mortgage.  (Mulvaney Dec. Ex. B (Release of Mortgage), Ex. E (Tr.D2 274:23 – 275:3 ("Q: And by virtue of

this release you no longer paid the mortgage to Ocwen; right? A: No. Q: There's no mortgage to pay; correct? A. Right."), 293:16-22 ("Listen to me carefully, when the house was transferred – you guys know what's going on. Ocwen never sent anything to me again."), 294:8-11 ("Q: Was it your understanding at that point that your relationship with Ocwen was over because the loan has been paid off. A: Of course."), Ex. H (affirmation of counsel for the foreclosing mortgagee identifying the reason for foreclosure discontinuance as "short fall pay off.")).

D.      "Involvement" of The Planet Defendants

23.     PMG and PHL are affiliated entities and platform businesses of Planet Financial Group. (Woods PMG Dec. ¶ 1); (O'Connell PHL Dec. ¶¶ 1, 13).

24.     On March 27, 2019, PMG, as lender, entered into a loan agreement with 12706 Holdings, as borrower, pursuant to which PMG agreed to make a commercial loan to 12706 Holdings in the principal amount of $535,000.00 (the "Loan Agreement"). (Woods PMG Dec. ¶¶ 7-9, Ex. A); (O'Connell PHL Dec. ¶¶ 5-6, Ex. A)).

25.     The Loan Agreement was executed by Defendant, Lezantonio Woodburn ("Woodburn"), in his official capacity as President of 12706 Holdings. (Woods PMG Dec. ¶ 10); (O'Connell PHL Dec. ¶ 7).

26.     Section 2.1 of the Loan Agreement provided an After Repair Value of the Subject Property in the amount of the lesser of $765,000.00 and the Appraised Value determined by an Appraisal made after completion of all Planned Improvements pursuant to Section 2.5(a)-(v) in the Loan Agreement. (Woods PMG Dec. ¶ 11). The After Repair Value was based on an appraisal that was previously prepared by Greater NY Appraisal Services, Inc. ("Greater NY Appraisal") for a borrower identified in the appraisal as 7842 79th Pl., Inc. (*Id.* ¶¶ 12-13, 17, Ex. B). The appraisal was effective December 17, 2018, before PMG's involvement and before 12706

Holdings applied to PMG for a loan. (*Id.* ¶¶ 12-13, 17, Ex. B). For purposes of the loan-to-value ratio, the principal loan amount of $535,000.00 reflected seventy percent of the $765,000.00 After Repair Value of the Subject Property. (*Id.* ¶ 14).

27.     Greater NY Appraisal noted in the appraisal that it considered "[s]everal 'flips'" in its comparables analysis because "they were considered to best represent the condition of the [S]ubject [Property] based on the hypothetical conditions employed in the report." (Woods PMG Dec. ¶ 15, Ex. B). Those hypothetical conditions were, as detailed in the Loan Agreement, the After Repair Value assuming repairs were made to the Subject Property. (*Id.*). Greater NY Appraisal forecasted the appraised value of the Subject Property based on what the planned improvements contemplated in the Loan Agreement might result but before those planned improvements were completed. (*Id.*). Section 2.1 provides that the Loan Agreement contemplated another appraisal after the planned improvements had been completed. (*Id.*). The After Repair Value would ultimately be the lesser of either the After Repair Value set forth in the appraisal effective December 17, 2018, or the value set forth in an appraisal after the planned improvements were completed. (*Id.*). The certification set forth in the appraisal noted that the appraisal expired on December 21, 2019. (Woods PMG Dec. ¶ 16, Ex. B).

28.     PMG did not order the appraisal nor was it involved in the conduct of the appraisal or the preparation of the appraisal report. (Woods PMG Dec. ¶ 17). When 12706 Holdings subsequently applied to PMG in March 2019, the prior appraisal was subsequently certified to PMG by Greater NY Appraisal, which is why PMG is noted as the lender for an appraisal that was effective on December 17, 2018, before its involvement. (Woods PMG Dec. ¶ 18). As reflected in the appraisal, PMG relied on an as-renovated value of the Subject Property. (*Id.*).

29.     PMG validated the After Repair Value set forth in the appraisal by way of a Property Review.  (Woods PMG Dec. ¶¶ 19-20, Ex. C).

30.     Pursuant to Section 3.2 of the Loan Agreement, the maturity date of the Commercial Mortgage Loan was April 1, 2020.  (Woods PMG Dec. ¶ 21, Ex. A); (O'Connell PHL Dec. ¶ 8, Ex. A).  Pursuant to Article 3.3(a) of the Loan Agreement, 12706 Holdings was required to make its first payment of interest on May 1, 2019, and continue on the first day of each month thereafter until the maturity date.  (Woods PMG Dec. ¶ 21, Ex. A); (O'Connell PHL Dec. ¶ 8, Ex. A).  Interest, including default interest, and late fees on the unpaid principal balance are due and owing pursuant to Articles 3.3(b) through (e) of the Loan Agreement.  (Woods PMG Dec. ¶ 21, Ex. A); (O'Connell PHL Dec. ¶ 8, Ex. A).

