**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X** **21-42857-206**
**In re:**
**Evis Neverlane Stephens,** **Chapter 13**
**Debtor.**
**-------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,** **Adversary Proceeding No. 22-01037**
**v.**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc.,**
**Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**-------------------------------------------------------X**

**DECLARATION OF KARAMVIR DAHIYA IN OPPOSITION TO DEFENDANT CHARLES L. MESTER'S MOTION FOR SUMMARY JUDGMENT**

I, KARAMVIR DAHIYA, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney duly admitted to practice before this Court and am a member in good standing of the Bar of the State of New York. I am the principal of Dahiya Law Offices LLC, counsel for Plaintiff Evis Neverlane Stephens ("Plaintiff" or "Stephens") in the above-captioned adversary proceeding. I submit this Declaration based on my personal knowledge, review of the case file, discussions with my client, and examination of relevant documents, in opposition to the Motion for Summary Judgment filed by Defendant Charles L. Mester, Esq. ("Mester") on or about October 24, 2025 (ECF Doc. No. 153), including his Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1 (ECF Doc. No. 153, Attachment 2), Certification (ECF Doc. No. 153, Attachment 1), and Memorandum of Law (ECF Doc. No. 153, Attachment 3), as well as his Supplemental Letter dated October 27, 2025. This Declaration is also submitted in support of Plaintiff's Objection to Mester's Motion for Summary Judgment (the "Objection") and Plaintiff's

Response to Mester's Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1 (the "Response"), both of which are filed contemporaneously herewith or have been prepared for filing.

2. I am fully familiar with the facts and circumstances of this case, including the allegations in Plaintiff's Revised Second Amended Complaint (ECF Doc. No. 93), which sets forth claims against Mester for, inter alia, cancellation of deed, quiet title, fraud, civil conspiracy, and violations of New York General Business Law § 349 (Deceptive Practices) etc.. These claims stem from Mester's alleged role in a fraudulent foreclosure rescue scheme involving the unauthorized transfer of Plaintiff's property located at 12706, 177th Street, Jamaica, New York, through forged or deceptive documents and improper foreclosure actions.

3. Based on my review of the record, including Mester's Motion and supporting documents, there are numerous genuine issues of material fact that preclude summary judgment in Mester's favor. As detailed in the Objection and the Response (attached hereto as Exhibits A, B, C and D respectively), Mester has failed to meet his burden under Federal Rule of Civil Procedure 56 (made applicable by Federal Rule of Bankruptcy Procedure 7056) to demonstrate the absence of any genuine dispute as to material facts. Instead, the evidence shows triable issues regarding, among other things: (a) the authenticity and circumstances surrounding the execution of deeds and assignments prepared or facilitated by Mester; (b) Plaintiff's knowledge and intent during the transactions, including whether she was deceived into believing the documents were for a loan modification rather than an outright title transfer; (c) Mester's role as an attorney in aiding and abetting the alleged fraud and conspiracy; (d) Mester's financial motives, as evidenced by fees he received; and (e) whether Mester qualifies as a "representative" under the NY Real Property Law 265-a and violated its requirements. Mr. Mester uses Osmond fraud to somehow bypass his own ethical obligation. For example, documents relied upon by Mester's Motion (Osmond Fraud Docs) do not conclusively establish Plaintiff's knowing participation in fraud; rather, they raise factual disputes about signature authenticity and coercive tactics, which are classic issues for a trier of fact. Similarly, Plaintiff's deposition testimony, selectively cited by Mester, must be viewed in the context of potential duress and the deceptive nature of foreclosure rescue schemes, as recognized in cases like *First Nat'l Bank of Odessa v. Fazzari*, 10 N.Y.2d 394 (1961) (fraud in the factum voids a deed if the signer was deceived) and *In re Davis*, 169 B.R. 285 (E.D.N.Y. 1994) (oppressive lease-back schemes raise fact issues). These disputes are further elaborated in the Objection and Response.

4. The Objection incorporates relevant case law from Plaintiff's prior opposition to a similar motion by co-defendant Wilmington Savings Fund Society, FSB, demonstrating that summary judgment is inappropriate where, as here, credibility determinations, intent, and knowledge are at issue. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (evidence viewed in light most favorable to non-movant); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (movant bears initial burden); *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 514 (S.D.N.Y. 2002) (fraud claims ill-suited for summary judgment).

5. The Response specifically disputes each of Mester's asserted "material facts," providing citations to evidence in the record that create genuine issues for trial. For instance, Mester's claims regarding the "limited" nature of his involvement are contradicted by evidence of his preparation of fraudulent documents (e.g., Ex. A to Mester's Motion, Holding Formation Docs), and his assertions about Plaintiff's "admissions" ignore ambiguities resolved in the non-movant's favor under *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).

6. Mester's Supplemental Letter does not cure the deficiencies in his Motion; it merely adds untimely exhibits without resolving the factual disputes. Discovery remains incomplete, and summary judgment is premature, as it would require the Court to weigh evidence and credibility—functions reserved for trial. *See Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984). If there is any entitlement to summary judgment, it is Ms. Stephens, as the documents and statements made by Mr. Mester goes to support her claim.

7. In sum, the Objection and Response demonstrate that Mester is not entitled to judgment as a matter of law, and genuine issues of material fact require denial of his Motion to allow these matters to proceed to trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: January 21, 2026
New York, New York

*/s/ Karamvir Dahiya*
KARAMVIR DAHIYA
. Dahiya Law Offices LLC
Counsel for Plaintiff Evis Neverlane Stephens
111 John Street, Suite 1860,
New York 10038
(212) 766-8000 karam@dahiya.law