**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X Case No.: 21-42857-jmm**

**In re:**

**Evis Neverlane Stephens,** **Chapter 13**

**Debtor.**
**--------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,**
**v.** **Adv. Pro. No.: 22-01037-jmm**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc., Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**--------------------------------------------------------X**

**NOTICE OF PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST MAXINE BONAPARTE, LEZANTONIO WOODBURN, AND 12706 HOLDINGS INC.**

PLEASE TAKE NOTICE that, upon this Notice of Motion; the accompanying Memorandum of Law; the Affirmation of Karamvir Dahiya, Esq.; the Affirmation of Non-Military Service; the Revised Second Amended Complaint (Adv. ECF No. 93) and the exhibits thereto filed at Adv. ECF No. 34 and incorporated therein by reference; the record of this adversary proceeding, of which the Court may take judicial notice; and the proposed order and judgment submitted herewith, the Plaintiff, Evis Neverlane Stephens, by her counsel Dahiya Law Offices, LLC, will move this Court, before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, at the Conrad B. Duberstein United States Courthouse, 271-C Cadman

Plaza East, Courtroom 3529, Brooklyn, New York 11201, on October 13, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7055 of the Federal Rules of Bankruptcy Procedure, against defendants Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc. on the First, Second, Third, Tenth, Thirteenth, Fourteenth, Fifteenth (A, B, and C), Sixteenth, and Twentieth Causes of Action of the Revised Second Amended Complaint: (a) rescinding and setting aside the deed dated March 27, 2019 and recorded July 29, 2019 (CRFN 2019000238453) as against the defaulting defendants, and divesting 12706 Holdings Inc. of its interest thereunder; (b) revesting and quieting fee title to the premises known as 127-06 177th Street, Jamaica, New York 11434 (Block 12527, Lot 93) in the Plaintiff, subject to such rights and liens, if any, of the non-defaulting defendants as the Court's orders preserve; (c) directing the Office of the City Register to record the judgment; (d) permanently enjoining the defaulting defendants from transferring or encumbering the premises, prosecuting any eviction or possessory proceeding against the Plaintiff or her family, or interfering with the premises' occupants or their utility services; (e) striking or disregarding the filing at Adv. ECF No. 201 as a responsive pleading, without limiting consideration of the party admissions it contains; and (f) in the alternative as to any claim on which the Court concludes it lacks authority to enter final judgment, issuing proposed findings of fact and conclusions of law to the United States District Court pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033(c); together with such other and further relief as is just.

PLEASE TAKE FURTHER NOTICE that the hearing will be held before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, in Courtroom 3529 of the Conrad B. Duberstein United States Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201,

and that, in accordance with Chief Judge Mazer-Marino's published procedures, parties may appear at the hearing in person, by telephone, or by videoconference (Zoom).

PLEASE TAKE FURTHER NOTICE that, regardless of whether a hearing participant appears by telephone, videoconference, or in person, ALL hearing participants -- attorneys and non-attorneys alike -- MUST REGISTER in advance of the hearing through the Court's eCourt Appearances platform. A CM/ECF account is not necessary to register; attorneys with CM/ECF accounts may find eCourt Appearances under the "Utilities" menu after logging on to CM/ECF, and all parties may register, and find instructions and a tutorial, at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances . Once registered, eCourt Appearances will email the registrant the telephone number, video link, and courtroom address for the hearing; the telephone number and video link will not be sent until 48 hours before the hearing date. Sharing video links or dial-in numbers with persons who have not registered through eCourt Appearances is prohibited. Those unable to access eCourt Appearances must email Chief Judge Mazer-Marino's Courtroom Deputy at JMM_Hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing, stating the person's name, the case number, whom the person represents (if an attorney), the hearing date, and a telephone number. Pursuant to the Court's procedures, if a party does not timely connect for a video appearance or appear in time for an in-person hearing, the hearing may proceed in that party's absence.

PLEASE TAKE FURTHER NOTICE that this motion renews, upon the Court's leave, the motion denied without prejudice by ruling read into the record on August 4, 2026.

PLEASE TAKE FURTHER NOTICE that objections, if any, must be filed with the Court and served upon the undersigned so as to be received no later than seven (7) days before the

return date, that is, by October 6, 2026, or as the Court may otherwise direct.

Dated: New York, New York

September 14, 2026

*/s/ Karamvir Dahiya*
Karamvir Dahiya, Esq.
DAHIYA LAW OFFICES, LLC
111 John Street, Suite 1860
New York, New York 10038
(212) 766-8000 - karam@dahiya.law
Counsel to the Plaintiff/Debtor

**To** (pursuant to Fed. R. Bankr. P. 7004(b)(3) as to the corporation, and at any address stated on the docket):

12706 Holdings Inc., Attn: Officer or Managing Agent, 130-21 140th Street, Jamaica, NY 11436 (address for service of process on file with the N.Y. Secretary of State, DOS ID 5362596)

12706 Holdings Inc., Attn: Officer or Managing Agent, c/o Antonio Woodburn, 55 West 116th Street, Suite 255, New York, NY 10026

Lezantonio Woodburn, 130-21 140th Avenue, South Ozone Park, NY 11436 (address stated in his affidavit, Adv. ECF No. 201); 130-21 140th Street, Jamaica, NY 11436.

Maxine Bonaparte, 253 West 136th Street, New York, NY 10030, and any address stated on the docket

All counsel of record (via CM/ECF)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X Case No.: 21-42857-jmm**

**In re:**

**Evis Neverlane Stephens,** **Chapter 13**

**Debtor.**
**--------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,**
**v.** **Adv. Pro. No.: 22-01037-jmm**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc., Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**--------------------------------------------------------X**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST MAXINE BONAPARTE, LEZANTONIO WOODBURN, AND 12706 HOLDINGS INC.

## PRELIMINARY STATEMENT

By order read into the record on August 4, 2026, this Court denied the Plaintiff's prior motion for default judgment (Adv. ECF No. 187) without prejudice and with leave to renew. The Court held that the default was properly noted, and that each of the discretionary factors under *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), favored the Plaintiff: the Defaulting Defendants' default was willful, no meritorious defense had been articulated, and the Plaintiff is prejudiced by delay. Aug. 4, 2026 Hr'g Tr. (Adv. ECF No. 195) at 23:5-25, 29:1-4. The defect the Court identified was evidentiary: the motion demonstrated liability through

material outside the operative complaint. The Court directed that a renewed motion set out "the elements of all the claims and the reference to the paragraph number in the complaint where there's a factual allegation that supports that element." Tr. 28:8-17. That is the very posture *Johannes Baumgartner* itself prescribes: there too, the court denied a default-judgment motion that rested on extrinsic exhibits -- and did so with leave to renew upon the complaint's own well-pleaded allegations. *Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 288-89, 296 (E.D.N.Y. 2013).

This renewed motion does that. Part II sets out, claim by claim and element by element, the governing legal standard and the paragraphs of the Revised Second Amended Complaint (Adv. ECF No. 93, the "Complaint") -- together with the exhibits filed at Adv. ECF No. 34 and incorporated by reference in the Complaint (Compl. ¶ 46 & n.1) -- that establish each element of each cause of action on which judgment is sought. No affidavit, no summary-judgment finding, and no discovery document is relied upon for liability. Where this memorandum refers to this Court's own docket, orders, filings, and claims register, it does so under Federal Rule of Evidence 201, and Part I.F sets out a formal request for judicial notice. Fed. R. Evid. 201(c)(2); 1 Weinstein's Federal Evidence §§ 201.12[3], 201.30[1]. Part I.G addresses, directly, the relationship between this motion and the Court's July 1, 2026 summary judgment decision (Adv. ECF No. 185), and Part I.C addresses, directly, the procedural effect and content of the Defaulting Defendants' August 27, 2026 filing (Adv. ECF No. 201).

The Plaintiff narrows the motion to the causes of action that restore title to her home: the First (in the alternative), Second, Third, Tenth, Thirteenth, Fourteenth, Fifteenth (A, B, and C), Sixteenth, and Twentieth Causes of Action. The Plaintiff seeks no quantified money judgment against the Defaulting Defendants on this motion. The judgment sought is rescission and setting

aside of the March 27, 2019 deed as against the Defaulting Defendants, divestiture of 12706 Holdings Inc.'s interest, revesting of title in the Plaintiff, and a defined permanent injunction -- expressly subject to such lien rights, if any, as this Court's prior rulings preserve to the lender parties, and without prejudice to the Court's authority to require such further evidence or accounting as it deems necessary under Rule 55(b)(2).