31.     Pursuant to Section 4.2 of the Loan Agreement, 12706 Holdings represented and warranted that the execution, delivery and performance by 12706 Holdings, as borrower, and Woodburn, as guarantor, of the Loan Documents to which they are parties will not violate any law or result in the imposition of any lien, charge or encumbrance upon all or any portion of the Subject Property, except for any liens in favor of PMG, as lender, as contemplated by the Loan Documents.  (Woods PMG Dec. ¶ 22, Ex. A); (O'Connell PHL Dec. ¶ 9, Ex. A).  The Loan Documents as referenced in the Loan Agreement include the Loan Agreement, the Commercial Mortgage, the Note, and the Guaranty Agreement, which are all further identified below.  (Woods PMG Dec. ¶ 22, Ex. A); (O'Connell PHL Dec. ¶ 9, Ex. A).

32.     Pursuant to Section 4.17 of the Loan Agreement, 12706 Holdings represented and warranted that it was the sole owner of the property located at 127-06 177th Street, Jamaica, New York 11434 ("Subject Property"); the Subject Property is not subject to any leases; other than 12706 Holdings, no person has any possessory interest in the Subject Property or right to occupy

the same; the Subject Property is not occupied and neither 12706 Holdings, as borrower, nor Woodburn, as guarantor, has any intent to occupy the Subject Property, or to permit any other person to occupy the Subject Property during the term of the Commercial Mortgage Loan. (Woods PMG Dec. ¶ 23, Ex. A); (O'Connell PHL Dec. ¶ 10, Ex. A).

33.     Pursuant to Section 4.2 of the Loan Agreement, 12706 Holdings represented and warranted that neither 12706 Holdings, as borrower, nor Woodburn, as guarantor, had failed to disclose any fact that could cause any information described in any representation or warranty to be misleading or adversely affect the value of the Subject Property. (Woods PMG Dec. ¶ 24, Ex. A); (O'Connell PHL Dec. ¶ 11, Ex. A). 12706 Holdings, as borrower, and Woodburn, as guarantor, further represented and warranted that no statement of fact made by them in any of the Loan Documents contained any untrue statement of a material fact or omitted to state any material fact necessary to make statements contained in the Loan Documents not misleading. (Woods PMG Dec. ¶ 24, Ex. A); (O'Connell PHL Dec. ¶ 11, Ex. A). 12706 Holdings, as borrower, and Woodburn, as guarantor, further represented and warranted that there was no fact then-known to them that has not been disclosed to PMG, as lender, which adversely affects, nor as they could foresee, might adversely affect the business, operation or condition of 12706 Holdings, Woodburn or the Subject Property. (Woods PMG Dec. ¶ 24, Ex. A); (O'Connell PHL Dec. ¶ 11, Ex. A).

34.     The Loan Agreement contained an indemnification provision set forth in Section 5.13. (Woods PMG Dec. ¶ 25, Ex. A); (O'Connell PHL Dec. ¶ 12, Ex. A).

35.     Events of default under the Loan Agreement include, among other things as set forth in Section 6, 12706 Holdings' failure to pay any principal, interest or other amount due under the Loan Documents when due, 12706 Holdings' violations of its obligations under Sections 3.3(a) and/or 6.3 of the Loan Agreement, and the untruth in any material respect when made or deemed

made any representation or warranty made in any Loan Document.  (Woods PMG Dec. ¶ 26, Ex. A); (O'Connell PHL Dec. ¶ 14, Ex. A).

36.     On March 27, 2019, 12706 Holdings executed a Promissory Note in connection with the Commercial Mortgage Loan (the "Note").  (Woods PMG Dec. ¶¶ 27, 28, Ex. D); (O'Connell PHL Dec. ¶¶ 15-16, Ex. B).  Pursuant to the Note, 12706 Holdings, as borrower, promised to repay $535,000.00 plus interest to PMG.  (Woods PMG Dec. ¶ 29, Ex. D); (O'Connell PHL Dec. ¶ 17, Ex. B).  The Note was executed by Woodburn in his official capacity as President of 12706 Holdings.  (Woods PMG Dec. ¶ 30, Ex. D); (O'Connell PHL Dec. ¶ 18, Ex. B).