## PROCEDURAL BACKGROUND

Every fact recited in this section appears on the dockets of this adversary proceeding or the main chapter 13 case, in this Court's own orders and decisions, or in the Court's own recital of the case's history at the August 4, 2026 hearing, Tr. 14:25-18:17, and is the subject of the request for judicial notice at Part I.F below.

A. The chapter 13 case. Ms. Stephens filed her chapter 13 petition on November 15, 2021 (Case No. 21-42857-jmm). Claims Nos. 1 through 4 -- LVNV Funding, Jefferson Capital Systems (two claims), and Ashley Funding Services -- were filed in January 2022 and have never drawn objection; Claim No. 7 of National Grid was deemed timely filed by stipulation and order entered December 18, 2023 (Bankr. ECF No. 62). 12706 Holdings Inc. filed Claim No. 5 for $55,000; on the Debtor's objection (Bankr. ECF No. 30) that claim was disallowed and expunged by order signed August 19, 2022 (Bankr. ECF No. 48). Holdings also moved to vacate the automatic stay "with prejudice" (Bankr. ECF No. 25, April 15, 2022); that motion was adjourned repeatedly into 2023 and was never granted. On the Debtor's motion, the Court entered an order directing the recording of the Debtor's rescission notice under Real Property Law § 265-a (Bankr. ECF No. 45, signed July 14, 2022; submission for recording bearing Document ID 2022072100702001). The Debtor's Fifth Amended Plan (Bankr. ECF No. 65, March 13, 2024) stands for confirmation, presently adjourned to September 17, 2026; this Court has stated that

"the Chapter 13 case is going to be dismissed unless the plaintiff is able to confirm a plan by November, 2026." Tr. 24:1-2. On September 8, 2026, the Court granted the lender parties conditional relief from the stay as to the Property, conditioned on adequate-protection payments of $5,350 per month beginning September 15, 2026 (Bankr. ECF No. 89) -- an order that sharpens the urgency of resolving title.

B. Commencement and the pleadings. Ms. Stephens commenced this adversary proceeding on May 9, 2022 against Ms. Bonaparte, Mr. Woodburn, 12706 Holdings Inc., and Charles L. Mester, Esq. (Adv. ECF No. 1). Tr. 14:25-15:2. Defaults were noted against Bonaparte, Woodburn, and Holdings at the June 28 and August 16, 2022 conferences, Tr. 15:2-10; they then answered through their counsel, Charles Wertman, Esq., on September 14, 2022 (Adv. ECF No. 14), an answer the Court deemed timely while setting aside the earlier default (Adv. ECF No. 29, December 19, 2022). The Amended Complaint, adding the lender defendants, was filed December 18, 2022 (Adv. ECF No. 28); pursuant to the Court's Rule 9037 order (Adv. ECF No. 32) it was refiled in redacted form, with its exhibits, on December 28, 2022 at Adv. ECF No. 34 -- the docketed Exhibits A through N (Adv. ECF Nos. 34-1 through 34-14) that the operative Complaint incorporates by reference. Tr. 15:18-21. Bonaparte, Woodburn, and Holdings answered the Amended Complaint on January 19, 2023 (Adv. ECF No. 38). Tr. 15:21-23. The Court decided Mester's motion to dismiss on March 23, 2023 (Adv. ECF No. 54) and the lender defendants' motions to dismiss on January 5, 2024 (Adv. ECF No. 81; implementing order, Adv. ECF No. 83) -- a decision that "didn't address claims against Woodburn, Bonaparte or Holdings," Tr. 16:10-12. The Plaintiff then filed the Second Amended Complaint (Adv. ECF No. 90, February 9, 2024) and, on February 22, 2024, the Revised Second Amended Complaint (Adv. ECF No. 93) -- the operative pleading. The Defaulting Defendants

never answered it. Tr. 17:17-18; Tr. 23:13-16 ("they answered the first complaint, had Counsel, but did not answer the second amended complaint").

C. Mediation and the lenders' pleadings. All claims and parties were assigned to mediation on April 24, 2023 (Adv. ECF No. 65); the mediators reported an impasse on October 6, 2023 (Adv. ECF No. 73). Tr. 15:24-16:3. The Wilmington/Verus defendants answered the operative Complaint with a counterclaim (Adv. ECF No. 97, March 6, 2024), as did Mester (Adv. ECF No. 98); the Planet defendants answered with counterclaims and crossclaims against Holdings and Woodburn (Adv. ECF No. 102, June 10, 2024) and noticed those parties' defaults on the crossclaims (Adv. ECF Nos. 104, 105, July 23, 2024). Tr. 16:14-18.

D. The defaults and the withdrawal of counsel. The Defaulting Defendants' defaults on the operative Complaint were noted on the record at the pre-trial conferences of November 5, 2024 and December 12, 2024. Mr. Wertman moved to withdraw on November 13, 2024 (Adv. ECF No. 112); the Court granted the motion and entered the order relieving him as counsel for all three Defaulting Defendants on January 7, 2025 (Adv. ECF No. 114). Tr. 16:22-17:3. Ms. Bonaparte thereafter appeared pro se, moving on January 23, 2025 to add parties (Adv. ECF No. 115) -- a motion she did not appear to prosecute and which was denied (Adv. ECF Nos. 126, 129). Tr. 17:3-9. A further notice of appearance by prior counsel was docketed on July 29, 2025 (Adv. ECF No. 132), but no answer, no opposition, and no Rule 55(c) motion ever followed from any Defaulting Defendant; the docket carries all three as pro se, and each appeared unrepresented at the August 4, 2026 hearing, where the Court noted Ms. Bonaparte's statement that she was looking for an attorney and stated that it would not delay these proceedings for that search. Tr. 29:25-30:3. At the August 14, 2025 conference the Court noted the default on the record (minute entry, as modified August 2, 2026) and granted the Plaintiff leave to move for

default judgment. Tr. 17:13-20; 23:4-10.

E. Summary judgment and the first default-judgment motion. Between October and December 2025 the parties cross-moved for summary judgment (Adv. ECF Nos. 150 (Wilmington/Verus), 152 (Plaintiff), 153 (Mester), 163-164 (Planet)). The Plaintiff filed her consent to entry of final orders and judgment by this Court on May 20, 2026 (Adv. ECF No. 180); the Wilmington and Planet parties consented on June 3 and June 5, 2026 (Adv. ECF Nos. 183, 184); the Defaulting Defendants have not consented. Tr. 14:16-18. By Memorandum Decision and Order dated July 1, 2026 (Adv. ECF No. 185), the Court decided the summary judgment motions, observing there that "[t]o date, Plaintiff has not moved for default judgment against Woodburn, Bonaparte, or Holdings." Adv. ECF No. 185 at 6. On July 13, 2026 the Plaintiff moved to reconsider that decision (Adv. ECF No. 186, *sub judice*) and moved for default judgment against the Defaulting Defendants (Adv. ECF No. 187). Tr. 18:7-11.

F. The August 4, 2026 ruling. The Court heard the default-judgment motion on August 4, 2026, with Ms. Bonaparte and Mr. Woodburn present pro se. After reciting the procedural history, Tr. 14:25-18:17, the Court found Rule 55's first step complete, Tr. 23:4-10, and found that "[t]he three Enron factors all weigh in favor of this Court's exercise of discretion," Tr. 23:11-13: the default was willful, Tr. 23:13-16; no meritorious defense had been articulated, Tr. 23:22-23 -- and Ms. Bonaparte's professed ignorance of her counsel's withdrawal was "not a credible assertion," Tr. 23:16-21; and the Plaintiff faces prejudice from further delay given the November 2026 confirmation deadline, Tr. 23:23-24:2. The Court nonetheless denied the motion for an evidentiary reason: the motion demonstrated liability through affidavits, summary-judgment materials, and the Court's own prior decisions rather than through the four corners of the operative Complaint, its incorporated exhibits, and matters of judicial notice. Tr.

24:6-27:14 (applying *Johannes Baumgartner*, 969 F. Supp. 2d at 287). The denial was expressly without prejudice, with leave to renew and to seek an expedited hearing, Tr. 28:4-8, upon a motion setting out "the elements of all the claims and the reference to the paragraph number in the complaint where there's a factual allegation that supports that element," Tr. 28:8-13; see Tr. 29:1-8. The transcript was docketed August 6, 2026 (Adv. ECF No. 195).