37.     To secure repayment of the Note, 12706 Holdings executed a Mortgage, Security Agreement, And Fixture Filing on March 27, 2019 (the "Commercial Mortgage") in favor of PMG, encumbering and granting to PMG a security interest in the Subject Property.  (Woods PMG Dec. ¶¶ 31, 32, Ex. E); (O'Connell PHL Dec. ¶¶ 19, 20, Ex. C).  The Commercial Mortgage was recorded on July 19, 2019, in the Office of the City of Register of the City of New York under CRFN: 2019000227660 and bears Document ID 2019041000506001.  (Woods PMG Dec. ¶ 33, Ex. E); (O'Connell PHL Dec. ¶ 21, Ex. C).

38.     Certain of the funds from the Commercial Mortgage Loan satisfied obligations under the 2006 Mortgage.  (Woods PMG Dec. ¶¶ 35, 40-41); (O'Connell Dec. ¶ 24).  The 2006 Mortgage encumbered the Subject Property as set forth in the 2006 Mortgage and was security for the corresponding note.  (Woods PMG Dec. ¶ 37); (O'Connell Dec. ¶ 24).

39.     PMG funded the Commercial Mortgage Loan on March 27, 2019, by transmitting funds in the amount of $535,000.00, to eight recipients, including $496,884.97 to the law firm of Donaldson & Chilliest, LLP, which was the law firm that represented 12706 Holdings.  (Woods PMG Dec. ¶¶ 42-43, Exs. H, I); (O'Connell PHL Dec. ¶¶ 25-26, Ex. D).

40.     As is standard in the mortgage industry, a title report ("Title Report") was obtained and a policy of title insurance was issued to PMG by issued by WFG National Title Insurance Company ("WFG National") assuring PMG that the Commercial Mortgage Loan to 12706 Holdings would be in first lien position ("Title Policy").  (Woods PMG Dec. ¶¶ 38-41, Exs. F, G); (O'Connell PHL Dec. ¶¶ 27-29, Exs. E, F).

41.     The amount of $337,500.00 was wired to Ocwen from the IOLA account of Donaldson & Chilliest, LLP, counsel for 12706 Holdings, on March 29, 2019.  (Mulvaney Dec. Ex. D (Tr.D2 277:17 – 279:7, Tr.D2 Ex. U)).

42.     At the time Deutsche Bank commenced foreclosure on the 2006 Mortgage against Plaintiff on May 8, 2015, Deutsche Bank alleged that there was $411,651.39 then-due-and owing from Plaintiff.  (Mulvaney Dec. Ex. F (Foreclosure Compl. ¶ 11), Ex. D (Tr.D1 114:6-17, 236:3-7, 236:13 – 238:18, Tr.D1 Ex. N)).  Deutsche Bank also alleged that the note that Plaintiff executed and delivered relative to the 2006 Mortgage provided that "in the event any installment shall become overdue for a period in excess of fifteen (15) days a late change of 2.00% on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment."  (Mulvaney Dec. Ex. F (Foreclosure Compl. ¶¶ 2, 3, 12)).  Deutsche Bank also alleged that the 2006 Mortgage provided that "in the event of default by [Plaintiff], [Deutsche Bank] may recover all costs, including reasonable attorneys' fees, disbursements, and allowances by law in bringing any action to protect its interest in the premises."  (Mulvaney Dec. Ex. F (Foreclosure Compl. ¶ 13)).

43.     Summary judgment was awarded in the foreclosure case involving the 2006 Mortgage, and the matter was referred to a referee for calculation of damages and the Subject

Property was subject to foreclosure sale. (Mulvaney Dec. ¶¶ 10-11, Ex. G (Order Granting Summary Judgment and Order of Reference), Ex. D (Tr.D1 245:-19 – 247:21, Tr.D1 Ex. Q)).

44.     Rather than proceed to a sheriff's sale and have the Subject Property sold at foreclosure, Plaintiff entered into the transaction with 12706 Holdings on January 4, 2019. (Mulvaney Dec. Ex. D (Tr.D1 250:14-18, 253:14 – 255:12. Tr.D1 Ex. R)). The transaction between Plaintiff and 12706 Holdings provided Plaintiff with the benefit of paying off Plaintiff's 2006 Mortgage with Ocwen that was the subject of the foreclosure case. (*Id.* (Tr.D1 250:19 – 251:9), Ex. E (Tr.D2 282:18-24)).

45.     After receiving the $337,500.00 that was wired to Ocwen, Deutsche Bank executed a release of Plaintiff's 2006 Mortgage on May 29, 2019, which was recorded on June 10, 2019. (Mulvaney Dec. ¶ 5, Ex. B (Release of Mortgage), Ex. D (Tr.D2 271:21-24, Tr.D2 Ex. S)).