G. Events since the ruling. On August 27, 2026, Ms. Bonaparte filed a 426-page submission docketed as an "Answer to Amended Complaint/Affidavit of Defense" (Adv. ECF No. 201), comprising an unsworn narrative of Ms. Bonaparte, a notarized affidavit of Mr. Woodburn sworn August 25, 2026, and exhibits. It is addressed at Part I.C below. This renewed motion follows, in the form the Court prescribed.

## ARGUMENT

### I. THE PROCEDURAL PREDICATES ARE ESTABLISHED, AND THE AUGUST 27, 2026 FILING DOES NOT DEFEAT THEM

A. Rule 55's first step is complete. The Defaulting Defendants' defaults on the operative Complaint were noted on the record at the August 14, 2025 pre-trial conference (minute entry, modified Aug. 2, 2026, "Default Noted"), and earlier at the November 5 and December 12, 2024 conferences. The Court has already so found. Tr. 23:5-10. The Court may take judicial notice of its own docket. Tr. 27:4-6.

B. The Court's August 4 findings on the *Enron* factors stand, subject to one intervening event. The Court found willfulness ("they answered the first complaint, had Counsel, but did not answer the second amended complaint"), no meritorious defense, and prejudice from a case "languishing for so long" against a November 2026 confirmation deadline. Tr. 23:11-25; 24:1-2. The one thing that has changed since is the filing of Adv. ECF No. 201 on August 27, 2026. The Plaintiff addresses it squarely, because it confirms rather than undermines those findings.

C. The procedural effect of Adv. ECF No. 201 -- a threshold determination the Plaintiff requests. The Plaintiff does not ask the Court to disregard the filing unexamined; she asks the Court to determine its procedural effect and submits the following. (1) As an answer, it comes two and a half years after the operative Complaint was filed, after the defaults were noted three times, and without leave of Court; the noted defaults are not vacated by the act of filing papers. See Fed. R. Civ. P. 55(c) (relief from default requires a showing of good cause). (2) In content it is not a responsive pleading: the principal document is a first-person narrative of Ms. Bonaparte, unsworn, together with a separately notarized affidavit of Mr. Woodburn; it does not admit or deny the Complaint's allegations, asserts no affirmative defenses, and requests no identified relief; and nothing in it is submitted by or on behalf of 12706 Holdings Inc. (3) If, in deference to the defendants' pro se status, the Court construes the filing liberally as an application to vacate the defaults, cf. *Enron Oil Corp.*, 10 F.3d at 94-95 (pro se letter treated as a Rule 55(c) motion to vacate), the Plaintiff opposes that application on the merits under the settled standards. Willfulness means conduct "more than merely negligent or careless" -- conduct that is "egregious and . . . not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). It is properly inferred where a defendant does not deny receiving the pleadings and offers no explanation beyond her control for prolonged silence. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186-87 (2d Cir. 2015) (per curiam) (nine months' unexplained silence). This Court has already found the defaults willful, after hearing Ms. Bonaparte in person and finding her professed ignorance of her counsel's withdrawal "not a credible assertion." Tr. 23:13-21. A defaulting party seeking relief "must present more than conclusory denials"; the test of a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would

constitute a complete defense." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001); accord *McNulty*, 137 F.3d at 740; *Bricklayers*, 779 F.3d at 187 (conclusory assertions insufficient). ECF No. 201 supplies no such evidence, for the reasons stated in Part I.C-0. The contrast with the decisions vacating defaults is instructive: in *Pecarsky* the defaulting parties were in constant contact with the court, made repeated documented efforts to retain new counsel after their attorneys withdrew holding their files, and were defaulted within days of counsel's departure, 249 F.3d at 172-73; here, the Defaulting Defendants received every paper, litigated in this Court when relief was sought from them, and filed nothing directed to the operative Complaint for two and a half years -- until three weeks after the hearing on the default-judgment motion itself. Finally, the prejudice from further delay has only grown: confirmation is due by November 2026, Tr. 24:1-2, and adequate-protection payments of $5,350 per month are now running (Bankr. ECF No. 89).

C-0. Considered on their merits, the ECF No. 201 submissions confirm the transaction structure the Complaint pleads, and the "defenses" they suggest are not meritorious. Attribution matters, and the Plaintiff states it precisely: Ms. Bonaparte's unsworn narrative describes the deal as a "friendly transaction" and states that she "worked on keeping the promise" respecting the return of the property; Mr. Woodburn's notarized affidavit (sworn August 25, 2026) states that he "became the owner of the corp., 12706 Holdings Inc and the buyer," and describes an arrangement under which Ms. Stephens was to have the opportunity to repurchase the property or procure a buyer, subject to conditions he contends were not met; and the filing annexes the prior lender's short-sale approval reflecting a discounted payoff of $337,500 with "an assistance payment to the borrower of $0.00," the defendants' own lender term sheet valuing the property at $765,000, and their October 31, 2019 contract proposing a resale of the property for $650,000.

Two conclusions follow. First, the defenses these papers suggest -- failed financing, failure to procure a qualified buyer, renovation expenditures, non-performance of repurchase conditions -- all presuppose the existence of precisely the covered reconveyance arrangement that Real Property Law § 265-a regulates and that the Complaint pleads (Compl. ¶¶ 24-25, 28, 33, 79-81). They dispute performance of the arrangement's conditions; they do not dispute the arrangement. A defense that enforces the conditions of an arrangement structured in violation of HETPA is not a meritorious defense to HETPA relief; and none of the papers addresses HETPA, the avoidance claims, or the corporation's incapacity at all. Second, these statements are considered for what they are -- the unsworn account of one defendant and the sworn affidavit of another, each admissible against its own maker as a party's statement, Fed. R. Evid. 801(d)(2)(A) -- not as conclusive concessions of any legal conclusion, and not against co-defendants. Liability rests exclusively on the four corners of the Complaint, as charted in Part II.

C-1. The relief sought operates on record title, and the record title-holder is incapable of defending. The deed sought to be set aside is held by 12706 Holdings Inc. Holdings has never answered the operative Complaint and, as a corporation, cannot answer, oppose, or appear except through counsel. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007); see *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975)); accord *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000); see *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (a corporation's "failure to obtain counsel constitutes a failure to defend") (citing *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967)).

Holdings' failure is precisely "repeated": its default on the operative Complaint was noted on the record three times -- November 5, 2024, December 12, 2024, and August 14, 2025 -- and it has appeared by counsel at no conference or hearing since its attorney was relieved in January 2025. Holdings' counsel was relieved by order entered January 7, 2025 (Adv. ECF No. 114); although a further notice of appearance was docketed on July 29, 2025 (Adv. ECF No. 132), no answer, opposition, motion, or appearance of any kind followed from or for Holdings, the docket carries it as pro se, and no counsel appeared for it at the August 4, 2026 hearing. Whatever papers Ms. Bonaparte and Mr. Woodburn file for themselves, they cannot file for the corporation. Nor is the corporate-counsel rule the whole of the point: the individuals face the claims in their own right -- as the persons the Complaint alleges procured the transfer (¶¶ 15, 24-30), as "equity purchaser" representatives within HETPA's scheme (¶¶ 73-74), and as the promisors whose conduct grounds the constructive-trust claim (¶¶ 23-30, 156-167) -- not merely through a veil-piercing label. The Complaint separately pleads the elements New York requires for disregarding the corporate form -- domination and use of the shell to commit the wrong that injured the Plaintiff, Compl. ¶ 14(a)-(d); see *Morris v. N.Y. State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 141-42 (1993) -- and on default those allegations are admitted.

C-2. The sworn Woodburn affidavit, accurately read, supports the equitable relief sought. The Plaintiff does not contend that Mr. Woodburn's affidavit concedes an unconditional obligation to restore title, and does not treat it as a binding admission of any remedy. What the affidavit does, under oath, is confirm the two facts that matter: that he owns and controls the title-holding corporation (confirming Compl. ¶ 14), and that the March 27, 2019 conveyance was made within an arrangement contemplating reconveyance or repurchase by or for Ms. Stephens, on conditions (confirming Compl. ¶¶ 24-25, 28, 33). Those sworn statements may be considered

as evidence against him. Fed. R. Evid. 801(d)(2)(A); see *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (factual statements in a party's submissions may be treated as admissions). The legal consequence of the confirmed arrangement is then supplied not by the affidavit but by law: a covered reconveyance arrangement that fails to comply with § 265-a is subject to rescission and the statute's remedies (Part II, Second Cause), and a transfer procured by a promise within a relationship of trust and confidence, followed by unjust retention, supports a constructive trust, *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976) (Part II, Fourteenth Cause). The conditions the defendants would enforce -- produce a buyer, obtain financing, pay sums fixed by them -- are conditions of the very arrangement HETPA regulates; their asserted non-performance is a matter for the Court's equitable assessment of remedy, not a bar to liability on the admitted pleadings, and the Plaintiff does not object to the Court's inquiry into any accounting or conditions it deems just under Rule 55(b)(2)(C).