46.     Deutsche Bank, through its counsel, moved to discontinue its action to foreclose Plaintiff's 2006 Mortgage on April 9, 2019, due to a short sale payoff. (Mulvaney Dec. ¶¶ 12-13, Ex. H, Ex. D (Tr.D1 17-19, 217:2-7), Ex. E (Tr.D2 281:3 – 282:9, Tr.D2 Ex. W)).

47.     The Supreme Court, Queens County, granted Deutsche Bank's motion and discontinued the foreclosure proceedings by order dated May 17, 2019. (Mulvaney Dec. ¶¶ 14-15, Ex. I (Order), Ex. E (Tr.D2 280:3-12, Tr.D1 Ex. R, Tr.D2 Exs. S, T)).

48.     Consistent with a Master Mortgage Loan Sale and Servicing Agreement ("Master Servicing Agreement") between PMG and IRP Fund II Trust 1A, an affiliate of Verus Residential Loanco, LLC ("Verus"), IRP Fund II Trust 1A purchased the Commercial Mortgage Loan from PMG on April 30, 2019. (Woods PMG Dec. ¶¶ 44-45, Ex. J); (O'Connell PHL Dec. ¶¶ 30-31, Ex. G).

49.     As a result of that transaction, PMG is no longer the holder of the Commercial Mortgage.  (Woods PMG Dec. ¶¶ 44, 46-47, Ex. K); (O'Connell PHL Dec. ¶¶ 32-33, Ex. H).

50.     Pursuant to an Assignment of Mortgage ("Assignment") that was recorded on May 12, 2022, the Commercial Mortgage was assigned to PHL, as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1, which is the owner trustee of Verus Securitization Trust 2020-NPL1, the trust that now owns the Commercial Mortgage Loan and holds the Commercial Mortgage.  (Woods PMG Dec. ¶¶ 46-47, Exs. J, S, K); (O'Connell PHL Dec. ¶¶ 32-33, Exs. G, H).

51.     In connection with the Commercial Mortgage Loan, PMG received many documents from 12706 Holdings as part of the loan application and due diligence process.  (Woods PMG Dec. ¶¶ 54-55, Ex. M).

52.     None of the documents that PMG received during the financial due diligence process before it agreed to originate and enter into the Commercial Mortgage Loan provided any indication or information about the negotiations that led to 12706 Holdings' acquisition of the Subject Property that Plaintiff formerly owned.  (Woods PMG Dec. ¶¶ 54-57, Ex. M).  PMG's loan application review of the documentation provided by 12706 Holdings revealed no unusual characteristics that suggested Plaintiff might have been a victim of fraud.  (Woods PMG Dec. ¶¶ 56-57).

53.     Other than providing ordinary lending services, namely providing the proceeds of the Commercial Mortgage Loan to 12706 Holdings, PMG did not participate in, was not a party to, was not involved in, and had no knowledge of any negotiations that led to 12706 Holdings' acquisition of the Subject Property from Plaintiff or Plaintiff's short sale with Ocwen, and did not

attend any closing of the short sale between Plaintiff and Ocwen or the closing of the Commercial Mortgage Loan.  (Woods PMG Dec. ¶ 53); (Mulvaney Dec. Ex. D (Tr.D1 256:6 – 257:7, 261:16-22, Tr.D1 Ex. R), Ex. E (Tr.D2 Ex. S)).

54.     PHL did not originate and was not involved with originating the Commercial Mortgage Loan.  (O'Connell PHL Dec. ¶ 34).  PHL is not a lender; it functions only as a mortgage servicer.  (O'Connell PHL Dec. ¶¶ 34-35).  PHL's only role with the Commercial Mortgage Loan was to provide ordinary mortgage servicing services for PMG when it held the Commercial Mortgage and, subsequently, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2020-NPL1.  (O'Connell PHL Dec. ¶¶ 35-36).

55.     PHL did not participate in, was not a party to, was not involved in, and had no knowledge of any negotiations that led to 12706 Holdings' acquisition of the Subject Property from Plaintiff or Plaintiff's short sale with Ocwen, and did not attend any closing of the short sale between Plaintiff and Ocwen or the closing of the Commercial Mortgage Loan.  (O'Connell PHL Dec. ¶ 36); (Mulvaney Dec. Ex. D (Tr.D1 256:6 – 257:11, 261:16-22, Tr.D1 Ex. R), Ex. E (Tr.D2 Ex. S)).

56.     PHL's capacity as mortgage servicer did not commence until after the closing of the Commercial Mortgage Loan.  (O'Connell PHL Dec. ¶ 36).

57.     Aside from providing ordinary mortgage servicing services as set forth above with respect to the Commercial Mortgage Loan, PHL provided no other services related to the Commercial Mortgage Loan.  (O'Connell PHL Dec. ¶ 36).