D. Jurisdiction and adjudicatory authority. The claims on which judgment is sought are statutorily core: avoidance and recovery of fraudulent transfers, 28 U.S.C. § 157(b)(2)(H); matters concerning administration of the estate and adjustment of the debtor-creditor relationship, § 157(b)(2)(A), (O); determinations of the validity, extent, or priority of interests in property, § 157(b)(2)(K). The Plaintiff recognizes, however, that statutory designation does not alone resolve the constitutional authority to enter final judgment on state-law claims, see *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 28, 34-38 (2014) (a claim that is statutorily core but constitutionally barred from final bankruptcy adjudication is treated as non-core: the bankruptcy court "should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment"), and that the Defaulting Defendants have not consented to entry of final orders, Tr. 14:16-18 (the Plaintiff

has consented, Adv. ECF No. 180). Accordingly, and as the Court contemplated, Tr. 13:18-14:24, the Plaintiff requests in the alternative -- as to any claim, whether non-core or core-but-*Stern*-affected, on which the Court concludes it lacks authority to enter final judgment absent consent -- that the Court issue proposed findings of fact and conclusions of law to the District Court pursuant to 28 U.S.C. § 157(c)(1), with review under Fed. R. Bankr. P. 9033(c).

E. The Court's own observations frame this motion. This Court observed in the summary judgment decision that "[t]o date, Plaintiff has not moved for default judgment against Woodburn, Bonaparte, or Holdings." Adv. ECF No. 185 at 6. This renewed motion completes the answer to that observation in the form the Court prescribed: "I just need some support in the complaint," Tr. 29:1-4; "I look forward to reading your next motion for default judgment," Tr. 29:5-8. The Court's docket -- properly the subject of judicial notice, Tr. 27:4-6; Fed. R. Evid. 201(b)(2); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); 1 Weinstein's Federal Evidence § 201.12[3] -- further records the conduct bearing on the *Enron* findings: Holdings litigated in this Court when relief was sought from it, filing Claim No. 5 for $55,000 (disallowed and expunged by order signed August 19, 2022, Bankr. ECF No. 48) and moving to vacate the automatic stay "with prejudice" (Bankr. ECF No. 25) -- a motion adjourned repeatedly and never granted -- yet never answered the operative Complaint. The Court likewise observed that "the Chapter 13 case is going to be dismissed unless the plaintiff is able to confirm a plan by November, 2026," Tr. 24:1-2, and for that reason invited an expedited hearing, Tr. 28:6-8. These statements are invoked for the procedural and discretionary determinations they resolved; every element of liability is established independently from the four corners of the Complaint in Part II.

F. Request for judicial notice (Fed. R. Evid. 201). Judicial notice of an adjudicative fact is mandatory where a party requests it and supplies the Court with the necessary information, Fed.

R. Evid. 201(c)(2), and may be taken at any stage, Fed. R. Evid. 201(d); 1 Weinstein's Federal Evidence §§ 201.30[1], 201.32[2]. The Plaintiff requests judicial notice of the following, each readily determined from this Court's own records, Fed. R. Evid. 201(b)(2), and each noticed for the fact of the filing, order, or docket entry -- not for the truth of any disputed assertion recited within a filed paper, see *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998): (i) the dockets of this adversary proceeding and the main case, including the minute entries noting the Defaulting Defendants' defaults (November 5, 2024; December 12, 2024; August 14, 2025, as modified August 2, 2026) and the January 7, 2025 order relieving their former counsel, see *Mangiafico*, 471 F.3d at 398; (ii) the operative Complaint (Adv. ECF No. 93) and its incorporated exhibits as filed at Adv. ECF Nos. 34-1 through 34-14 -- a bankruptcy court may take judicial notice "of the debtor's bankruptcy case as a whole, including the documents filed in the case," *In re Saco Local Dev. Corp.*, 30 B.R. 862, 864-65 (Bankr. D. Me. 1983) (noticing the case file including schedules and proofs of claim); accord *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990) (court may notice the contents of documents filed in the debtor's own case, though not the truth of the assertions therein); (iii) the claims register of the main case, reflecting the filing of Claim Nos. 1 through 4 (LVNV Funding; Jefferson Capital Systems (two claims); Ashley Funding Services) in January 2022, the absence of any objection to them, and Claim No. 7 (National Grid), deemed timely filed by order entered December 18, 2023; claims so filed are "deemed allowed" absent objection, 11 U.S.C. § 502(a) -- while the historical facts of those creditors' claims at the transfer date are supplied not by notice but by the admitted allegation at Compl. ¶ 171; and (iv) this Court's prior orders, including the order disallowing and expunging Holdings' Claim No. 5 (Bankr. ECF No. 48, signed August

19, 2022), the order directing recording of the rescission notice (Bankr. ECF No. 45), and the order granting conditional stay relief upon adequate-protection payments of $5,350 per month (Bankr. ECF No. 89, September 8, 2026).

G. The July 1, 2026 decision (Adv. ECF No. 185) does not bar this motion. Under the *Frow* principle as the Second Circuit recently applied it, a default judgment may not create an "incongruity" with a judgment on the merits: where defendants are "similarly situated" or hold "closely related defenses," a claim resolved in favor of litigating defendants should not produce a contrary default judgment against a defaulting one, and the court must take into account the evidentiary record underlying its rulings for the non-defaulting defendants. *Moore v. Booth*, 122 F.4th 61, 63, 67-70 (2d Cir. 2024) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). The Plaintiff therefore addresses ECF No. 185 directly rather than by silence -- and the sequence here is the mirror image of *Moore*'s concern: the litigating defendants' motions have already been decided, so the Court can measure this motion against that completed record and confirm that no shared ground exists. First, the claims on which this motion seeks judgment do not run against the lender parties and were not adjudicated in their favor: HETPA claims lie against the equity purchaser and its representatives; the constructive-trust claim lies against the promisors; the avoidance claims lie against the transferee and its beneficiaries. The Court's earlier dismissal decision "didn't address claims against Woodburn, Bonaparte or Holdings," Tr. 16:10-12, and ECF No. 185 decided the claims against the lender and servicer parties on grounds particular to them -- their status, their notice, and the admissibility failures of the Plaintiff's summary-judgment submissions, Tr. 25:17-26:2. Those grounds are defendant-specific, not common. Second, to the extent the decision's discussion of fraud in the factum (ECF No. 185 at 12-14) reflects a view of the conveyance itself, the Plaintiff acknowledges it and responds in two

ways: the First Cause of Action is pressed in the alternative only, with the governing distinction stated in the chart below; and the primary routes to title -- § 265-a(9) rescission, constructive trust, quiet title, and avoidance -- do not require a finding that the deed was void ab initio. They operate on the conveyance and on Holdings' interest under it, setting the transfer aside and revesting title as against the wrongdoers, expressly subject to whatever lender interests the Court's orders preserve -- a form of relief consistent with, not contradictory to, ECF No. 185. Third, the decision's observations concerning the recording and service of the rescission notice (ECF No. 185 at 21-24) are addressed in the Second Cause chart: the Plaintiff proceeds under § 265-a(9), and "[s]tatutory rescission pursuant to Real Property Law § 265-a(8) is not a condition precedent to the commencement of an action pursuant to Real Property Law § 265-a(9)" -- the subdivisions "provide separate remedies," and HETPA, a remedial statute, is "liberally construed in favor of equity sellers," *Lucia v. Goldman*, 68 A.D.3d 1064, 1066 (2d Dep't 2009). Finally, the Plaintiff's motion to reconsider ECF No. 185 (Adv. ECF No. 186) remains *sub judice*; nothing in this motion depends on its outcome.

## II. THE WELL-PLEADED ALLEGATIONS OF THE COMPLAINT ESTABLISH EACH ELEMENT OF EACH CLAIM

On default, the Court accepts as true all well-pleaded factual allegations of the Complaint except as to damages -- "a party's default is deemed to constitute a concession of all well pleaded allegations of liability," *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) -- but the accepted allegations must themselves establish liability as a matter of law, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009), for a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law," and "[t]here must be a sufficient basis in the pleadings for the judgment entered," *Nishimatsu Constr. Co. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); see Tr. 20:9-21:12. The Court may consider documents attached to, integral to, or incorporated by reference in the Complaint, together with matters of judicial notice, Tr. 22:5-14; see *Johannes Baumgartner*, 969 F. Supp. 2d at 287 (allegations in exhibits "attached to or referenced in" the complaint are deemed admitted on default); Part I.F, supra. The Complaint incorporates its Exhibits A through N. Compl. ¶ 46 ("All exhibits attached hereto are incorporated by reference."); id. n.1. Those exhibits were filed, in redacted form pursuant to this Court's order (Adv. ECF No. 32), at Adv. ECF No. 34 (Dec. 28, 2022): Ex. A (ECF No. 34-1, Bonaparte criminal records and related action); Ex. B (34-2, the $5,000 checks); Ex. C (34-3, the September 21, 2018 Mester retainer); Ex. D (34-4, the January 1, 2020 Use and Occupancy Contract with payment receipts); Ex. E (34-5, the driveway/tow notices); Ex. F (34-6, the April 10, 2020 cancellation); Ex. G (34-7, the eviction letter and 10-day notices to quit); Ex. H (34-8, the Queens Supreme Court complaint, Index 717483/2020); Ex. I (34-9, the Housing Court harassment petition and Interim Order, HP Index 763/20); Ex. J (34-10, the loan application); Ex. K (34-11, the March 30, 2020 amendment); Ex. L (34-12, the termination and notice to quit); Ex. M (34-13, the HUD-1 and the $337,500 wire to Ocwen); and Ex. N (34-14, the Affidavit of Arm's Length Transaction). The chart the Court directed follows.

The closing economics, as pleaded and admitted. Exhibit M -- the HUD-1 settlement statement the Complaint pleads and incorporates at ¶ 59 -- is within the Complaint's four corners. It reports a contract price of $375,000 for a home the Complaint alleges was worth at least $725,000 to $850,000 (¶¶ 44, 47, 51, 172); a payoff of $337,500 to the prior lender; seller settlement charges of $37,500; and, at line 603, net cash to the seller of $0.00 -- as ¶ 59 pleads, the "HUD statement reflects no payment to the plaintiff." The Plaintiff does not contend that the mortgage payoff conferred no economic benefit; the pleaded and now-admitted point is different:

the consideration was grossly inadequate against the pleaded value; the seller was charged $37,500 on the taking of her own home; and the Complaint identifies, and default admits, the closing allocations ¶ 59 enumerates -- $15,000 to "Garrison [Gersson] Construction"; $25,000 to Khermit Enterprises, with additional settlement charges of $7,425 attributed to the same entity, and "[u]pon information and belief Khermit enterprise is a company owned and operated by Maxine," ¶ 59; $5,000 to Donaldson & Chilliest LLP, the firm whose lawyer registered the deed "on behalf of the defendants," ¶ 52; and $22,500 to Madison Construction and Development -- figures that "make[] sense only to the Defendants," ¶ 59. Buyer-side allocations and seller-side charges are distinct entries and are not aggregated as a single loss; the pleaded point is who the payees were and that the seller received nothing, within a transaction whose "friendly," conditioned-reconveyance structure the defendants' own filings confirm (Part I.C-0). This is the enrichment the Complaint pleads: the participants acted "to have loot monies distributed among each other," ¶ 148(g); diverted "the title of the Home and profits to themselves," ¶ 15; and "unjustly retained a benefit to Ms. Stephens detriment," ¶ 154.

**FIRST CAUSE OF ACTION (in the alternative) -- Cancellation of Deed (Fraud in Factum) (Compl. ¶¶ 64-69)**

> Standard: a deed is void, not merely voidable, where the signer was misled as to the essential nature of the instrument itself and signed without knowledge or reasonable opportunity to learn its character. See *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 31-32 (2d Cir. 1997). The Plaintiff acknowledges the Court's discussion at Adv. ECF No. 185 at 12-14 and therefore presses this count in the alternative only, on the admitted allegations: ¶ 28 (papers "slid" across the table at a closing she was told was "to save her house"; signature placement pointed out; "Mester did not explain the contents of the papers"; no copies given); ¶ 30 (documents prepared and misrepresented; no independent counsel); ¶¶ 24-25 (transaction represented as a temporary title-parking arrangement with retransfer "once the property is saved from foreclosure"); ¶ 63. Whether these admitted facts establish deception as to the instrument's essential nature, or instead inducement, is a question of law the Court may resolve either way without affecting the remaining counts. Relief pleaded: First COA WHEREFORE (a).

**SECOND CAUSE OF ACTION -- HETPA, RPL § 265-a: Rescission and Statutory Relief (Compl. ¶¶ 70-84)**

Route: this is a civil action under § 265-a(9), in which the Court may award equitable relief; compliance with the subdivision (8) statutory-rescission mechanism "is not a condition precedent to the commencement of an action pursuant to Real Property Law § 265-a(9)," which provides a "separate remed[y]," and the statute is remedial, "liberally construed in favor of equity sellers." *Lucia v. Goldman*, 68 A.D.3d 1064, 1066 (2d Dep't 2009). The Court's observations at Adv. ECF No. 185 at 21-24 concerning the recording and service of the subdivision (8) notice therefore do not control this count against these defendants.

Element 1 -- Plaintiff is an "equity seller": ¶ 72; ¶¶ 1, 4, 20-21 (owner-occupant since 2006).

Element 2 -- The property was a "residence in foreclosure": ¶ 75; ¶ 22.

Element 3 -- Holdings is an "equity purchaser," and Bonaparte and Woodburn its representatives: ¶¶ 73-74; ¶¶ 5-7, 14(a)-(d), 47-48 (single-purpose entity incorporated June 20, 2018, named for the property's street number).

Element 4 -- A covered contract violating § 265-a: ¶¶ 76-78; ¶ 79(b) (required terms absent); ¶ 79(c)-(d) (no notice of cancellation; no copy provided); ¶ 80(a) (deed taken and recorded before the cancellation period ran); ¶ 81(a) (no verification of reasonable ability to reconvey); ¶ 81(b) (repurchase/lease terms unfair and commercially unreasonable -- ¶¶ 33, 55, Exs. D, K: "licensee only and not as Tenant"; buyback period cut to one year).

Element 5 -- Injury: ¶ 83; ¶¶ 44-45, 47, 59 (home of pleaded value at least $725,000-$850,000 conveyed against a $337,500 payoff, nothing to the Plaintiff -- Exs. H, M).

Relief pleaded: ¶ 82 and WHEREFORE (a)-(b). The defendants' own submissions confirm the covered reconveyance arrangement. Part I.C-0, C-2.

**THIRD CAUSE OF ACTION -- Quiet Title (Compl. ¶¶ 85-90)**

Elements -- plaintiff's interest; defendants' adverse claim; invalidity of that claim: ¶¶ 1, 4, 121 (ownership since 2006), ¶¶ 20, 197 (continuous possession); ¶¶ 37, 52, 59, 90 (adverse claim through the March 27, 2019 deed); invalidity as established by the Second, Thirteenth-Sixteenth Causes (the deed's setting aside under HETPA, constructive trust, and avoidance -- not merely prior ownership). Relief pleaded: Third COA WHEREFORE (a). The interest to be restored is the fee interest now of record in Holdings, subject to the preserved lender interests (Part I.G).

**TENTH CAUSE OF ACTION -- RPAPL Article 15 (Compl. ¶¶ 119-124)**

Elements as pleaded: ¶ 121 (ownership); ¶¶ 122-123 (defendants' claims through the challenged deed); ¶ 124(c)-(d) (demand that the deed and defendants' interests be adjudged void as against the Plaintiff). This count rises with the substantive counts above and below; it supplies the statutory vehicle for a recordable title judgment.

**THIRTEENTH CAUSE OF ACTION -- Unjust Enrichment (Compl. ¶¶ 153-155)**

Standard: enrichment of defendant, at plaintiff's expense, such that equity and good conscience require restitution. *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516

(2012).

Element 1 -- Enrichment, per defendant: Holdings took title to a home of pleaded value at least $725,000-$850,000 for the $337,500 payoff (¶¶ 45, 47); Bonaparte -- the ¶ 59 allocations to Khermit Enterprises ($25,000 plus $7,425), pleaded as her company, and the $10,000 in checks she took and directed (¶ 25, Ex. B); Woodburn -- ownership and control of the enriched shell (¶¶ 14, 47-48) and the arrangement's proceeds (¶¶ 15, 148(g)).

Element 2 -- At Plaintiff's expense: ¶¶ 45, 59 (no payment to the Plaintiff; Ex. M line 603), ¶ 83.

Element 3 -- Against equity and good conscience: ¶¶ 153-155; ¶¶ 31-41, 61 (post-transfer campaign of rent demands, lock changes, eviction attempts, utility shut-offs). No enforceable contract governs the same subject matter as between the Plaintiff and these defendants; the instruments they rely on are the very covered contract HETPA condemns (¶¶ 76-81). Relief: restitutionary -- supporting the constructive trust and title relief, not an independent deed cancellation.

**FOURTEENTH CAUSE OF ACTION -- Constructive Trust (Compl. ¶¶ 156-167)**

Standard: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976). An express promise is unnecessary: "a promise may be implied or inferred from the very transaction itself," and the conveyance is read "not literally or irrespective of its setting, but sensibly and broadly with all its human implications." *Id.* at 122-23.

Element 1 -- Relationship of trust: ¶¶ 23-26, 29 (rescuer relationship cultivated by Bonaparte over months; attorney she installed on both sides of the transaction).

Element 2 -- Pre-transfer promise: ¶ 24 (before the conveyance, the representation that title would be "retransferred back to her once the property is saved"); ¶ 28 (Woodburn, at the closing: "I do not need your property. I will give it back to you."); ¶ 25. The promises pleaded precede and accompany the March 27, 2019 transfer; they are not post-hoc.

Element 3 -- Transfer in reliance: ¶¶ 28, 30, 63.

Element 4 -- Unjust enrichment/retention: ¶¶ 47, 59, 153-155; retention confirmed by the defendants' own account of withholding reconveyance on their conditions (Part I.C-0).

Relief pleaded: ¶ 167. The decree sought is a constructive trust over Holdings' record interest and its conveyance to the Plaintiff -- relief that operates on the defendants' interest and does not require declaring the deed void from inception; the Court retains full equitable authority to condition the decree on such accounting of payoff amounts, taxes, or documented expenditures as it deems just. Rule 55(b)(2)(C).

**FIFTEENTH CAUSE OF ACTION (A) -- Constructive Fraudulent Conveyance, former DCL § 273, through 11 U.S.C. §§ 544(b) and 522(h) (Compl. ¶¶ 168-177)**

Element 1 -- Transfer of the Debtor's property: ¶¶ 52, 59, 90 (March 27, 2019 deed to Holdings, recorded July 2019).

Element 2 -- Without fair consideration: fair consideration accounts for the mortgage

payoff; the pleaded disparity remains gross -- value at least $725,000-$850,000 (¶¶ 44, 47, 51, Ex. J) against satisfaction of $337,500 of debt, with $37,500 charged to the seller and nothing paid to her, ¶ 175 ("without fair consideration, rather there was no consideration and Debtor was made to pay monies for this transfer of her own property"), ¶ 59; and good faith, an element of fair consideration under the former statute, is negated by the admitted self-dealing (¶¶ 59-60, Ex. N).

Element 3 -- Insolvency or rendered insolvent: ¶ 176; ¶¶ 21-22 (the home was substantially her only asset; stripped of it, her debts exceeded her assets).

Element 4 -- Triggering creditor: ¶ 171 (LVNV Funding, Jefferson Capital Systems, Ashley Funding Services, and National Grid "had the right to payment... at time of filing of petition and as well as on the date of the transfer") -- an allegation of historical fact, admitted by default; corroborated by the claims register, of which notice is requested (Part I.F(iii)).

Element 5 -- Standing: ¶¶ 168-170 (§ 544(b)); ¶¶ 189-208 (§ 522(h), addressed at (C)).

Relief pleaded: ¶ 177.

**FIFTEENTH CAUSE OF ACTION (B) -- former DCL § 275 (Compl. ¶¶ 178-188)**

Elements 1-2, 4-5 as in (A): ¶¶ 179-183, 184, 182. Element 3 -- the transferor's intent or belief that she would incur debts beyond her ability to pay as they matured: pleaded through ¶¶ 184-187 (the transfer stripped equity exceeding $500,000 and left her unable to pay debts as they matured) together with the admitted circumstances (¶¶ 21-22, 59). The Plaintiff acknowledges this count is an alternative ground; complete relief lies under (A).

**FIFTEENTH CAUSE OF ACTION (C) -- § 522(h) Avoidance as to the Exempt Homestead (Compl. ¶¶ 189-208)**

The statutory conditions, separately: (1) the trustee has not attempted to avoid the transfer -- the dockets, of which notice is requested, reflect no trustee avoidance action; (2) an enumerated avoidance power applies -- § 544(b), as charted at (A); (3) the transfer was involuntary within the meaning of § 522(g)(1) -- procured by the deception pleaded at ¶¶ 24-30, 63, not by the Debtor's free and informed act -- and was not concealed by the Debtor, ¶ 196 (interest disclosed in her filings), ¶ 197 (open, continuous possession); and (4) the property is exemptible homestead, ¶¶ 190-197. Recovery under this route is for the Debtor's benefit to the extent of the exemption, 11 U.S.C. § 522(i)(1), and the title relief requested is consistent with that scheme.

**SIXTEENTH CAUSE OF ACTION -- Recovery under 11 U.S.C. § 550(a) (Compl. ¶¶ 209-212)**

Section 550 supplies recovery once avoidance is established under the counts above; it is not an independent basis. Holdings is the initial transferee -- the deed's grantee, ¶¶ 52, 209-212. Bonaparte and Woodburn are "entit[ies] for whose benefit such transfer was made," § 550(a)(1), on the admitted allegations of their ownership and use of the shell (¶¶ 14, 47-48) and the ¶ 59 allocations to their circle. The recovery sought is the property itself -- revesting -- not a money judgment; for recovery inuring to the Debtor, see §

522(i)(1).

**TWENTIETH CAUSE OF ACTION -- Permanent Injunction (Compl. ¶¶ 228-232)**

Standard: actual success on the merits; irreparable injury; remedies at law inadequate; balance of hardships favoring plaintiff; and no disservice to the public interest. Cf. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Merits: the counts above. Irreparable injury and inadequacy: ¶¶ 34-41, 61-62 (lock changes, boiler and utility shut-offs, tow notices, serial eviction attempts against her home -- unique property; and see Ex. I, the Housing Court's Interim Order in the harassment proceeding, HP Index 763/20). Hardship balance: the Defaulting Defendants hold through a transaction the admitted allegations condemn; they identify no legitimate use of the Premises. Public interest: HETPA is a remedial statute protecting homeowners in foreclosure. Scope (Fed. R. Civ. P. 65(d)): the injunction requested is defined -- restraining (i) transferring, encumbering, or hypothecating the Premises or any interest in it; (ii) commencing or prosecuting any eviction or possessory proceeding against the Plaintiff or her family respecting the Premises; and (iii) entering upon the Premises or causing interruption of its occupants' utility services.

## III. RULE 55(b)(2)(C) MATTERS

The Plaintiff seeks no quantified monetary award, so no damages inquest is required; and once liability is established on the admitted pleadings, a defaulted party may not use any later proceeding to relitigate it. *Greyhound*, 973 F.2d at 159. The Plaintiff does not contend that the absence of a money demand limits the Court's authority under Rule 55(b)(2) to require evidence, conduct hearings, or order an accounting on any matter -- including the conditions, credits, or payoff amounts bearing on the equitable decree -- and she stands ready to supply whatever the Court directs. Should the Court wish provability comfort now, it may look to matters already of record: the Court's own orders (Part I.F(iv)); and the Defaulting Defendants' own submissions at Adv. ECF No. 201 -- Ms. Bonaparte's narrative ("friendly transaction"; she "worked on keeping the promise"), Mr. Woodburn's notarized affidavit (his ownership of Holdings; the conditioned repurchase arrangement), the prior lender's approval ($337,500 discounted payoff; "assistance payment to the borrower of $0.00"), the defendants' own $765,000 term sheet, and their October 31, 2019 contract proposing resale at $650,000 -- each considered against its own maker only.

Fed. R. Evid. 801(d)(2)(A); *Purgess*, 33 F.3d at 144; Part I.C-0, C-2, supra. These materials corroborate; they do not supply the liability charted above.

**IV. THE JUDGMENT REQUESTED**

The Plaintiff requests entry of default judgment against Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc.: (a) rescinding and setting aside the March 27, 2019 deed (recorded July 29, 2019, CRFN 2019000238453) as against the Defaulting Defendants, and divesting 12706 Holdings Inc. of its interest thereunder -- whether by rescission under RPL § 265-a(9), by conveyance in execution of a constructive trust, or by avoidance and recovery under 11 U.S.C. §§ 544(b), 522(h), and 550(a); (b) revesting and quieting fee title to 127-06 177th Street, Jamaica, New York (Block 12527, Lot 93) in the Plaintiff, expressly subject to such rights and liens, if any, of the non-defaulting lender defendants as this Court's orders preserve, and without adjudicating any claim by or against a non-defaulting defendant; (c) directing the City Register to record the judgment; (d) permanently enjoining the Defaulting Defendants as specified in the Twentieth Cause chart above; (e) determining the procedural effect of Adv. ECF No. 201, striking or disregarding it as a responsive pleading while considering the party admissions it contains; and (f) in the alternative as to any claim on which the Court concludes it lacks authority to enter final judgment, issuing proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033(c). No quantified money judgment is sought on this motion, without prejudice to such accounting or conditions as the Court may direct under Rule 55(b)(2)(C). The Plaintiff respectfully requests an expedited determination, as the Court invited, Tr. 28:6-8, given the November 2026 confirmation deadline and the adequate-protection obligations now running (Bankr. ECF No. 89).

Dated: New York, New York

September 14, 2026


*/s/ Karamvir Dahiya*
Karamvir Dahiya, Esq.
DAHIYA LAW OFFICES, LLC
111 John Street, Suite 1860
New York, New York 10038
(212) 766-8000 - karam@dahiya.law
Counsel to the Plaintiff/Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X Case No.: 21-42857-jmm**

**In re:**

**Evis Neverlane Stephens,** **Chapter 13**

**Debtor.**
**-------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,**
**v.** **Adv. Pro. No.: 22-01037-jmm**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc., Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**-------------------------------------------------------X**

## AFFIRMATION OF KARAMVIR DAHIYA IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

Karamvir Dahiya, an attorney admitted to practice before this Court and counsel to the Plaintiff/Debtor, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I submit this affirmation in support of the Plaintiff's renewed motion for default judgment against Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc. (the "Defaulting Defendants"). It addresses only procedure, service, and the provenance of the documents submitted; all liability showings are made from the four corners of the Revised Second Amended Complaint in the accompanying Memorandum of Law, as the Court directed on August 4, 2026.

2. Procedural history. The operative pleading is the Revised Second Amended Complaint, Adv. ECF No. 93, filed February 22, 2024. The Defaulting Defendants, then represented, answered earlier complaints but never answered the operative pleading. Their counsel was relieved by order entered January 7, 2025 (Adv. ECF No. 114); a further notice of appearance docketed July 29, 2025 (Adv. ECF No. 132) was followed by no responsive pleading, opposition, or appearance of any kind, and the individual defendants appeared pro se at the August 4, 2026 hearing. Their defaults were noted on the record at the conferences of November 5, 2024, December 12, 2024, and August 14, 2025 (minute entry as modified August 2, 2026). At the August 14, 2025 conference the Court granted leave to move for default judgment; the Plaintiff so moved on July 13, 2026 (Adv. ECF No. 187), and on August 4, 2026 the Court denied that motion without prejudice, with leave to renew and to seek an expedited hearing, for the reasons stated on the record (transcript at Adv. ECF No. 195).

3. What this renewed motion changes. In accordance with the Court's ruling, the Memorandum of Law submitted herewith identifies, for each cause of action on which judgment is sought, the governing legal standard and the paragraph or paragraphs of the Revised Second Amended Complaint alleging the facts supporting each element, together with the exhibits incorporated by reference in the Complaint (¶ 46 & n.1) as filed on this Court's docket at Adv. ECF No. 34 in redacted form pursuant to the Court's order at Adv. ECF No. 32. It also addresses directly the procedural effect of the Defaulting Defendants' August 27, 2026 filing (Adv. ECF No. 201) and the relationship of this motion to the Court's July 1, 2026 summary judgment decision (Adv. ECF No. 185). No extrinsic material is offered on liability.

4. The exhibit. Annexed hereto as Exhibit 1 is a true copy of the operative pleading and its incorporated exhibits, each cited by docket location: the Revised Second Amended Complaint

as filed (Adv. ECF No. 93), together with the Complaint's Exhibits A through N as filed at Adv. ECF Nos. 34-1 through 34-14, separated by tab pages and preceded by an index. No other evidentiary material is annexed. For any inquiry the Court wishes to make under Rule 55(b)(2)(C), the Court is respectfully referred to the request for judicial notice in the Memorandum of Law (Part I.F) -- including this Court's order at Bankr. ECF No. 45 directing recording of the rescission notice -- and to the Defaulting Defendants' own submissions at Adv. ECF No. 201.

5. Adv. ECF No. 201. On August 27, 2026, Ms. Bonaparte filed a 426-page submission docketed as "Answer to Amended Complaint/Affidavit of Defense." In substance it is not an answer: the principal document is an unsworn narrative of Ms. Bonaparte together with a notarized affidavit of Mr. Woodburn sworn August 25, 2026, signed by the two individuals only, with exhibits. It contains no admissions or denials directed to the Complaint's allegations, no affirmative defenses, and no request for identified relief; no motion to vacate the noted defaults under Rule 55(c) accompanies it; no leave was sought or granted; and nothing in it is submitted by or for 12706 Holdings Inc., the record title-holder, which cannot appear except through counsel. The Memorandum of Law addresses the filing's procedural effect and its content, including the party admissions it contains.

6. **Service**. The Defaulting Defendants will be served with this renewed motion, the notice of hearing, and any order of the Court by United States Postal Service Priority Mail Express, addressed as follows: (a) 12706 Holdings Inc., Attn: Officer or Managing Agent, at its address for service of process on file with the N.Y. Secretary of State, 130-21 140th Street, Jamaica, NY 11436 (DOS ID 5362596), and c/o Antonio Woodburn, 55 West 116th Street, Suite 255, New York, NY 10026, pursuant to Fed. R. Bankr. P. 7004(b)(3), Lezantonio Woodburn, at

130-21 140th Avenue, South Ozone Park, NY 11436 (the address stated in his affidavit within Adv. ECF No. 201), 130-21 140th Street, Jamaica, NY 11436, and 55 West 116th Street, Suite 255, New York, NY 10026; and (c) Maxine Bonaparte, at 253 West 136th Street, New York, NY 10030, and at any address stated by her on the docket. All counsel of record will be served through CM/ECF. Proof of service, with tracking numbers, delivery confirmations, will be filed.

7. **Timing.** The chapter 13 case must reach confirmation by November 2026, and by order entered September 9, 2026 (Bankr. ECF No. 89) the Debtor must now make adequate-protection payments of $5,350 per month while title remains clouded. The motion has been noticed for hearing before the Court on October 13, 2026 at 11:00 a.m., consistent with the expedited treatment the Court invited on August 4, 2026, and the Plaintiff submits herewith a proposed order and judgment rescinding and setting aside the deed as against the Defaulting Defendants and revesting title, expressly subject to such lien rights, if any, of the non-defaulting defendants as the Court's orders preserve.

8. Rule 55(b)(2) status of the Defaulting Defendants. Upon my knowledge of this litigation and my review of the record: defendants Maxine Bonaparte and Lezantonio Woodburn are adult natural persons, neither an infant nor an incompetent person; both personally appeared and addressed the Court at the August 4, 2026 hearing. Neither is in the military service of the United States within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, as shown by the facts set forth in the accompanying Affirmation of Non-Military Service -- including both individuals' personal appearances before this Court on August 4, 2026 and their continuous litigation and business activity in New York City throughout the period of their default. Defendant 12706 Holdings Inc. is a corporation, to which the Act does not apply.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

September 14 2026

*/s/ Karamvir Dahiya*
Karamvir Dahiya, Esq.
DAHIYA LAW OFFICES, LLC
111 John Street, Suite 1860
New York, New York 10038
(212) 766-8000 - karam@dahiya.law
Counsel to the Plaintiff/Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------X Case No.: 21-42857-jmm**

**In re:**

**Evis Neverlane Stephens,** **Chapter 13**

**Debtor.**
**-----------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,**
**v.** **Adv. Pro. No.: 22-01037-jmm**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc., Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**-----------------------------------------------------------X**

**AFFIRMATION OF NON-MILITARY SERVICE PURSUANT TO THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3931**

Karamvir Dahiya, an attorney admitted to practice before this Court and counsel to the Plaintiff/Debtor, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I submit this affirmation pursuant to § 201 of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1), in support of the Plaintiff's renewed motion for default judgment against defendants Maxine Bonaparte and Lezantonio Woodburn, natural persons, and 12706 Holdings Inc. The Act requires an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1)(A). The facts within my knowledge and on the record of this Court, set forth below, establish that neither individual

defendant is in the military service of the United States.

2. Both individual defendants personally appeared before this Court, in the courtroom, at the hearing held August 4, 2026, and Ms. Bonaparte addressed the Court at length; the Court's minute entry for that date records the appearances of "Ms. Bonaparte (Defendant)" and Mr. Woodburn. Ms. Bonaparte likewise moved before this Court pro se on January 23, 2025 (Adv. ECF No. 115), and on August 27, 2026 filed a 426-page submission (Adv. ECF No. 201) that includes her own narrative of her continuous activities in New York and the notarized affidavit of Mr. Woodburn describing his ongoing business affairs, including his ownership and operation of 12706 Holdings Inc. and the management, rental, and attempted disposition of the property at 127-06 177th Street, Jamaica, New York.

3. For years continuously preceding this motion, both individuals have actively litigated concerning that property in the courts of this State and in this Court -- commencing and prosecuting a Queens County Supreme Court action (Index No. 717483/2020), pursuing landlord-tenant and eviction proceedings, filing a proof of claim and a stay-relief motion in the main case, answering two complaints in this adversary proceeding through counsel, and appearing at conferences and hearings -- all from addresses in New York City stated on this Court's docket. Nothing in the record of this case, in the hundreds of pages the defendants themselves have filed, or in my years of dealings with these litigants suggests any military affiliation, deployment, or absence in service; their sustained physical presence and commercial activity in New York City are irreconcilable with active military duty.

4. I do not possess, and the defendants have never disclosed, a date of birth or Social Security number for either individual, and the Department of Defense Manpower Data Center will not certify military status without one of those identifiers. Accordingly, to the extent the

Court deems status not conclusively determined notwithstanding the facts above, this affirmation also serves as the statement contemplated by 50 U.S.C. § 3931(b)(1)(B), and the Court may condition entry of judgment as it deems proper. The facts of record, however, leave no genuine doubt: both defendants have been personally before this Court and continuously litigating here while in default.

5. Upon the same knowledge and record, neither Maxine Bonaparte nor Lezantonio Woodburn is an infant or an incompetent person within the meaning of Fed. R. Civ. P. 55(b)(2); both are adults who have appeared, filed papers, and spoken for themselves before this Court.

6. Defendant 12706 Holdings Inc. is a corporation organized under the laws of the State of New York; the Servicemembers Civil Relief Act protects natural persons in military service and has no application to it.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 14, 2026

*/s/ Karamvir Dahiya*

Karamvir Dahiya, Esq.
DAHIYA LAW OFFICES, LLC
111 John Street, Suite 1860
New York, New York 10038
(212) 766-8000 - karam@dahiya.law
Counsel to the Plaintiff/Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X Case No.: 21-42857-jmm**

**In re:**

**Evis Neverlane Stephens,** **Chapter 13**

**Debtor.**
**-------------------------------------------------------X**
**Evis Neverlane Stephens,**

**Plaintiff,**
**v.** **Adv. Pro. No.: 22-01037-jmm**

**Maxine Bonaparte,**
**Lezantonio Woodburn,**
**12706 Holdings Inc., Charles L Mester, Esq.,**
**Planet Management Group, LLC,**
**Planet Home Lending LLC dba Planet Home Servicing,**
**Wilmington Savings Fund Society, FSB (WSF),**
**Verus Securitization Trust 2020-NPL1,**

**Defendants.**
**-------------------------------------------------------X**

**ORDER AND DEFAULT JUDGMENT AGAINST DEFENDANTS MAXINE BONAPARTE, LEZANTONIO WOODBURN, AND 12706 HOLDINGS INC.**

Upon the renewed motion of the Plaintiff, Evis Neverlane Stephens, for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), made applicable by Fed. R. Bankr. P. 7055, against defendants Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc. (the "Defaulting Defendants"); and upon the Notice of Motion, the Memorandum of Law, and the Affirmation of Karamvir Dahiya, Esq., with the exhibits thereto; and upon the Revised Second Amended Complaint (Adv. ECF No. 93, the "Complaint") and the exhibits incorporated therein by reference and filed at Adv. ECF No. 34; and the Court having noted the Defaulting Defendants' defaults on the record, including at the conferences of November 5, 2024, December

12, 2024, and August 14, 2025; and the Defaulting Defendants having failed to answer the operative Complaint or to move to vacate their defaults under Fed. R. Civ. P. 55(c); and 12706 Holdings Inc., the record title-holder, being without counsel and unable to appear except through counsel; and due and sufficient notice of the motion and the hearing having been given; and the Court having accepted as true the well-pleaded factual allegations of the Complaint and having determined, for the reasons stated on the record and in the Memorandum of Law, that those allegations establish each element of the First, Second, Third, Tenth, Thirteenth, Fourteenth, Fifteenth (A, B, and C), Sixteenth, and Twentieth Causes of Action against the Defaulting Defendants; and the Court having found that the defaults were willful, that no meritorious defense has been presented, and that the Plaintiff is prejudiced by further delay; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The renewed motion is GRANTED as against Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc. on the First, Second, Third, Tenth, Thirteenth, Fourteenth, Fifteenth (A, B, and C), Sixteenth, and Twentieth Causes of Action of the Complaint.

2. The deed dated March 27, 2019, and recorded on July 29, 2019 in the Office of the City Register of the City of New York under CRFN 2019000238453, purporting to convey the premises known as 127-06 177th Street, Jamaica, New York 11434 (Block 12527, Lot 93, County of Queens) (the "Premises") from Evis Neverlane Stephens to 12706 Holdings Inc., is RESCINDED, AVOIDED, and SET ASIDE as against the Defaulting Defendants, and the interest of 12706 Holdings Inc. thereunder is DIVESTED and conveyed to the Plaintiff, pursuant to N.Y. Real Property Law § 265-a(9), the law of constructive trust, N.Y. RPAPL Article 15, former N.Y. Debtor and Creditor Law §§ 273 and 275, and 11 U.S.C. §§ 544(b), 522(h), and

550(a).

3. Fee simple title to the Premises is REVESTED and QUIETED in Evis Neverlane Stephens; provided, however, that this Judgment is without prejudice to, and title revests expressly subject to, such rights, liens, and interests, if any, of the non-defaulting defendants (Planet Management Group, LLC; Planet Home Lending LLC dba Planet Home Servicing; Wilmington Savings Fund Society, FSB; and Verus Securitization Trust 2020-NPL1) as exist under this Court's orders and decisions, and nothing herein adjudicates any claim by or against the non-defaulting defendants.

4. The Office of the City Register of the City of New York is directed to accept and record a certified copy of this Order and Judgment and to index the same against Block 12527, Lot 93, County of Queens, upon presentation and payment of statutory fees.

5. Maxine Bonaparte, Lezantonio Woodburn, and 12706 Holdings Inc., and their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order (Fed. R. Civ. P. 65(d)(2)), are PERMANENTLY ENJOINED from: (i) transferring, encumbering, or hypothecating the Premises or any interest therein; (ii) commencing or prosecuting any eviction or possessory proceeding against the Plaintiff or her family members with respect to the Premises; and (iii) entering upon the Premises or causing any interruption of the utility services of its occupants.

6. The document filed at Adv. ECF No. 201, and any other answer or responsive pleading filed by a Defaulting Defendant after the noting of default and without leave of this Court, is STRICKEN as a responsive pleading and shall be given no effect as an answer, as opposition to the motion, or as an application under Fed. R. Civ. P. 55(c); provided that nothing herein limits the Court's consideration of the sworn statements and admissions contained therein as statements

of the parties who made them.

7. No money damages are awarded against the Defaulting Defendants on this motion, without prejudice to the Plaintiff's remaining claims and pending motions, all of which are expressly preserved.

8. To the extent any relief granted herein is determined to rest on a non-core claim as to which a Defaulting Defendant has not consented to entry of final judgment by this Court, this Order and Judgment shall constitute, to that extent, the Court's proposed findings of fact and conclusions of law submitted to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(c)(1).

9. This Court retains jurisdiction to enforce and implement this Order and Judgment, including entry of any supplemental order necessary to effectuate the recording and revesting directed herein.

Dated: Brooklyn, New York
_______________, 2026

___________________________
Judge